EXHIBIT 31

**By** Senator Collins

14-01842F-23                                                          2023264__

1              A bill to be entitled
2         An act relating to interests of foreign countries;
3         creating s. 287.138, F.S.; defining terms; prohibiting
4         governmental entities from knowingly entering into
5         certain contracts; prohibiting governmental entities
6         from taking specified actions after a specified date
7         relating to contracts that give certain access to
8         personal identifying information; providing an
9         exception; authorizing the Attorney General to bring a
10        civil action; providing penalties; requiring penalties
11        to be deposited into the General Revenue Fund;
12        requiring the Department of Management Services to
13        adopt rules; creating s. 288.007, F.S.; defining
14        terms; prohibiting governmental entities from
15        knowingly entering into certain contracts; requiring
16        government entities to require an affidavit from
17        applicants before providing any economic incentive;
18        requiring the Department of Economic Opportunity to
19        adopt rules; providing a directive to the Division of
20        Law Revision to create part III of ch. 692, F.S., to
21        be entitled "Conveyances to Foreign Entities";
22        creating s. 692.201, F.S.; defining terms; creating
23        ss. 692.202 and 692.203, F.S.; prohibiting foreign
24        principals from purchasing agricultural land, or
25        interest in such land, and certain real property in
26        the state, respectively; authorizing foreign
27        principals to continue to own or hold such land or
28        property under certain circumstances; requiring
29        certain foreign principals that own or acquire such

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                              2023264__

30          land or real property to register with a specified
31          department; requiring the Department of Agriculture
32          and Consumer Services and the Department of Economic
33          Opportunity, respectively, to establish a form for
34          such registration; providing civil penalties;
35          authorizing the Department of Agriculture and Consumer
36          Services and the Department of Economic Opportunity to
37          place a lien against unregistered agricultural land or
38          real property, respectively; requiring certain foreign
39          principals to sell, transfer, or otherwise divest
40          themselves of certain agricultural land or real
41          property within a specified timeframe; requiring
42          buyers of such land or property to provide a signed
43          affidavit; specifying that the failure to maintain or
44          obtain the affidavit does not affect the title or
45          insurability of the title for the agricultural land or
46          real property, respectively; authorizing the Florida
47          Real Estate Commission to adopt rules; authorizing
48          certain agricultural land or real property to be
49          forfeited to the state; authorizing the Department of
50          Agriculture and Consumer Services and the Department
51          of Economic Opportunity to initiate civil actions for
52          forfeiture of the interest in agricultural land or
53          real property, respectively; requiring such actions to
54          be filed in a certain circuit court; requiring clerks
55          to record a lis pendens; requiring courts to advance
56          the cause on the calendar; authorizing defendants to
57          petition to modify or discharge the lis pendens;
58          requiring the court to enter a specified final

**CODING:** Words stricken are deletions; words underlined are additions.

14-01842F-23                                               2023264__

59        judgment under certain circumstances; authorizing the
60        Department of Agriculture and Consumer Services and
61        the Department of Economic Opportunity, respectively,
62        to sell the agricultural land or real property;
63        providing requirements for the proceeds from such
64        sale; authorizing the Department of Agriculture and
65        Consumer Services and the Department of Economic
66        Opportunity, respectively, to seek a specified ex
67        parte order; providing criminal penalties; requiring
68        the Department of Agriculture and Consumer Services
69        and the Department of Economic Opportunity,
70        respectively, to adopt rules; creating s. 692.204,
71        F.S.; prohibiting the People's Republic of China, the
72        Chinese Communist Party, any other political party or
73        member of a political party in the People's Republic
74        of China, and certain persons and entities from
75        purchasing or acquiring real property in the state;
76        providing an exception; authorizing such persons and
77        entities to continue to own or hold such real property
78        under certain circumstances; requiring certain persons
79        or entities that own or acquire real property in the
80        state to register with the Department of Economic
81        Opportunity by a specified date; requiring the
82        Department of Economic Opportunity to establish a form
83        for such registration; providing civil penalties;
84        authorizing the Department of Economic Opportunity to
85        place a lien against unregistered real property;
86        requiring certain persons and entities to sell,
87        transfer, or otherwise divest themselves of certain

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                                2023264__

88        real property within a specified timeframe; requiring
89        buyers of real property to provide a signed affidavit;
90        specifying that the failure to maintain or obtain the
91        affidavit does not affect the title or insurability of
92        the title for the real property; authorizing the
93        commission to adopt rules; authorizing certain real
94        property to be forfeited to the state; authorizing the
95        Department of Economic Opportunity to initiate civil
96        actions for forfeiture of the interest in real
97        property; requiring such actions to be filed in a
98        certain circuit court; requiring clerks to record a
99        lis pendens; requiring courts to advance the cause on
100       the calendar; authorizing defendants to petition to
101       modify or discharge the lis pendens; requiring the
102       court to enter a specified final judgment under
103       certain circumstances; authorizing the Department of
104       Economic Opportunity to sell the real property;
105       providing requirements for the proceeds from such
106       sale; authorizing the Department of Economic
107       Opportunity to seek a specified ex parte order;
108       providing criminal penalties; requiring the Department
109       of Economic Opportunity to adopt rules; amending s.
110       408.051, F.S.; defining the terms "cloud computing"
111       and "health care provider"; requiring that certain
112       information held by health care providers that utilize
113       certified electronic health record technology be
114       maintained in the continental United States; providing
115       applicability; amending s. 408.810, F.S.; requiring a
116       licensee to sign a specified affidavit upon initial

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                          2023264__

117          application for a license and any renewal

118          applications; authorizing disciplinary action by the

119          Agency for Health Care Administration; prohibiting a

120          person or entity that possesses a controlling interest

121          from holding an interest in certain entities;

122          providing definitions; amending s. 836.05, F.S.;

123          providing enhanced criminal penalties for threatening

124          a person while acting as a foreign agent with the

125          intent of benefiting a foreign country of concern;

126          providing an effective date.

127

128    Be It Enacted by the Legislature of the State of Florida:

129

130          Section 1. Section 287.138, Florida Statutes, is created to

131    read:

132          287.138 Contracting with entities of foreign countries of

133    concern prohibited.—

134          (1) As used in this section, the term:

135          (a) "Controlling interest" means possession of the power to

136    direct or cause the direction of the management or policies of a

137    company, whether through ownership of securities, by contract,

138    or otherwise. A person or entity that directly or indirectly has

139    the right to vote 25 percent or more of the voting interests of

140    the company or is entitled to 25 percent or more of its profits

141    is presumed to possess a controlling interest.

142          (b) "Department" means the Department of Management

143    Services.

144          (c) "Foreign country of concern" means the People's

145    Republic of China, the Russian Federation, the Islamic Republic

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                          2023264__

146 of Iran, the Democratic People's Republic of Korea, the Republic
147 of Cuba, the Venezuelan regime of Nicolás Maduro, or the Syrian
148 Arab Republic, including any agency of or any other entity of
149 significant control of such foreign country of concern.
150     (d) "Governmental entity" means any state, county,
151 district, authority, or municipal officer, department, division,
152 board, bureau, commission, or other separate unit of government
153 created or established by law including, but not limited to, the
154 Commission on Ethics, the Public Service Commission, the Office
155 of Public Counsel, and any other public or private agency,
156 person, partnership, corporation, or business entity acting on
157 behalf of any public agency.
158     (2) A governmental entity may not knowingly enter into a
159 contract with an entity which would give access to an
160 individual's personal identifying information if:
161     (a) The entity is owned by the government of a foreign
162 country of concern;
163     (b) The government of a foreign country of concern has a
164 controlling interest in the entity; or
165     (c) The entity is organized under the laws of or has its
166 principal place of business in a foreign country of concern.
167     (3) Beginning July 1, 2025, a governmental entity may not
168 extend or renew a contract with an entity listed in paragraphs
169 (2)(a)-(c) if the contract would give such entity access to an
170 individual's personal identifying information.
171     (4)(a) Beginning January 1, 2024, a governmental entity may
172 not accept a bid on, a proposal for, or a reply to, or enter
173 into, a contract with an entity which would grant the entity
174 access to an individual's personal identifying information

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                                    2023264__

175  unless the entity provides the governmental entity with an
176  affidavit signed by an officer or representative of the entity
177  under penalty of perjury attesting that the entity does not meet
178  any of the criteria in paragraphs (2)(a)-(c).
179      (b) Beginning July 1, 2025, when an entity extends or
180  renews a contract with a governmental entity which would grant
181  the entity access to an individual's personal identifying
182  information, the entity must provide the governmental entity
183  with an affidavit signed by an officer or representative of the
184  entity under penalty of perjury attesting that the entity does
185  not meet any of the criteria in paragraphs (2)(a)-(c).
186      (5) The Attorney General may bring a civil action in any
187  court of competent jurisdiction against an entity that violates
188  this section. Violations of this section may result in:
189      (a) A civil penalty equal to twice the amount of the
190  contract for which the entity submitted a bid or proposal for,
191  replied to, or entered into;
192      (b) Ineligibility to enter into, renew, or extend any
193  contract, including any grant agreements, with any governmental
194  entity for up to 5 years;
195      (c) Ineligibility to receive or renew any license,
196  certification, or credential issued by a governmental entity for
197  up to 5 years; and
198      (d) Placement on the suspended vendor list pursuant to s.
199  287.1351.
200      (6) Any penalties collected under subsection (5) must be
201  deposited into the General Revenue Fund.
202      (7) The department shall adopt rules to implement this
203  section, including rules establishing the form for the affidavit

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                                         2023264__

204 required under subsection (4).

205     Section 2. Section 288.007, Florida Statutes, is created to

206 read:

207     288.007 Economic incentives to foreign countries of concern

208 prohibited.—

209     (1) As used in this section, the term:

210     (a) "Controlled by" means having possession of the power to

211 direct or cause the direction of the management or policies of a

212 company, whether through ownership of securities, by contract,

213 or otherwise. A person or entity that directly or indirectly has

214 the right to vote 25 percent or more of the voting interests of

215 the company or that is entitled to 25 percent or more of its

216 profits is presumed to control the foreign entity.

217     (b) "Economic incentive" means all programs administered

218 by, or for which an applicant for the program must seek

219 certification, approval, or other action by, the department

220 under this chapter, chapter 212, or chapter 220; and all local

221 economic development programs, grants, or financial benefits

222 administered by a political subdivision or an agent thereof.

223     (c) "Foreign country of concern" has the same meaning as in

224 s. 692.201.

225     (d) "Foreign entity" means an entity that is:

226     1. Owned or controlled by the government of a foreign

227 country of concern; or

228     2. A partnership, association, corporation, organization,

229 or other combination of persons organized under the laws of or

230 having its principal place of business in a foreign country of

231 concern.

232     (e) "Government entity" means a state agency, a political

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                                   2023264__

233  subdivision, or any other public or private agency, person,
234  partnership, corporation, or business entity acting on behalf of
235  any public agency.
236      (2) A government entity may not knowingly enter into an
237  agreement or contract for an economic incentive with a foreign
238  entity.
239      (3) Before providing any economic incentive, a government
240  entity must require the recipient or applicant to provide the
241  government entity with an affidavit signed under penalty of
242  perjury attesting that the recipient or applicant is not a
243  foreign entity.
244      (4) The department shall adopt rules to administer this
245  section, including rules establishing the form for the affidavit
246  required under subsection (3).
247      Section 3. The Division of Law Revision is directed to
248  create part III of chapter 692, Florida Statutes, consisting of
249  ss. 692.201, 692.202, 692.203, and 692.204, Florida Statutes, to
250  be entitled "Conveyances to Foreign Entities."
251      Section 4. Section 692.201, Florida Statutes, is created to
252  read:
253      692.201 Definitions.—As used in this part, the term:
254      (1) "Agricultural land" means land classified as
255  agricultural under s. 193.461.
256      (2) "Critical infrastructure facility" means any of the
257  following, if it employs measures such as fences, barriers, or
258  guard posts that are designed to exclude unauthorized persons:
259      (a) A chemical manufacturing facility.
260      (b) A refinery.
261      (c) An electrical power plant as defined in s. 403.031(20),

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                              2023264__

262 including a substation, switching station, electrical control
263 center, or electric transmission or distribution facility.
264     (d) A water intake structure, water treatment facility,
265 wastewater treatment plant, or pump station.
266     (e) A natural gas transmission compressor station.
267     (f) A liquid natural gas terminal or storage facility.
268     (g) A telecommunications central switching office.
269     (h) An inland port or other facility or group of facilities
270 serving as a point of intermodal transfer of freight in a
271 specific area physically separated from a seaport.
272     (i) A gas processing plant, including a plant used in the
273 processing, treatment, or fractionation of natural gas.
274     (j) A seaport as listed in s. 311.09.
275     (k) A spaceport territory as defined in s. 331.303(18).
276     (3) "Foreign country of concern" means the People's
277 Republic of China, the Russian Federation, the Islamic Republic
278 of Iran, the Democratic People's Republic of Korea, the Republic
279 of Cuba, the Venezuelan regime of Nicolás Maduro, or the Syrian
280 Arab Republic, including any agency of or any other entity of
281 significant control of such foreign country of concern.
282     (4) "Foreign principal" means:
283     (a) The government or any official of the government of a
284 foreign country of concern;
285     (b) A political party or member of a political party or any
286 subdivision of a political party in a foreign country of
287 concern;
288     (c) A partnership, association, corporation, organization,
289 or other combination of persons organized under the laws of or
290 having its principal place of business in a foreign country of

**CODING:** Words ~~stricken~~ are deletions; words underlined are additions.

14-01842F-23                                                    2023264__

291  concern; or

292      (d) Any person who is domiciled in a foreign country of
293  concern and is not a citizen of the United States.

294      (5) "Military installation" has the same meaning as in 10
295  U.S.C. s. 2801(c)(4) and includes an armory as defined in s.
296  250.01.

297      (6) "Real property" means land, buildings, fixtures, and
298  all other improvements to land.

299      Section 5. Section 692.202, Florida Statutes, is created to
300  read:

301      692.202 Purchase of agricultural land by foreign principals
302  prohibited.—

303      (1) A foreign principal may not directly or indirectly own
304  or acquire by purchase, grant, devise, or descent agricultural
305  land or any interest in such land in the state. This prohibition
306  does not apply to a foreign principal that acquires agricultural
307  land for a diplomatic purpose that is recognized, acknowledged,
308  or allowed by the Federal Government.

309      (2) A foreign principal that directly or indirectly owns or
310  acquires agricultural land or any interest in such land in the
311  state before July 1, 2023, may continue to own or hold such land
312  or interest, but may not purchase or otherwise acquire by grant,
313  devise, or descent any additional agricultural land or interest
314  in such land in the state.

315      (3)(a) A foreign principal that directly or indirectly owns
316  or acquires agricultural land or any interest in such land in
317  the state before July 1, 2023, must register with the Department
318  of Agriculture and Consumer Services by January 1, 2024. The
319  department must establish a form for such registration, which,

**CODING:** Words ~~stricken~~ are deletions; words underlined are additions.

14-01842F-23                                                      2023264__

320 at minimum, must include all of the following:

321      1. The name of the owner of the agricultural land or the
322 owner of the interest in such land.

323      2. The address of the agricultural land, the property
324 appraiser's parcel identification number, and the property's
325 legal description.

326      3. The number of acres of the agricultural land.

327      (b) A foreign principal that fails to timely file a
328 registration with the department is subject to a civil penalty
329 of $1,000 for each day that the registration is late. The
330 department may place a lien against the unregistered
331 agricultural land for the unpaid balance of any penalties
332 assessed under this paragraph.

333      (4) A foreign principal that acquires agricultural land on
334 or after July 1, 2023, by devise or descent, through the
335 enforcement of security interests, or through the collection of
336 debts must sell, transfer, or otherwise divest itself of the
337 agricultural land within 2 years after acquiring the
338 agricultural land.

339      (5) At the time of purchase, a buyer of agricultural land
340 or an interest in such land must provide an affidavit signed
341 under penalty of perjury attesting to compliance with this
342 section. The failure to obtain or maintain the affidavit does
343 not affect the title or insurability of the title for the
344 agricultural land. The Florida Real Estate Commission shall
345 adopt rules to implement this subsection, including rules
346 establishing the form for the affidavit required under this
347 subsection.

348      (6)(a) The agricultural land or an interest in such land

**CODING:** Words ~~stricken~~ are deletions; words underlined are additions.

14-01842F-23                                                      2023264__

349  that is owned or acquired in violation of this section may be

350  forfeited to the state.

351      (b) The Department of Agriculture and Consumer Services may

352  initiate a civil action in the circuit court of the county in

353  which the property lies for the forfeiture of the agricultural

354  land or any interest therein.

355      (c) Upon filing such action, the clerk must record a lis

356  pendens in accordance with s. 48.23. The court must advance the

357  cause on the calendar. The defendant may at any time petition to

358  modify or discharge the lis pendens based upon a finding that

359  there is no probable cause to believe that the agricultural

360  land, or any portion thereof, is owned or held in violation of

361  this section.

362      (d) If the court finds that the agricultural land, or any

363  portion thereof, is owned or held in violation of this section,

364  the court must enter a final judgment of forfeiture vesting

365  title to the agricultural land in the state, subject only to the

366  rights and interests of bona fide lienholders, and such final

367  judgment relates back to the date of the lis pendens.

368      (e) The department may sell the agricultural land subject

369  to a final judgment of forfeiture. Any proceeds from the sale

370  must first be paid to any lienholders of the land, followed by

371  payment of any outstanding fines assessed pursuant to this

372  section, after which the department must be reimbursed for all

373  costs related to the forfeiture civil action and any costs

374  related to the sale of the land. Any remaining proceeds must be

375  paid to the property owner.

376      (f) At any time during the forfeiture proceeding the

377  department may seek an ex parte order of seizure of the

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                                    2023264__

378  agricultural land upon a showing that the defendant's control of
379  the agricultural land constitutes a clear and present danger to
380  the state.
381       (7) A foreign principal that purchases or acquires
382  agricultural land or any interest therein in violation of this
383  section commits a misdemeanor of the second degree, punishable
384  as provided in s. 775.082 or s. 775.083.
385       (8) A person who knowingly sells agricultural land or any
386  interest therein in violation of this section commits a
387  misdemeanor of the second degree, punishable as provided in s.
388  775.082 or s. 775.083.
389       (9) The Department of Agriculture and Consumer Services
390  shall adopt rules to implement this section.
391       Section 6. Section 692.203, Florida Statutes, is created to
392  read:
393       692.203 Purchase of real property around military
394  installations and critical infrastructure facilities by foreign
395  principals prohibited.—
396       (1) A foreign principal may not directly or indirectly own
397  or acquire by purchase, grant, devise, or descent any interest
398  in real property within 20 miles of any military installation or
399  critical infrastructure facility in the state. This prohibition
400  does not apply to a foreign principal that acquires real
401  property for a diplomatic purpose that is recognized,
402  acknowledged, or allowed by the Federal Government.
403       (2) A foreign principal that directly or indirectly owns or
404  acquires any interest in real property within 20 miles of any
405  military installation or critical infrastructure facility in the
406  state before July 1, 2023, may continue to own or hold such real

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                                  2023264__

property, but may not purchase or otherwise acquire by grant,
devise, or descent any additional real property within 20 miles
of any military installation or critical infrastructure facility
in the state.

     (3)(a) A foreign principal that owns or acquires real
property within 20 miles of any military installation or
critical infrastructure facility in the state before July 1,
2023, must register with the Department of Economic Opportunity
by January 1, 2024. The department must establish a form for
such registration which, at a minimum, must include all of the
following:

     1. The name of the owner of the real property.

     2. The address of the real property, the property
appraiser's parcel identification number, and the property's
legal description.

     (b) A foreign principal that fails to timely file a
registration with the department is subject to a civil penalty
of $1,000 for each day that the registration is late. The
department may place a lien against the unregistered real
property for the unpaid balance of any penalties assessed under
this paragraph.

     (4) A foreign principal that acquires real property or any
interest therein which is within 20 miles of any military
installation or critical infrastructure facility in the state on
or after July 1, 2023, by devise or descent, through the
enforcement of security interests, or through the collection of
debts must sell, transfer, or otherwise divest itself of such
real property within 2 years after acquiring the real property.

     (5) At the time of purchase, a buyer of real property that

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                              2023264__

436 is located within 20 miles of any military installation or
437 critical infrastructure facility in the state must provide an
438 affidavit signed under penalty of perjury attesting to
439 compliance with this section. The failure to obtain or maintain
440 the affidavit does not affect the title or insurability of the
441 title for the real property. The Florida Real Estate Commission
442 shall adopt rules to implement this subsection, including rules
443 establishing the form for the affidavit required under this
444 subsection.
445     (6)(a) If any real property is owned or acquired in
446 violation of this section, the real property may be forfeited to
447 the state.
448     (b) The Department of Economic Opportunity may initiate a
449 civil action in the circuit court of the county in which the
450 property lies for the forfeiture of the real property or any
451 interest therein.
452     (c) Upon filing such action, the clerk must record a lis
453 pendens in accordance with s. 48.23. The court must advance the
454 cause on the calendar. The defendant may at any time petition to
455 modify or discharge the lis pendens based upon a finding that
456 there is no probable cause to believe that the real property, or
457 any portion thereof, is owned or held in violation of this
458 section.
459     (d) If the court finds that the real property, or any
460 portion thereof, is owned or held in violation of this section,
461 the court must enter a final judgment of forfeiture vesting
462 title to the real property in the state, subject only to the
463 rights and interests of bona fide lienholders, and such final
464 judgment relates back to the date of the lis pendens.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                              2023264__

465      (e) The department may sell the real property subject to a
466 final judgment of forfeiture. Any proceeds from the sale must
467 first be paid to any lienholders of the land, followed by
468 payment of any outstanding fines assessed pursuant to this
469 section, after which the department must be reimbursed for all
470 costs related to the forfeiture civil action and any costs
471 related to the sale of the land. Any remaining proceeds must be
472 paid to the property owner.
473      (f) At any time during the forfeiture proceeding the
474 department may seek an ex parte order of seizure of the real
475 property upon a showing that the defendant's control of the real
476 property constitutes a clear and present danger to the state.
477      (7) A foreign principal that purchases or acquires real
478 property or any interest therein in violation of this section
479 commits a misdemeanor of the second degree, punishable as
480 provided in s. 775.082 or s. 775.083.
481      (8) A person who knowingly sells real property or any
482 interest therein in violation of this section commits a
483 misdemeanor of the second degree, punishable as provided in s.
484 775.082 or s. 775.083.
485      (9) The Department of Economic Opportunity shall adopt
486 rules to implement this section.
487      Section 7. Section 692.204, Florida Statutes, is created to
488 read:
489      692.204 Purchase or acquisition of real property by the
490 People's Republic of China prohibited.—
491      (1)(a) The following persons or entities may not directly
492 or indirectly own or acquire by purchase, grant, devise, or
493 descent any interest in real property in the state:

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                                    2023264__

494          1. The People's Republic of China, the Chinese Communist
495     Party, or any official or member of the People's Republic of
496     China or the Chinese Communist Party.
497          2. Any other political party or member of a political party
498     or a subdivision of a political party in the People's Republic
499     of China.
500          3. A partnership, an association, a corporation, an
501     organization, or any other combination of persons organized
502     under the laws of or having its principal place of business in
503     the People's Republic of China.
504          4. Any person who is domiciled in the People's Republic of
505     China and who is not a citizen of the United States.
506          (b) Paragraph (a) does not apply to a person or entity of
507     the People's Republic of China that acquires real property for a
508     diplomatic purpose that is recognized, acknowledged, or allowed
509     by the Federal Government.
510          (2) A person or entity described in paragraph (1)(a) that
511     directly or indirectly owns or acquires any interest in real
512     property in the state before July 1, 2023, may continue to own
513     or hold such real property, but may not purchase or otherwise
514     acquire by grant, devise, or descent any additional real
515     property in the state.
516          (3)(a) A person or entity described in paragraph (1)(a)
517     that owns or acquires real property in the state before July 1,
518     2023, must register with the Department of Economic Opportunity
519     by January 1, 2024. The department must establish a form for
520     such registration which, at a minimum, must include all of the
521     following:
522          1. The name of the owner of the real property.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                                    2023264__

523          2. The address of the real property, the property
524     appraiser's parcel identification number, and the property's
525     legal description.
526          (b) A person or entity that fails to timely file a
527     registration with the department is subject to a civil penalty
528     of $1,000 for each day that the registration is late. The
529     department may place a lien against the unregistered real
530     property for the unpaid balance of any penalties assessed under
531     this paragraph.
532          (4) A person or entity that acquires real property in the
533     state on or after July 1, 2023, by devise or descent, through
534     the enforcement of security interests, or through the collection
535     of debts must sell, transfer, or otherwise divest itself of such
536     real property within 2 years after acquiring the real property
537     unless the person or entity is exempt under paragraph (1)(b).
538          (5) At the time of purchase, a buyer of real property in
539     the state must provide an affidavit signed under penalty of
540     perjury attesting to compliance with this section. The failure
541     to obtain or maintain the affidavit does not affect the title or
542     insurability of the title for the real property. The Florida
543     Real Estate Commission shall adopt rules to implement this
544     subsection, including rules establishing the form for the
545     affidavit required under this subsection.
546          (6)(a) If any real property is owned or acquired in
547     violation of this section, the real property may be forfeited to
548     the state.
549          (b) The Department of Economic Opportunity may initiate a
550     civil action in the circuit court of the county in which the
551     property lies for the forfeiture of the real property or any

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                                    2023264__

552 interest therein.

553     (c) Upon filing such action, the clerk must record a lis

554 pendens in accordance with s. 48.23. The court must advance the

555 cause on the calendar. The defendant may at any time petition to

556 modify or discharge the lis pendens based upon a finding that

557 there is no probable cause to believe that the real property, or

558 any portion thereof, is owned or held in violation of this

559 section.

560     (d) If the court finds that the real property, or any

561 portion thereof, is owned or held in violation of this section,

562 the court must enter a final judgment of forfeiture vesting

563 title to the real property in the state, subject only to the

564 rights and interests of bona fide lienholders, and such final

565 judgment relates back to the date of the lis pendens.

566     (e) The department may sell the real property subject to a

567 final judgment of forfeiture. Any proceeds from the sale must

568 first be paid to any lienholders of the land, followed by

569 payment of any outstanding fines assessed pursuant to this

570 section, after which the department must be reimbursed for all

571 costs related to the forfeiture civil action and any costs

572 related to the sale of the land. Any remaining proceeds must be

573 paid to the property owner.

574     (f) At any time during the forfeiture proceeding the

575 department may seek an ex parte order of seizure of the real

576 property upon a showing that the defendant's control of the real

577 property constitutes a clear and present danger to the state.

578     (7) A violation of this section constitutes a felony of the

579 third degree, punishable as provided in s. 775.082, s. 775.083,

580 or s. 775.084.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                                    2023264__

581        (8) A person who sells real property or any interest
582   therein in violation of this section commits a misdemeanor of
583   the first degree, punishable as provided in s. 775.082 or s.
584   775.083.
585        (9) The Department of Economic Opportunity shall adopt
586   rules to implement this section.
587        Section 8. Present subsections (3), (4), and (5) of section
588   408.051, Florida Statutes, are redesignated as subsections (4),
589   (5), and (6), respectively, a new subsection (3) is added to
590   that section, and subsection (2) of that section is reordered
591   and amended, to read:
592        408.051 Florida Electronic Health Records Exchange Act.—
593        (2) DEFINITIONS.—As used in this section, the term:
594        (a) "Electronic health record" means a record of a person's
595   medical treatment which is created by a licensed health care
596   provider and stored in an interoperable and accessible digital
597   format.
598        (i)(b) "Qualified electronic health record" means an
599   electronic record of health-related information concerning an
600   individual which includes patient demographic and clinical
601   health information, such as medical history and problem lists,
602   and which has the capacity to provide clinical decision support,
603   to support physician order entry, to capture and query
604   information relevant to health care quality, and to exchange
605   electronic health information with, and integrate such
606   information from, other sources.
607        (b)(c) "Certified electronic health record technology"
608   means a qualified electronic health record that is certified
609   pursuant to s. 3001(c)(5) of the Public Health Service Act as

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                                    2023264__

610 meeting standards adopted under s. 3004 of such act which are
611 applicable to the type of record involved, such as an ambulatory
612 electronic health record for office-based physicians or an
613 inpatient hospital electronic health record for hospitals.
614     (c) "Cloud computing" has the same meaning as in s.
615 282.0041.
616     (d) "Health care provider" means any of the following:
617     1. A provider as defined in s. 408.803.
618     2. A health care practitioner as defined in s. 456.001.
619     3. A health care professional certified under part IV of
620 chapter 468.
621     4. A home health aide as defined in s. 400.462.
622     5. A service provider as defined in s. 394.455 and the
623 service provider's clinical and nonclinical staff who provide
624 inpatient or outpatient services.
625     6. A continuing care facility licensed under chapter 651.
626     7. A pharmacy permitted under chapter 465.
627     (e)(d) "Health record" means any information, recorded in
628 any form or medium, which relates to the past, present, or
629 future health of an individual for the primary purpose of
630 providing health care and health-related services.
631     (f)(e) "Identifiable health record" means any health record
632 that identifies the patient or with respect to which there is a
633 reasonable basis to believe the information can be used to
634 identify the patient.
635     (g)(f) "Patient" means an individual who has sought, is
636 seeking, is undergoing, or has undergone care or treatment in a
637 health care facility or by a health care provider.
638     (h)(g) "Patient representative" means a parent of a minor

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                                2023264__

639  patient, a court-appointed guardian for the patient, a health
640  care surrogate, or a person holding a power of attorney or
641  notarized consent appropriately executed by the patient granting
642  permission to a health care facility or health care provider to
643  disclose the patient's health care information to that person.
644  In the case of a deceased patient, the term also means the
645  personal representative of the estate of the deceased patient;
646  the deceased patient's surviving spouse, surviving parent, or
647  surviving adult child; the parent or guardian of a surviving
648  minor child of the deceased patient; the attorney for the
649  patient's surviving spouse, parent, or adult child; or the
650  attorney for the parent or guardian of a surviving minor child.
651      (3) SECURITY AND STORAGE OF PERSONAL MEDICAL INFORMATION.—
652  In addition to the requirements in 45 C.F.R. part 160 and
653  subparts A and C of part 164, a health care provider that
654  utilizes certified electronic health record technology must
655  ensure that all patient information stored in an offsite
656  physical or virtual environment, including through a third-party
657  or subcontracted computing facility or an entity providing cloud
658  computing services, is physically maintained in the continental
659  United States. This subsection applies to all qualified
660  electronic health records that are stored using any technology
661  that can allow information to be electronically retrieved,
662  accessed, or transmitted.
663      Section 9. Subsections (14) and (15) are added to section
664  408.810, Florida Statutes, to read:
665      408.810 Minimum licensure requirements.—In addition to the
666  licensure requirements specified in this part, authorizing
667  statutes, and applicable rules, each applicant and licensee must

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                                    2023264__

668  comply with the requirements of this section in order to obtain
669  and maintain a license.
670       (14) The licensee must sign an affidavit at the time of his
671  or her initial application for a license and on any renewal
672  applications thereafter that attests under penalty of perjury
673  that he or she is in compliance with s. 408.051(3). The licensee
674  must remain in compliance with s. 408.051(3) or the licensee
675  shall be subject to disciplinary action by the agency.
676       (15)(a) The licensee must ensure that a person or entity
677  who possesses a controlling interest does not hold, either
678  directly or indirectly, regardless of ownership structure, an
679  interest in an entity that has a business relationship with a
680  foreign country of concern or that is subject to s. 287.135.
681       (b) For purposes of this subsection, the term:
682       1. "Business relationship" means engaging in commerce in
683  any form, including, but not limited to, acquiring, developing,
684  maintaining, owning, selling, possessing, leasing, or operating
685  equipment, facilities, personnel, products, services, personal
686  property, real property, military equipment, or any other
687  apparatus of business or commerce.
688       2. "Foreign country of concern" has the same meaning as in
689  s. 692.201.
690       3. "Interest" has the same meaning as in s. 286.101(1).
691       Section 10. Section 836.05, Florida Statutes, is amended to
692  read:
693       836.05 Threats; extortion.—
694       (1) Whoever, either verbally or by a written or printed
695  communication, maliciously threatens to accuse another of any
696  crime or offense, or by such communication maliciously threatens

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

14-01842F-23                                                                2023264__

697   an injury to the person, property or reputation of another, or
698   maliciously threatens to expose another to disgrace, or to
699   expose any secret affecting another, or to impute any deformity
700   or lack of chastity to another, with intent thereby to extort
701   money or any pecuniary advantage whatsoever, or with intent to
702   compel the person so threatened, or any other person, to do any
703   act or refrain from doing any act against his or her will,
704   commits ~~shall be guilty of~~ a felony of the second degree,
705   punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
706        (2) A person who commits a violation of subsection (1) and
707   at the time of the violation is acting as a foreign agent, as
708   defined in s. 812.081(1), with the intent of benefiting a
709   foreign country of concern, as defined in s. 692.201, commits a
710   felony of the first degree, punishable as provided in s.
711   775.082, s. 775.083, or s. 775.084.
712        Section 11. This act shall take effect July 1, 2023.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.