

EXHIBIT 37

**By** the Committee on Judiciary; and Senators Collins and Avila

590-02576-23                                              2023264c1

1          A bill to be entitled
2      An act relating to interests of foreign countries;
3      creating s. 287.138, F.S.; defining terms; prohibiting
4      governmental entities from knowingly entering into
5      certain contracts; prohibiting governmental entities
6      from taking specified actions after a specified date
7      relating to contracts that give certain access to
8      personal identifying information; providing an
9      exception; authorizing the Attorney General to bring a
10     civil action; providing penalties; requiring penalties
11     to be deposited into the General Revenue Fund;
12     requiring the Department of Management Services to
13     adopt rules; creating s. 288.007, F.S.; defining
14     terms; prohibiting governmental entities from
15     knowingly entering into certain contracts; requiring
16     government entities to require an affidavit from
17     applicants before providing any economic incentive;
18     requiring the Department of Economic Opportunity to
19     adopt rules; providing a directive to the Division of
20     Law Revision to create part III of ch. 692, F.S., to
21     be entitled "Conveyances to Foreign Entities";
22     creating s. 692.201, F.S.; defining terms; creating
23     ss. 692.202 and 692.203, F.S.; prohibiting foreign
24     principals from purchasing agricultural land, or
25     interest in such land, and certain real property in
26     the state, respectively; authorizing foreign
27     principals to continue to own or hold such land or
28     property under certain circumstances; requiring
29     certain foreign principals that own or acquire such

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                                  2023264c1

30        land or real property to register with a specified

31        department; requiring the Department of Agriculture

32        and Consumer Services and the Department of Economic

33        Opportunity, respectively, to establish a form for

34        such registration; providing civil penalties;

35        authorizing the Department of Agriculture and Consumer

36        Services and the Department of Economic Opportunity to

37        place a lien against unregistered agricultural land or

38        real property, respectively; requiring certain foreign

39        principals to sell, transfer, or otherwise divest

40        themselves of certain agricultural land or real

41        property within a specified timeframe; requiring

42        buyers of such land or property to provide a signed

43        affidavit; specifying that the failure to maintain or

44        obtain the affidavit does not affect the title or

45        insurability of the title for the agricultural land or

46        real property, respectively; authorizing the Florida

47        Real Estate Commission to adopt rules; authorizing

48        certain agricultural land or real property to be

49        forfeited to the state; authorizing the Department of

50        Agriculture and Consumer Services and the Department

51        of Economic Opportunity to initiate civil actions for

52        forfeiture of the interest in agricultural land or

53        real property, respectively; requiring such actions to

54        be filed in a certain circuit court; requiring clerks

55        to record a lis pendens; requiring courts to advance

56        the cause on the calendar; authorizing defendants to

57        petition to modify or discharge the lis pendens;

58        requiring the court to enter a specified final

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                              2023264c1

59  |  judgment under certain circumstances; authorizing the
60  |  Department of Agriculture and Consumer Services and
61  |  the Department of Economic Opportunity, respectively,
62  |  to sell the agricultural land or real property;
63  |  providing requirements for the proceeds from such
64  |  sale; authorizing the Department of Agriculture and
65  |  Consumer Services and the Department of Economic
66  |  Opportunity, respectively, to seek a specified ex
67  |  parte order; providing criminal penalties; requiring
68  |  the Department of Agriculture and Consumer Services
69  |  and the Department of Economic Opportunity,
70  |  respectively, to adopt rules; creating s. 692.204,
71  |  F.S.; prohibiting the People's Republic of China, the
72  |  Chinese Communist Party, any other political party or
73  |  member of a political party in the People's Republic
74  |  of China, and certain persons and entities from
75  |  purchasing or acquiring real property in the state;
76  |  providing an exception; authorizing such persons and
77  |  entities to continue to own or hold such real property
78  |  under certain circumstances; requiring certain persons
79  |  or entities that own or acquire real property in the
80  |  state to register with the Department of Economic
81  |  Opportunity by a specified date; requiring the
82  |  Department of Economic Opportunity to establish a form
83  |  for such registration; providing civil penalties;
84  |  authorizing the Department of Economic Opportunity to
85  |  place a lien against unregistered real property;
86  |  requiring certain persons and entities to sell,
87  |  transfer, or otherwise divest themselves of certain

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                                   2023264c1

88          real property within a specified timeframe; requiring
89          buyers of real property to provide a signed affidavit;
90          specifying that the failure to maintain or obtain the
91          affidavit does not affect the title or insurability of
92          the title for the real property; authorizing the
93          commission to adopt rules; authorizing certain real
94          property to be forfeited to the state; authorizing the
95          Department of Economic Opportunity to initiate civil
96          actions for forfeiture of the interest in real
97          property; requiring such actions to be filed in a
98          certain circuit court; requiring clerks to record a
99          lis pendens; requiring courts to advance the cause on
100         the calendar; authorizing defendants to petition to
101         modify or discharge the lis pendens; requiring the
102         court to enter a specified final judgment under
103         certain circumstances; authorizing the Department of
104         Economic Opportunity to sell the real property;
105         providing requirements for the proceeds from such
106         sale; authorizing the Department of Economic
107         Opportunity to seek a specified ex parte order;
108         providing criminal penalties; requiring the Department
109         of Economic Opportunity to adopt rules; amending s.
110         408.051, F.S.; defining the terms "cloud computing"
111         and "health care provider"; requiring that certain
112         information held by health care providers that utilize
113         certified electronic health record technology be
114         maintained in the continental United States; providing
115         applicability; amending s. 408.810, F.S.; requiring a
116         licensee to sign a specified affidavit upon initial

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                              2023264c1

117        application for a license and any renewal
118        applications; authorizing disciplinary action by the
119        Agency for Health Care Administration; prohibiting a
120        person or entity that possesses a controlling interest
121        from holding an interest in certain entities;
122        providing definitions; amending s. 836.05, F.S.;
123        providing enhanced criminal penalties for threatening
124        a person while acting as a foreign agent with the
125        intent of benefiting a foreign country of concern;
126        providing an effective date.
127
128    Be It Enacted by the Legislature of the State of Florida:
129
130        Section 1. Section 287.138, Florida Statutes, is created to
131    read:
132        287.138 Contracting with entities of foreign countries of
133    concern prohibited.—
134        (1) As used in this section, the term:
135        (a) "Controlling interest" means possession of the power to
136    direct or cause the direction of the management or policies of a
137    company, whether through ownership of securities, by contract,
138    or otherwise. A person or entity that directly or indirectly has
139    the right to vote 25 percent or more of the voting interests of
140    the company or is entitled to 25 percent or more of its profits
141    is presumed to possess a controlling interest.
142        (b) "Department" means the Department of Management
143    Services.
144        (c) "Foreign country of concern" means the People's
145    Republic of China, the Russian Federation, the Islamic Republic

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                          2023264c1

146 of Iran, the Democratic People's Republic of Korea, the Republic

147 of Cuba, the Venezuelan regime of Nicolás Maduro, or the Syrian

148 Arab Republic, including any agency of or any other entity of

149 significant control of such foreign country of concern.

150    (d) "Governmental entity" means any state, county,

151 district, authority, or municipal officer, department, division,

152 board, bureau, commission, or other separate unit of government

153 created or established by law including, but not limited to, the

154 Commission on Ethics, the Public Service Commission, the Office

155 of Public Counsel, and any other public or private agency,

156 person, partnership, corporation, or business entity acting on

157 behalf of any public agency.

158    (2) A governmental entity may not knowingly enter into a

159 contract with an entity which would give access to an

160 individual's personal identifying information if:

161    (a) The entity is owned by the government of a foreign

162 country of concern;

163    (b) The government of a foreign country of concern has a

164 controlling interest in the entity; or

165    (c) The entity is organized under the laws of or has its

166 principal place of business in a foreign country of concern.

167    (3) Beginning July 1, 2025, a governmental entity may not

168 extend or renew a contract with an entity listed in paragraphs

169 (2)(a)-(c) if the contract would give such entity access to an

170 individual's personal identifying information.

171    (4)(a) Beginning January 1, 2024, a governmental entity may

172 not accept a bid on, a proposal for, or a reply to, or enter

173 into, a contract with an entity which would grant the entity

174 access to an individual's personal identifying information

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                          2023264c1

175  unless the entity provides the governmental entity with an

176  affidavit signed by an officer or representative of the entity

177  under penalty of perjury attesting that the entity does not meet

178  any of the criteria in paragraphs (2)(a)-(c).

179      (b) Beginning July 1, 2025, when an entity extends or

180  renews a contract with a governmental entity which would grant

181  the entity access to an individual's personal identifying

182  information, the entity must provide the governmental entity

183  with an affidavit signed by an officer or representative of the

184  entity under penalty of perjury attesting that the entity does

185  not meet any of the criteria in paragraphs (2)(a)-(c).

186      (5) The Attorney General may bring a civil action in any

187  court of competent jurisdiction against an entity that violates

188  this section. Violations of this section may result in:

189      (a) A civil penalty equal to twice the amount of the

190  contract for which the entity submitted a bid or proposal for,

191  replied to, or entered into;

192      (b) Ineligibility to enter into, renew, or extend any

193  contract, including any grant agreements, with any governmental

194  entity for up to 5 years;

195      (c) Ineligibility to receive or renew any license,

196  certification, or credential issued by a governmental entity for

197  up to 5 years; and

198      (d) Placement on the suspended vendor list pursuant to s.

199  287.1351.

200      (6) Any penalties collected under subsection (5) must be

201  deposited into the General Revenue Fund.

202      (7) The department shall adopt rules to implement this

203  section, including rules establishing the form for the affidavit

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                                    2023264c1

204 required under subsection (4).

205      Section 2. Section 288.007, Florida Statutes, is created to

206 read:

207      288.007 Economic incentives to foreign countries of concern

208 prohibited.—

209      (1) As used in this section, the term:

210      (a) "Controlled by" means having possession of the power to

211 direct or cause the direction of the management or policies of a

212 company, whether through ownership of securities, by contract,

213 or otherwise. A person or entity that directly or indirectly has

214 the right to vote 25 percent or more of the voting interests of

215 the company or that is entitled to 25 percent or more of its

216 profits is presumed to control the foreign entity.

217      (b) "Economic incentive" means all programs administered

218 by, or for which an applicant for the program must seek

219 certification, approval, or other action by, the department

220 under this chapter, chapter 212, or chapter 220; and all local

221 economic development programs, grants, or financial benefits

222 administered by a political subdivision or an agent thereof.

223      (c) "Foreign country of concern" has the same meaning as in

224 s. 692.201.

225      (d) "Foreign entity" means an entity that is:

226      1. Owned or controlled by the government of a foreign

227 country of concern; or

228      2. A partnership, association, corporation, organization,

229 or other combination of persons organized under the laws of or

230 having its principal place of business in a foreign country of

231 concern, or a subsidiary of such entity.

232      (e) "Government entity" means a state agency, a political

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                              2023264c1

233  subdivision, or any other public or private agency, person,
234  partnership, corporation, or business entity acting on behalf of
235  any public agency.
236      (2) A government entity may not knowingly enter into an
237  agreement or contract for an economic incentive with a foreign
238  entity.
239      (3) Before providing any economic incentive, a government
240  entity must require the recipient or applicant to provide the
241  government entity with an affidavit signed under penalty of
242  perjury attesting that the recipient or applicant is not a
243  foreign entity.
244      (4) The department shall adopt rules to administer this
245  section, including rules establishing the form for the affidavit
246  required under subsection (3).
247      Section 3. The Division of Law Revision is directed to
248  create part III of chapter 692, Florida Statutes, consisting of
249  ss. 692.201, 692.202, 692.203, and 692.204, Florida Statutes, to
250  be entitled "Conveyances to Foreign Entities."
251      Section 4. Section 692.201, Florida Statutes, is created to
252  read:
253      692.201 Definitions.—As used in this part, the term:
254      (1) "Agricultural land" means land classified as
255  agricultural under s. 193.461.
256      (2) "Critical infrastructure facility" means any of the
257  following, if it employs measures such as fences, barriers, or
258  guard posts that are designed to exclude unauthorized persons:
259      (a) A chemical manufacturing facility.
260      (b) A refinery.
261      (c) An electrical power plant as defined in s. 403.031(20),

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                                      2023264c1

262 including a substation, switching station, electrical control
263 center, or electric transmission or distribution facility.
264     (d) A water intake structure, water treatment facility,
265 wastewater treatment plant, or pump station.
266     (e) A natural gas transmission compressor station.
267     (f) A liquid natural gas terminal or storage facility.
268     (g) A telecommunications central switching office.
269     (h) An inland port or other facility or group of facilities
270 serving as a point of intermodal transfer of freight in a
271 specific area physically separated from a seaport.
272     (i) A gas processing plant, including a plant used in the
273 processing, treatment, or fractionation of natural gas.
274     (j) A seaport as listed in s. 311.09.
275     (k) A spaceport territory as defined in s. 331.303(18).
276     (3) "Foreign country of concern" means the People's
277 Republic of China, the Russian Federation, the Islamic Republic
278 of Iran, the Democratic People's Republic of Korea, the Republic
279 of Cuba, the Venezuelan regime of Nicolás Maduro, or the Syrian
280 Arab Republic, including any agency of or any other entity of
281 significant control of such foreign country of concern.
282     (4) "Foreign principal" means:
283     (a) The government or any official of the government of a
284 foreign country of concern;
285     (b) A political party or member of a political party or any
286 subdivision of a political party in a foreign country of
287 concern;
288     (c) A partnership, association, corporation, organization,
289 or other combination of persons organized under the laws of or
290 having its principal place of business in a foreign country of

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                        2023264c1

291  concern, or a subsidiary of such entity;

292      (d) Any person who is domiciled in a foreign country of

293  concern and is not a citizen of the United States.

294      (5) "Military installation" has the same meaning as in 10

295  U.S.C. s. 2801(c)(4) and includes an armory as defined in s.

296  250.01.

297      (6) "Real property" means land, buildings, fixtures, and

298  all other improvements to land.

299      Section 5. Section 692.202, Florida Statutes, is created to

300  read:

301      692.202 Purchase of agricultural land by foreign principals

302  prohibited.—

303      (1) A foreign principal may not directly or indirectly own

304  or acquire by purchase, grant, devise, or descent agricultural

305  land or any interest in such land in the state. This prohibition

306  does not apply to a foreign principal that acquires agricultural

307  land for a diplomatic purpose that is recognized, acknowledged,

308  or allowed by the Federal Government.

309      (2) A foreign principal that directly or indirectly owns or

310  acquires agricultural land or any interest in such land in the

311  state before July 1, 2023, may continue to own or hold such land

312  or interest, but may not purchase or otherwise acquire by grant,

313  devise, or descent any additional agricultural land or interest

314  in such land in the state.

315      (3)(a) A foreign principal that directly or indirectly owns

316  or acquires agricultural land or any interest in such land in

317  the state before July 1, 2023, must register with the Department

318  of Agriculture and Consumer Services by January 1, 2024. The

319  department must establish a form for such registration, which,

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                                      2023264c1

320 at minimum, must include all of the following:

321      1. The name of the owner of the agricultural land or the

322 owner of the interest in such land.

323      2. The address of the agricultural land, the property

324 appraiser's parcel identification number, and the property's

325 legal description.

326      3. The number of acres of the agricultural land.

327      (b) A foreign principal that fails to timely file a

328 registration with the department is subject to a civil penalty

329 of $1,000 for each day that the registration is late. The

330 department may place a lien against the unregistered

331 agricultural land for the unpaid balance of any penalties

332 assessed under this paragraph.

333      (4) Notwithstanding subsection (1), a foreign principal may

334 acquire agricultural land on or after July 1, 2023, by devise or

335 descent, through the enforcement of security interests, or

336 through the collection of debts, provided that the foreign

337 principal sells, transfers, or otherwise divests itself of the

338 agricultural land within 2 years after acquiring the

339 agricultural land.

340      (5) At the time of purchase, a buyer of agricultural land

341 or an interest in such land must provide an affidavit signed

342 under penalty of perjury attesting to compliance with this

343 section. The failure to obtain or maintain the affidavit does

344 not affect the title or insurability of the title for the

345 agricultural land. The Florida Real Estate Commission shall

346 adopt rules to implement this subsection, including rules

347 establishing the form for the affidavit required under this

348 subsection.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                        2023264c1

349        (6)(a) The agricultural land or an interest in such land
350   that is owned or acquired in violation of this section may be
351   forfeited to the state.
352        (b) The Department of Agriculture and Consumer Services may
353   initiate a civil action in the circuit court of the county in
354   which the property lies for the forfeiture of the agricultural
355   land or any interest therein.
356        (c) Upon filing such action, the clerk must record a lis
357   pendens in accordance with s. 48.23. The court must advance the
358   cause on the calendar. The defendant may at any time petition to
359   modify or discharge the lis pendens based upon a finding that
360   there is no probable cause to believe that the agricultural
361   land, or any portion thereof, is owned or held in violation of
362   this section.
363        (d) If the court finds that the agricultural land, or any
364   portion thereof, is owned or held in violation of this section,
365   the court must enter a final judgment of forfeiture vesting
366   title to the agricultural land in the state, subject only to the
367   rights and interests of bona fide lienholders, and such final
368   judgment relates back to the date of the lis pendens.
369        (e) The department may sell the agricultural land subject
370   to a final judgment of forfeiture. Any proceeds from the sale
371   must first be paid to any lienholders of the land, followed by
372   payment of any outstanding fines assessed pursuant to this
373   section, after which the department must be reimbursed for all
374   costs related to the forfeiture civil action and any costs
375   related to the sale of the land. Any remaining proceeds must be
376   paid to the property owner.
377        (f) At any time during the forfeiture proceeding the

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                          2023264c1

378 department may seek an ex parte order of seizure of the
379 agricultural land upon a showing that the defendant's control of
380 the agricultural land constitutes a clear and present danger to
381 the state.
382     (7) A foreign principal that purchases or acquires
383 agricultural land or any interest therein in violation of this
384 section commits a misdemeanor of the second degree, punishable
385 as provided in s. 775.082 or s. 775.083.
386     (8) A person who knowingly sells agricultural land or any
387 interest therein in violation of this section commits a
388 misdemeanor of the second degree, punishable as provided in s.
389 775.082 or s. 775.083.
390     (9) The Department of Agriculture and Consumer Services
391 shall adopt rules to implement this section.
392     Section 6. Section 692.203, Florida Statutes, is created to
393 read:
394     692.203 Purchase of real property around military
395 installations and critical infrastructure facilities by foreign
396 principals prohibited.—
397     (1) A foreign principal may not directly or indirectly own
398 or acquire by purchase, grant, devise, or descent any interest
399 in real property within 20 miles of any military installation or
400 critical infrastructure facility in the state. This prohibition
401 does not apply to a foreign principal that acquires real
402 property for a diplomatic purpose that is recognized,
403 acknowledged, or allowed by the Federal Government.
404     (2) A foreign principal that directly or indirectly owns or
405 acquires any interest in real property within 20 miles of any
406 military installation or critical infrastructure facility in the

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                        2023264c1

407 state before July 1, 2023, may continue to own or hold such real

408 property, but may not purchase or otherwise acquire by grant,

409 devise, or descent any additional real property within 20 miles

410 of any military installation or critical infrastructure facility

411 in the state.

412     (3)(a) A foreign principal that owns or acquires real

413 property within 20 miles of any military installation or

414 critical infrastructure facility in the state before July 1,

415 2023, must register with the Department of Economic Opportunity

416 by January 1, 2024. The department must establish a form for

417 such registration which, at a minimum, must include all of the

418 following:

419     1. The name of the owner of the real property.

420     2. The address of the real property, the property

421 appraiser's parcel identification number, and the property's

422 legal description.

423     (b) A foreign principal that fails to timely file a

424 registration with the department is subject to a civil penalty

425 of $1,000 for each day that the registration is late. The

426 department may place a lien against the unregistered real

427 property for the unpaid balance of any penalties assessed under

428 this paragraph.

429     (4) Notwithstanding subsection (1), a foreign principal may

430 acquire real property or any interest therein which is within 20

431 miles of any military installation or critical infrastructure

432 facility in the state on or after July 1, 2023, by devise or

433 descent, through the enforcement of security interests, or

434 through the collection of debts, provided that the foreign

435 principal sells, transfers, or otherwise divests itself of such

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                                  2023264c1

436 real property within 2 years after acquiring the real property.

437     (5) At the time of purchase, a buyer of real property that

438 is located within 20 miles of any military installation or

439 critical infrastructure facility in the state must provide an

440 affidavit signed under penalty of perjury attesting to

441 compliance with this section. The failure to obtain or maintain

442 the affidavit does not affect the title or insurability of the

443 title for the real property. The Florida Real Estate Commission

444 shall adopt rules to implement this subsection, including rules

445 establishing the form for the affidavit required under this

446 subsection.

447     (6)(a) If any real property is owned or acquired in

448 violation of this section, the real property may be forfeited to

449 the state.

450     (b) The Department of Economic Opportunity may initiate a

451 civil action in the circuit court of the county in which the

452 property lies for the forfeiture of the real property or any

453 interest therein.

454     (c) Upon filing such action, the clerk must record a lis

455 pendens in accordance with s. 48.23. The court must advance the

456 cause on the calendar. The defendant may at any time petition to

457 modify or discharge the lis pendens based upon a finding that

458 there is no probable cause to believe that the real property, or

459 any portion thereof, is owned or held in violation of this

460 section.

461     (d) If the court finds that the real property, or any

462 portion thereof, is owned or held in violation of this section,

463 the court must enter a final judgment of forfeiture vesting

464 title to the real property in the state, subject only to the

**CODING:** Words ~~stricken~~ are deletions; words underlined are additions.

590-02576-23                                                      2023264c1

465 rights and interests of bona fide lienholders, and such final
466 judgment relates back to the date of the lis pendens.
467      (e) The department may sell the real property subject to a
468 final judgment of forfeiture. Any proceeds from the sale must
469 first be paid to any lienholders of the land, followed by
470 payment of any outstanding fines assessed pursuant to this
471 section, after which the department must be reimbursed for all
472 costs related to the forfeiture civil action and any costs
473 related to the sale of the land. Any remaining proceeds must be
474 paid to the property owner.
475      (f) At any time during the forfeiture proceeding the
476 department may seek an ex parte order of seizure of the real
477 property upon a showing that the defendant's control of the real
478 property constitutes a clear and present danger to the state.
479      (7) A foreign principal that purchases or acquires real
480 property or any interest therein in violation of this section
481 commits a misdemeanor of the second degree, punishable as
482 provided in s. 775.082 or s. 775.083.
483      (8) A person who knowingly sells real property or any
484 interest therein in violation of this section commits a
485 misdemeanor of the second degree, punishable as provided in s.
486 775.082 or s. 775.083.
487      (9) The Department of Economic Opportunity shall adopt
488 rules to implement this section.
489      Section 7. Section 692.204, Florida Statutes, is created to
490 read:
491      692.204 Purchase or acquisition of real property by the
492 People's Republic of China prohibited.—
493      (1)(a) The following persons or entities may not directly

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                                    2023264c1

or indirectly own or acquire by purchase, grant, devise, or
descent any interest in real property in the state:

1. The People's Republic of China, the Chinese Communist
Party, or any official or member of the People's Republic of
China or the Chinese Communist Party.

2. Any other political party or member of a political party
or a subdivision of a political party in the People's Republic
of China.

3. A partnership, an association, a corporation, an
organization, or any other combination of persons organized
under the laws of or having its principal place of business in
the People's Republic of China, or a subsidiary of such entity.

4. Any person who is domiciled in the People's Republic of
China and who is not a citizen of the United States.

(b) Paragraph (a) does not apply to a person or entity of
the People's Republic of China that acquires real property for a
diplomatic purpose that is recognized, acknowledged, or allowed
by the Federal Government.

(2) A person or entity described in paragraph (1)(a) that
directly or indirectly owns or acquires any interest in real
property in the state before July 1, 2023, may continue to own
or hold such real property, but may not purchase or otherwise
acquire by grant, devise, or descent any additional real
property in the state.

(3)(a) A person or entity described in paragraph (1)(a)
that owns or acquires real property in the state before July 1,
2023, must register with the Department of Economic Opportunity
by January 1, 2024. The department must establish a form for
such registration which, at a minimum, must include all of the

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                              2023264c1

523 following:

524      1. The name of the owner of the real property.

525      2. The address of the real property, the property

526 appraiser's parcel identification number, and the property's

527 legal description.

528      (b) A person or entity that fails to timely file a

529 registration with the department is subject to a civil penalty

530 of $1,000 for each day that the registration is late. The

531 department may place a lien against the unregistered real

532 property for the unpaid balance of any penalties assessed under

533 this paragraph.

534      (4) Notwithstanding subsection (1), a person or an entity

535 described in paragraph (1)(a) may acquire real property in the

536 state on or after July 1, 2023, by devise or descent, through

537 the enforcement of security interests, or through the collection

538 of debts, provided that the person or entity sells, transfers,

539 or otherwise divests itself of such real property within 2 years

540 after acquiring the real property unless the person or entity is

541 exempt under paragraph (1)(b).

542      (5) At the time of purchase, a buyer of real property in

543 the state must provide an affidavit signed under penalty of

544 perjury attesting to compliance with this section. The failure

545 to obtain or maintain the affidavit does not affect the title or

546 insurability of the title for the real property. The Florida

547 Real Estate Commission shall adopt rules to implement this

548 subsection, including rules establishing the form for the

549 affidavit required under this subsection.

550      (6)(a) If any real property is owned or acquired in

551 violation of this section, the real property may be forfeited to

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                                    2023264c1

552    the state.

553        (b) The Department of Economic Opportunity may initiate a

554    civil action in the circuit court of the county in which the

555    property lies for the forfeiture of the real property or any

556    interest therein.

557        (c) Upon filing such action, the clerk must record a lis

558    pendens in accordance with s. 48.23. The court must advance the

559    cause on the calendar. The defendant may at any time petition to

560    modify or discharge the lis pendens based upon a finding that

561    there is no probable cause to believe that the real property, or

562    any portion thereof, is owned or held in violation of this

563    section.

564        (d) If the court finds that the real property, or any

565    portion thereof, is owned or held in violation of this section,

566    the court must enter a final judgment of forfeiture vesting

567    title to the real property in the state, subject only to the

568    rights and interests of bona fide lienholders, and such final

569    judgment relates back to the date of the lis pendens.

570        (e) The department may sell the real property subject to a

571    final judgment of forfeiture. Any proceeds from the sale must

572    first be paid to any lienholders of the land, followed by

573    payment of any outstanding fines assessed pursuant to this

574    section, after which the department must be reimbursed for all

575    costs related to the forfeiture civil action and any costs

576    related to the sale of the land. Any remaining proceeds must be

577    paid to the property owner.

578        (f) At any time during the forfeiture proceeding the

579    department may seek an ex parte order of seizure of the real

580    property upon a showing that the defendant's control of the real

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                                2023264c1

581  property constitutes a clear and present danger to the state.

582      (7) A violation of this section constitutes a felony of the

583  third degree, punishable as provided in s. 775.082, s. 775.083,

584  or s. 775.084.

585      (8) A person who sells real property or any interest

586  therein in violation of this section commits a misdemeanor of

587  the first degree, punishable as provided in s. 775.082 or s.

588  775.083.

589      (9) The Department of Economic Opportunity shall adopt

590  rules to implement this section.

591      Section 8. Present subsections (3), (4), and (5) of section

592  408.051, Florida Statutes, are redesignated as subsections (4),

593  (5), and (6), respectively, a new subsection (3) is added to

594  that section, and subsection (2) of that section is reordered

595  and amended, to read:

596      408.051 Florida Electronic Health Records Exchange Act.—

597      (2) DEFINITIONS.—As used in this section, the term:

598      (a) "Electronic health record" means a record of a person's

599  medical treatment which is created by a licensed health care

600  provider and stored in an interoperable and accessible digital

601  format.

602      (i)(b) "Qualified electronic health record" means an

603  electronic record of health-related information concerning an

604  individual which includes patient demographic and clinical

605  health information, such as medical history and problem lists,

606  and which has the capacity to provide clinical decision support,

607  to support physician order entry, to capture and query

608  information relevant to health care quality, and to exchange

609  electronic health information with, and integrate such

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                              2023264c1

610 information from, other sources.

611    (b) (c) "Certified electronic health record technology"

612 means a qualified electronic health record that is certified

613 pursuant to s. 3001(c)(5) of the Public Health Service Act as

614 meeting standards adopted under s. 3004 of such act which are

615 applicable to the type of record involved, such as an ambulatory

616 electronic health record for office-based physicians or an

617 inpatient hospital electronic health record for hospitals.

618    (c) "Cloud computing" has the same meaning as in s.

619 282.0041.

620    (d) "Health care provider" means any of the following:

621    1. A provider as defined in s. 408.803.

622    2. A health care practitioner as defined in s. 456.001.

623    3. A health care professional certified under part IV of

624 chapter 468.

625    4. A home health aide as defined in s. 400.462.

626    5. A service provider as defined in s. 394.455 and the

627 service provider's clinical and nonclinical staff who provide

628 inpatient or outpatient services.

629    6. A continuing care facility licensed under chapter 651.

630    7. A pharmacy permitted under chapter 465.

631    (e) (d) "Health record" means any information, recorded in

632 any form or medium, which relates to the past, present, or

633 future health of an individual for the primary purpose of

634 providing health care and health-related services.

635    (f) (e) "Identifiable health record" means any health record

636 that identifies the patient or with respect to which there is a

637 reasonable basis to believe the information can be used to

638 identify the patient.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                                 2023264c1

639        (g)(f) "Patient" means an individual who has sought, is
640   seeking, is undergoing, or has undergone care or treatment in a
641   health care facility or by a health care provider.
642        (h)(g) "Patient representative" means a parent of a minor
643   patient, a court-appointed guardian for the patient, a health
644   care surrogate, or a person holding a power of attorney or
645   notarized consent appropriately executed by the patient granting
646   permission to a health care facility or health care provider to
647   disclose the patient's health care information to that person.
648   In the case of a deceased patient, the term also means the
649   personal representative of the estate of the deceased patient;
650   the deceased patient's surviving spouse, surviving parent, or
651   surviving adult child; the parent or guardian of a surviving
652   minor child of the deceased patient; the attorney for the
653   patient's surviving spouse, parent, or adult child; or the
654   attorney for the parent or guardian of a surviving minor child.
655        (3) SECURITY AND STORAGE OF PERSONAL MEDICAL INFORMATION.—
656   In addition to the requirements in 45 C.F.R. part 160 and
657   subparts A and C of part 164, a health care provider that
658   utilizes certified electronic health record technology must
659   ensure that all patient information stored in an offsite
660   physical or virtual environment, including through a third-party
661   or subcontracted computing facility or an entity providing cloud
662   computing services, is physically maintained in the continental
663   United States. This subsection applies to all qualified
664   electronic health records that are stored using any technology
665   that can allow information to be electronically retrieved,
666   accessed, or transmitted.
667        Section 9. Subsections (14) and (15) are added to section

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                                    2023264c1

668  408.810, Florida Statutes, to read:

669      408.810 Minimum licensure requirements.—In addition to the

670  licensure requirements specified in this part, authorizing

671  statutes, and applicable rules, each applicant and licensee must

672  comply with the requirements of this section in order to obtain

673  and maintain a license.

674      (14) The licensee must sign an affidavit at the time of his

675  or her initial application for a license and on any renewal

676  applications thereafter that attests under penalty of perjury

677  that he or she is in compliance with s. 408.051(3). The licensee

678  must remain in compliance with s. 408.051(3) or the licensee

679  shall be subject to disciplinary action by the agency.

680      (15)(a) The licensee must ensure that a person or entity

681  who possesses a controlling interest does not hold, either

682  directly or indirectly, regardless of ownership structure, an

683  interest in an entity that has a business relationship with a

684  foreign country of concern or that is subject to s. 287.135.

685      (b) For purposes of this subsection, the term:

686      1. "Business relationship" means engaging in commerce in

687  any form, including, but not limited to, acquiring, developing,

688  maintaining, owning, selling, possessing, leasing, or operating

689  equipment, facilities, personnel, products, services, personal

690  property, real property, military equipment, or any other

691  apparatus of business or commerce.

692      2. "Foreign country of concern" has the same meaning as in

693  s. 692.201.

694      3. "Interest" has the same meaning as in s. 286.101(1).

695      Section 10. Section 836.05, Florida Statutes, is amended to

696  read:

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

590-02576-23                                              2023264c1

697          836.05 Threats; extortion.—

698      <u>(1)</u> Whoever, either verbally or by a written or printed

699  communication, maliciously threatens to accuse another of any

700  crime or offense, or by such communication maliciously threatens

701  an injury to the person, property or reputation of another, or

702  maliciously threatens to expose another to disgrace, or to

703  expose any secret affecting another, or to impute any deformity

704  or lack of chastity to another, with intent thereby to extort

705  money or any pecuniary advantage whatsoever, or with intent to

706  compel the person so threatened, or any other person, to do any

707  act or refrain from doing any act against his or her will,

708  <u>commits</u> ~~shall be guilty of~~ a felony of the second degree,

709  punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

710      <u>(2) A person who commits a violation of subsection (1) and</u>

711  <u>at the time of the violation is acting as a foreign agent, as</u>

712  <u>defined in s. 812.081(1), with the intent of benefiting a</u>

713  <u>foreign country of concern, as defined in s. 692.201, commits a</u>

714  <u>felony of the first degree, punishable as provided in s.</u>

715  <u>775.082, s. 775.083, or s. 775.084.</u>

716          Section 11. This act shall take effect July 1, 2023.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.