# EXHIBIT 39

Florida Senate - 2023 COMMITTEE AMENDMENT
Bill No. CS for SB 264

 833514

LEGISLATIVE ACTION

| Senate | . | House |
|---|---|---|
| Comm: RCS | . | |
| 03/22/2023 | . | |
| | . | |
| | . | |
| | . | |

The Committee on Rules (Collins) recommended the following:

1  **Senate Amendment (with title amendment)**
2
3      Delete lines 293 - 663
4  and insert:
5  concern and is not a citizen or lawful permanent resident of the
6  United States.
7      (5) "Military installation" has the same meaning as in 10
8  U.S.C. s. 2801(c)(4) and includes an armory as defined in s.
9  250.01.
10     (6) "Real property" means land, buildings, fixtures, and
11 all other improvements to land.

3/21/2023 10:08:07 AM                                    595-02729B-23


833514

| | |
|---|---|
| 12 | Section 5. Section 692.202, Florida Statutes, is created to |
| 13 | read: |
| 14 | 692.202 Purchase of agricultural land by foreign principals |
| 15 | prohibited.— |
| 16 | (1) A foreign principal may not directly or indirectly own |
| 17 | or acquire by purchase, grant, devise, or descent agricultural |
| 18 | land or any interest in such land in the state. This prohibition |
| 19 | does not apply to a foreign principal that acquires agricultural |
| 20 | land for a diplomatic purpose that is recognized, acknowledged, |
| 21 | or allowed by the Federal Government. |
| 22 | (2) A foreign principal that directly or indirectly owns or |
| 23 | acquires agricultural land or any interest in such land in the |
| 24 | state before July 1, 2023, may continue to own or hold such land |
| 25 | or interest, but may not purchase or otherwise acquire by grant, |
| 26 | devise, or descent any additional agricultural land or interest |
| 27 | in such land in the state. |
| 28 | (3)(a) A foreign principal that directly or indirectly owns |
| 29 | or acquires agricultural land or any interest in such land in |
| 30 | the state before July 1, 2023, must register with the Department |
| 31 | of Agriculture and Consumer Services by January 1, 2024. The |
| 32 | department must establish a form for such registration, which, |
| 33 | at minimum, must include all of the following: |
| 34 | 1. The name of the owner of the agricultural land or the |
| 35 | owner of the interest in such land. |
| 36 | 2. The address of the agricultural land, the property |
| 37 | appraiser's parcel identification number, and the property's |
| 38 | legal description. |
| 39 | 3. The number of acres of the agricultural land. |
| 40 | (b) A foreign principal that fails to timely file a |



833514

```
41  registration with the department is subject to a civil penalty
42  of $1,000 for each day that the registration is late. The
43  department may place a lien against the unregistered
44  agricultural land for the unpaid balance of any penalties
45  assessed under this paragraph.
46       (4) Notwithstanding subsection (1), a foreign principal may
47  acquire agricultural land on or after July 1, 2023, by devise or
48  descent, through the enforcement of security interests, or
49  through the collection of debts, provided that the foreign
50  principal sells, transfers, or otherwise divests itself of the
51  agricultural land within 2 years after acquiring the
52  agricultural land.
53       (5)(a) At the time of purchase, a buyer of agricultural
54  land or an interest in such land must provide an affidavit
55  signed under penalty of perjury attesting that the buyer is:
56       1. Not a foreign principal; and
57       2. In compliance with the requirements of this section.
58       (b) The failure to obtain or maintain the affidavit does
59  not:
60       1. Affect the title or insurability of the title for the
61  agricultural land; or
62       2. Subject the closing agent to civil or criminal liability
63  except for liability under chapter 837, unless the closing agent
64  has actual knowledge that the transaction will result in a
65  violation of this section.
66       (c) The Florida Real Estate Commission shall adopt rules to
67  implement this subsection, including rules establishing the form
68  for the affidavit required under this subsection.
69       (6)(a) The agricultural land or an interest in such land
```



```
70  that is owned or acquired in violation of this section may be
71  forfeited to the state.
72      (b) The Department of Agriculture and Consumer Services may
73  initiate a civil action in the circuit court of the county in
74  which the property lies for the forfeiture of the agricultural
75  land or any interest therein.
76      (c) Upon filing such action, the clerk must record a lis
77  pendens in accordance with s. 48.23. The court must advance the
78  cause on the calendar. The defendant may at any time petition to
79  modify or discharge the lis pendens based upon a finding that
80  there is no probable cause to believe that the agricultural
81  land, or any portion thereof, is owned or held in violation of
82  this section.
83      (d) If the court finds that the agricultural land, or any
84  portion thereof, is owned or held in violation of this section,
85  the court must enter a final judgment of forfeiture vesting
86  title to the agricultural land in the state, subject only to the
87  rights and interests of bona fide lienholders, and such final
88  judgment relates back to the date of the lis pendens.
89      (e) The department may sell the agricultural land subject
90  to a final judgment of forfeiture. Any proceeds from the sale
91  must first be paid to any lienholders of the land, followed by
92  payment of any outstanding fines assessed pursuant to this
93  section, after which the department must be reimbursed for all
94  costs related to the forfeiture civil action and any costs
95  related to the sale of the land. Any remaining proceeds must be
96  paid to the property owner.
97      (f) At any time during the forfeiture proceeding the
98  department may seek an ex parte order of seizure of the
```


833514

```
 99  agricultural land upon a showing that the defendant's control of
100  the agricultural land constitutes a clear and present danger to
101  the state.
102       (7) A foreign principal that purchases or acquires
103  agricultural land or any interest therein in violation of this
104  section commits a misdemeanor of the second degree, punishable
105  as provided in s. 775.082 or s. 775.083.
106       (8) A person who knowingly sells agricultural land or any
107  interest therein in violation of this section commits a
108  misdemeanor of the second degree, punishable as provided in s.
109  775.082 or s. 775.083.
110       (9) The Department of Agriculture and Consumer Services
111  shall adopt rules to implement this section.
112       Section 6. Section 692.203, Florida Statutes, is created to
113  read:
114       692.203 Purchase of real property around military
115  installations and critical infrastructure facilities by foreign
116  principals prohibited.—
117       (1) A foreign principal may not directly or indirectly own
118  or acquire by purchase, grant, devise, or descent any interest
119  in real property within 20 miles of any military installation or
120  critical infrastructure facility in the state. This prohibition
121  does not apply to a foreign principal that acquires real
122  property for a diplomatic purpose that is recognized,
123  acknowledged, or allowed by the Federal Government.
124       (2) A foreign principal that directly or indirectly owns or
125  acquires any interest in real property within 20 miles of any
126  military installation or critical infrastructure facility in the
127  state before July 1, 2023, may continue to own or hold such real
```


833514

| | |
|---|---|
| 128 | property, but may not purchase or otherwise acquire by grant, |
| 129 | devise, or descent any additional real property within 20 miles |
| 130 | of any military installation or critical infrastructure facility |
| 131 | in the state. |
| 132 | (3)(a) A foreign principal that owns or acquires real |
| 133 | property within 20 miles of any military installation or |
| 134 | critical infrastructure facility in the state before July 1, |
| 135 | 2023, must register with the Department of Economic Opportunity |
| 136 | by January 1, 2024. The department must establish a form for |
| 137 | such registration which, at a minimum, must include all of the |
| 138 | following: |
| 139 | 1. The name of the owner of the real property. |
| 140 | 2. The address of the real property, the property |
| 141 | appraiser's parcel identification number, and the property's |
| 142 | legal description. |
| 143 | (b) A foreign principal that fails to timely file a |
| 144 | registration with the department is subject to a civil penalty |
| 145 | of $1,000 for each day that the registration is late. The |
| 146 | department may place a lien against the unregistered real |
| 147 | property for the unpaid balance of any penalties assessed under |
| 148 | this paragraph. |
| 149 | (4) Notwithstanding subsection (1), a foreign principal may |
| 150 | acquire real property or any interest therein which is within 20 |
| 151 | miles of any military installation or critical infrastructure |
| 152 | facility in the state on or after July 1, 2023, by devise or |
| 153 | descent, through the enforcement of security interests, or |
| 154 | through the collection of debts, provided that the foreign |
| 155 | principal sells, transfers, or otherwise divests itself of such |
| 156 | real property within 2 years after acquiring the real property. |



| | |
|---|---|
| 157 | (5)(a) At the time of purchase, a buyer of the real |
| 158 | property that is within 20 miles of any military installation or |
| 159 | critical infrastructure facility in this state must provide an |
| 160 | affidavit signed under penalty of perjury attesting that the |
| 161 | buyer is: |
| 162 | 1. Not a foreign principal; and |
| 163 | 2. In compliance with the requirements of this section. |
| 164 | (b) The failure to obtain or maintain the affidavit does |
| 165 | not: |
| 166 | 1. Affect the title or insurability of the title for the |
| 167 | real property; or |
| 168 | 2. Subject the closing agent to civil or criminal liability |
| 169 | except for liability under chapter 837, unless the closing agent |
| 170 | has actual knowledge that the transaction will result in a |
| 171 | violation of this section. |
| 172 | (c) The Florida Real Estate Commission shall adopt rules to |
| 173 | implement this subsection, including rules establishing the form |
| 174 | for the affidavit required under this subsection. |
| 175 | (6)(a) If any real property is owned or acquired in |
| 176 | violation of this section, the real property may be forfeited to |
| 177 | the state. |
| 178 | (b) The Department of Economic Opportunity may initiate a |
| 179 | civil action in the circuit court of the county in which the |
| 180 | property lies for the forfeiture of the real property or any |
| 181 | interest therein. |
| 182 | (c) Upon filing such action, the clerk must record a lis |
| 183 | pendens in accordance with s. 48.23. The court must advance the |
| 184 | cause on the calendar. The defendant may at any time petition to |
| 185 | modify or discharge the lis pendens based upon a finding that |


833514

186  there is no probable cause to believe that the real property, or
187  any portion thereof, is owned or held in violation of this
188  section.
189      (d) If the court finds that the real property, or any
190  portion thereof, is owned or held in violation of this section,
191  the court must enter a final judgment of forfeiture vesting
192  title to the real property in the state, subject only to the
193  rights and interests of bona fide lienholders, and such final
194  judgment relates back to the date of the lis pendens.
195      (e) The department may sell the real property subject to a
196  final judgment of forfeiture. Any proceeds from the sale must
197  first be paid to any lienholders of the land, followed by
198  payment of any outstanding fines assessed pursuant to this
199  section, after which the department must be reimbursed for all
200  costs related to the forfeiture civil action and any costs
201  related to the sale of the land. Any remaining proceeds must be
202  paid to the property owner.
203      (f) At any time during the forfeiture proceeding the
204  department may seek an ex parte order of seizure of the real
205  property upon a showing that the defendant's control of the real
206  property constitutes a clear and present danger to the state.
207      (7) A foreign principal that purchases or acquires real
208  property or any interest therein in violation of this section
209  commits a misdemeanor of the second degree, punishable as
210  provided in s. 775.082 or s. 775.083.
211      (8) A person who knowingly sells real property or any
212  interest therein in violation of this section commits a
213  misdemeanor of the second degree, punishable as provided in s.
214  775.082 or s. 775.083.



833514

(9) The Department of Economic Opportunity shall adopt rules to implement this section.

Section 7. Section 692.204, Florida Statutes, is created to read:

692.204 Purchase or acquisition of real property by the People's Republic of China prohibited.—

(1)(a) The following persons or entities may not directly or indirectly own or acquire by purchase, grant, devise, or descent any interest in real property in the state:

1. The People's Republic of China, the Chinese Communist Party, or any official or member of the People's Republic of China or the Chinese Communist Party.

2. Any other political party or member of a political party or a subdivision of a political party in the People's Republic of China.

3. A partnership, an association, a corporation, an organization, or any other combination of persons organized under the laws of or having its principal place of business in the People's Republic of China, or a subsidiary of such entity.

4. Any person who is domiciled in the People's Republic of China and who is not a citizen or lawful permanent resident of the United States.

(b) Paragraph (a) does not apply to a person or entity of the People's Republic of China that acquires real property for a diplomatic purpose that is recognized, acknowledged, or allowed by the Federal Government.

(2) A person or entity described in paragraph (1)(a) that directly or indirectly owns or acquires any interest in real property in the state before July 1, 2023, may continue to own

Florida Senate - 2023                                    COMMITTEE AMENDMENT
Bill No. CS for SB 264



```
244  or hold such real property, but may not purchase or otherwise
245  acquire by grant, devise, or descent any additional real
246  property in the state.
247      (3)(a) A person or entity described in paragraph (1)(a)
248  that owns or acquires real property in the state before July 1,
249  2023, must register with the Department of Economic Opportunity
250  by January 1, 2024. The department must establish a form for
251  such registration which, at a minimum, must include all of the
252  following:
253      1. The name of the owner of the real property.
254      2. The address of the real property, the property
255  appraiser's parcel identification number, and the property's
256  legal description.
257      (b) A person or entity that fails to timely file a
258  registration with the department is subject to a civil penalty
259  of $1,000 for each day that the registration is late. The
260  department may place a lien against the unregistered real
261  property for the unpaid balance of any penalties assessed under
262  this paragraph.
263      (4) Notwithstanding subsection (1), a person or an entity
264  described in paragraph (1)(a) may acquire real property in the
265  state on or after July 1, 2023, by devise or descent, through
266  the enforcement of security interests, or through the collection
267  of debts, provided that the person or entity sells, transfers,
268  or otherwise divests itself of such real property within 2 years
269  after acquiring the real property unless the person or entity is
270  exempt under paragraph (1)(b).
271      (5)(a) At the time of purchase, a buyer of real property in
272  the state must provide an affidavit signed under penalty of
```



```
273  perjury attesting that the buyer is:
274       1. Not a person or entity described in paragraph (1)(a);
275  and
276       2. In compliance with the requirements of this section.
277       (b) The failure to obtain or maintain the affidavit does
278  not:
279       1. Affect the title or insurability of the title for the
280  real property; or
281       2. Subject the closing agent to civil or criminal liability
282  except for liability under chapter 837, unless the closing agent
283  has actual knowledge that the transaction will result in a
284  violation of this section.
285       (c) The Florida Real Estate Commission shall adopt rules to
286  implement this subsection, including rules establishing the form
287  for the affidavit required under this subsection.
288       (6)(a) If any real property is owned or acquired in
289  violation of this section, the real property may be forfeited to
290  the state.
291       (b) The Department of Economic Opportunity may initiate a
292  civil action in the circuit court of the county in which the
293  property lies for the forfeiture of the real property or any
294  interest therein.
295       (c) Upon filing such action, the clerk must record a lis
296  pendens in accordance with s. 48.23. The court must advance the
297  cause on the calendar. The defendant may at any time petition to
298  modify or discharge the lis pendens based upon a finding that
299  there is no probable cause to believe that the real property, or
300  any portion thereof, is owned or held in violation of this
301  section.
```



833514

302    (d) If the court finds that the real property, or any
303 portion thereof, is owned or held in violation of this section,
304 the court must enter a final judgment of forfeiture vesting
305 title to the real property in the state, subject only to the
306 rights and interests of bona fide lienholders, and such final
307 judgment relates back to the date of the lis pendens.
308    (e) The department may sell the real property subject to a
309 final judgment of forfeiture. Any proceeds from the sale must
310 first be paid to any lienholders of the land, followed by
311 payment of any outstanding fines assessed pursuant to this
312 section, after which the department must be reimbursed for all
313 costs related to the forfeiture civil action and any costs
314 related to the sale of the land. Any remaining proceeds must be
315 paid to the property owner.
316    (f) At any time during the forfeiture proceeding the
317 department may seek an ex parte order of seizure of the real
318 property upon a showing that the defendant's control of the real
319 property constitutes a clear and present danger to the state.
320    (7) A violation of this section constitutes a felony of the
321 third degree, punishable as provided in s. 775.082, s. 775.083,
322 or s. 775.084.
323    (8) A person who sells real property or any interest
324 therein in violation of this section commits a misdemeanor of
325 the first degree, punishable as provided in s. 775.082 or s.
326 775.083.
327    (9) The Department of Economic Opportunity shall adopt
328 rules to implement this section.
329    Section 8. Present subsections (3), (4), and (5) of section
330 408.051, Florida Statutes, are redesignated as subsections (4),



833514

331  (5), and (6), respectively, a new subsection (3) is added to
332  that section, and subsection (2) of that section is reordered
333  and amended, to read:
334      408.051 Florida Electronic Health Records Exchange Act.—
335      (2) DEFINITIONS.—As used in this section, the term:
336      (c)~~(a)~~ "Electronic health record" means a record of a
337  person's medical treatment which is created by a licensed health
338  care provider and stored in an interoperable and accessible
339  digital format.
340      (i)~~(b)~~ "Qualified electronic health record" means an
341  electronic record of health-related information concerning an
342  individual which includes patient demographic and clinical
343  health information, such as medical history and problem lists,
344  and which has the capacity to provide clinical decision support,
345  to support physician order entry, to capture and query
346  information relevant to health care quality, and to exchange
347  electronic health information with, and integrate such
348  information from, other sources.
349      (a)~~(c)~~ "Certified electronic health record technology"
350  means a qualified electronic health record that is certified
351  pursuant to s. 3001(c)(5) of the Public Health Service Act as
352  meeting standards adopted under s. 3004 of such act which are
353  applicable to the type of record involved, such as an ambulatory
354  electronic health record for office-based physicians or an
355  inpatient hospital electronic health record for hospitals.
356      (b) "Cloud computing" has the same meaning as in s.
357  282.0041.
358      (d) "Health care provider" means any of the following:
359      1. A provider as defined in s. 408.803.


833514

```
360        2. A health care practitioner as defined in s. 456.001.
361        3. A health care professional certified under part IV of
362   chapter 468.
363        4. A home health aide as defined in s. 400.462.
364        5. A service provider as defined in s. 394.455 and the
365   service provider's clinical and nonclinical staff who provide
366   inpatient or outpatient services.
367        6. A continuing care facility licensed under chapter 651.
368        7. A pharmacy permitted under chapter 465.
369        (e)(d) "Health record" means any information, recorded in
370   any form or medium, which relates to the past, present, or
371   future health of an individual for the primary purpose of
372   providing health care and health-related services.
373        (f)(e) "Identifiable health record" means any health record
374   that identifies the patient or with respect to which there is a
375   reasonable basis to believe the information can be used to
376   identify the patient.
377        (g)(f) "Patient" means an individual who has sought, is
378   seeking, is undergoing, or has undergone care or treatment in a
379   health care facility or by a health care provider.
380        (h)(g) "Patient representative" means a parent of a minor
381   patient, a court-appointed guardian for the patient, a health
382   care surrogate, or a person holding a power of attorney or
383   notarized consent appropriately executed by the patient granting
384   permission to a health care facility or health care provider to
385   disclose the patient's health care information to that person.
386   In the case of a deceased patient, the term also means the
387   personal representative of the estate of the deceased patient;
388   the deceased patient's surviving spouse, surviving parent, or
```


833514

```
389  surviving adult child; the parent or guardian of a surviving
390  minor child of the deceased patient; the attorney for the
391  patient's surviving spouse, parent, or adult child; or the
392  attorney for the parent or guardian of a surviving minor child.
393       (3) SECURITY AND STORAGE OF PERSONAL MEDICAL INFORMATION.—
394  In addition to the requirements in 45 C.F.R. part 160 and
395  subparts A and C of part 164, a health care provider that
396  utilizes certified electronic health record technology must
397  ensure that all patient information stored in an offsite
398  physical or virtual environment, including through a third-party
399  or subcontracted computing facility or an entity providing cloud
400  computing services, is physically maintained in the continental
401  United States or its territories or Canada. This subsection
402  applies to all qualified
403
404  ================ T I T L E  A M E N D M E N T ================
405  And the title is amended as follows:
406       Delete lines 46 - 114
407  and insert:
408       real property, respectively, or subject the closing
409       agent to certain liability; authorizing the Florida
410       Real Estate Commission to adopt rules; authorizing
411       that certain agricultural land or real property be
412       forfeited to the state; authorizing the Department of
413       Agriculture and Consumer Services and the Department
414       of Economic Opportunity to initiate civil actions for
415       forfeiture of the interest in agricultural land or
416       real property, respectively; requiring that such
417       actions be filed in a certain circuit court; requiring
```



| | |
|---|---|
| 418 | clerks to record a lis pendens; requiring courts to |
| 419 | advance the cause on the calendar; authorizing |
| 420 | defendants to petition to modify or discharge the lis |
| 421 | pendens; requiring the court to enter a specified |
| 422 | final judgment under certain circumstances; |
| 423 | authorizing the Department of Agriculture and Consumer |
| 424 | Services and the Department of Economic Opportunity, |
| 425 | respectively, to sell the agricultural land or real |
| 426 | property; providing requirements for the proceeds from |
| 427 | such sale; authorizing the Department of Agriculture |
| 428 | and Consumer Services and the Department of Economic |
| 429 | Opportunity, respectively, to seek a specified ex |
| 430 | parte order; providing criminal penalties; requiring |
| 431 | the Department of Agriculture and Consumer Services |
| 432 | and the Department of Economic Opportunity, |
| 433 | respectively, to adopt rules; creating s. 692.204, |
| 434 | F.S.; prohibiting the People's Republic of China, the |
| 435 | Chinese Communist Party, any other political party or |
| 436 | member of a political party in the People's Republic |
| 437 | of China, and certain persons and entities from |
| 438 | purchasing or acquiring real property in the state; |
| 439 | providing an exception; authorizing such persons and |
| 440 | entities to continue to own or hold such real property |
| 441 | under certain circumstances; requiring certain persons |
| 442 | or entities that own or acquire real property in the |
| 443 | state to register with the Department of Economic |
| 444 | Opportunity by a specified date; requiring the |
| 445 | Department of Economic Opportunity to establish a form |
| 446 | for such registration; providing civil penalties; |



```
447          authorizing the Department of Economic Opportunity to
448          place a lien against unregistered real property;
449          requiring certain persons and entities to sell,
450          transfer, or otherwise divest themselves of certain
451          real property within a specified timeframe; requiring
452          buyers of real property to provide a signed affidavit;
453          specifying that the failure to maintain or obtain the
454          affidavit does not affect the title or insurability of
455          the title for the real property or subject the closing
456          agent to certain liability; authorizing the commission
457          to adopt rules; authorizing certain real property to
458          be forfeited to the state; authorizing the Department
459          of Economic Opportunity to initiate civil actions for
460          forfeiture of the interest in real property; requiring
461          such actions to be filed in a certain circuit court;
462          requiring clerks to record a lis pendens; requiring
463          courts to advance the cause on the calendar;
464          authorizing defendants to petition to modify or
465          discharge the lis pendens; requiring the court to
466          enter a specified final judgment under certain
467          circumstances; authorizing the Department of Economic
468          Opportunity to sell the real property; providing
469          requirements for the proceeds from such sale;
470          authorizing the Department of Economic Opportunity to
471          seek a specified ex parte order; providing criminal
472          penalties; requiring the Department of Economic
473          Opportunity to adopt rules; amending s. 408.051, F.S.;
474          defining the terms "cloud computing" and "health care
475          provider"; requiring that certain information held by
```

Florida Senate - 2023 COMMITTEE AMENDMENT
Bill No. CS for SB 264

 833514

| | |
|---|---|
| 476 | health care providers that utilize certified |
| 477 | electronic health record technology be maintained in |
| 478 | specified locations; providing |

Page 18 of 18