EXHIBIT 42

**By** the Committees on Rules; and Judiciary; and Senators Collins
and Avila

595-02897A-23                                              2023264c2

1            A bill to be entitled
2        An act relating to interests of foreign countries;
3        creating s. 287.138, F.S.; defining terms; prohibiting
4        governmental entities from knowingly entering into
5        certain contracts; prohibiting governmental entities
6        from taking specified actions after a specified date
7        relating to contracts that give certain access to
8        personal identifying information; providing an
9        exception; authorizing the Attorney General to bring a
10       civil action; providing penalties; requiring penalties
11       to be deposited into the General Revenue Fund;
12       requiring the Department of Management Services to
13       adopt rules; creating s. 288.007, F.S.; defining
14       terms; prohibiting governmental entities from
15       knowingly entering into certain contracts; requiring
16       governmental entities to require an affidavit from
17       applicants before providing any economic incentive;
18       requiring the Department of Economic Opportunity to
19       adopt rules; providing a directive to the Division of
20       Law Revision to create part III of ch. 692, F.S., to
21       be entitled "Conveyances to Foreign Entities";
22       creating s. 692.201, F.S.; defining terms; creating
23       ss. 692.202 and 692.203, F.S.; prohibiting foreign
24       principals from purchasing agricultural land, or
25       interest in such land, and certain real property in
26       the state, respectively; authorizing foreign
27       principals to continue to own or hold such land or
28       property under certain circumstances; requiring
29       certain foreign principals that own or acquire such

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                        2023264c2

30        land or real property to register with a specified
31        department; requiring the Department of Agriculture
32        and Consumer Services and the Department of Economic
33        Opportunity, respectively, to establish a form for
34        such registration; providing civil penalties;
35        authorizing the Department of Agriculture and Consumer
36        Services and the Department of Economic Opportunity to
37        place a lien against unregistered agricultural land or
38        real property, respectively; requiring certain foreign
39        principals to sell, transfer, or otherwise divest
40        themselves of certain agricultural land or real
41        property within a specified timeframe; requiring
42        buyers of such land or property to provide a signed
43        affidavit; specifying that the failure to maintain or
44        obtain the affidavit does not affect the title or
45        insurability of the title for the agricultural land or
46        real property, respectively, or subject the closing
47        agent to certain liability; authorizing the Florida
48        Real Estate Commission to adopt rules; authorizing
49        that certain agricultural land or real property be
50        forfeited to the state; authorizing the Department of
51        Agriculture and Consumer Services and the Department
52        of Economic Opportunity to initiate civil actions for
53        forfeiture of the interest in agricultural land or
54        real property, respectively; requiring that such
55        actions be filed in a certain circuit court; requiring
56        clerks to record a lis pendens; requiring courts to
57        advance the cause on the calendar; authorizing
58        defendants to petition to modify or discharge the lis

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                              2023264c2

59          pendens; requiring the court to enter a specified
60          final judgment under certain circumstances;
61          authorizing the Department of Agriculture and Consumer
62          Services and the Department of Economic Opportunity,
63          respectively, to sell the agricultural land or real
64          property; providing requirements for the proceeds from
65          such sale; authorizing the Department of Agriculture
66          and Consumer Services and the Department of Economic
67          Opportunity, respectively, to seek a specified ex
68          parte order; providing criminal penalties; requiring
69          the Department of Agriculture and Consumer Services
70          and the Department of Economic Opportunity,
71          respectively, to adopt rules; creating s. 692.204,
72          F.S.; prohibiting the People's Republic of China, the
73          Chinese Communist Party, any other political party or
74          member of a political party in the People's Republic
75          of China, and certain persons and entities from
76          purchasing or acquiring real property in the state;
77          providing an exception; authorizing such persons and
78          entities to continue to own or hold such real property
79          under certain circumstances; requiring certain persons
80          or entities that own or acquire real property in the
81          state to register with the Department of Economic
82          Opportunity by a specified date; requiring the
83          Department of Economic Opportunity to establish a form
84          for such registration; providing civil penalties;
85          authorizing the Department of Economic Opportunity to
86          place a lien against unregistered real property;
87          requiring certain persons and entities to sell,

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                                    2023264c2

88            transfer, or otherwise divest themselves of certain
89            real property within a specified timeframe; requiring
90            buyers of real property to provide a signed affidavit;
91            specifying that the failure to maintain or obtain the
92            affidavit does not affect the title or insurability of
93            the title for the real property or subject the closing
94            agent to certain liability; authorizing the commission
95            to adopt rules; authorizing certain real property to
96            be forfeited to the state; authorizing the Department
97            of Economic Opportunity to initiate civil actions for
98            forfeiture of the interest in real property; requiring
99            such actions to be filed in a certain circuit court;
100           requiring clerks to record a lis pendens; requiring
101           courts to advance the cause on the calendar;
102           authorizing defendants to petition to modify or
103           discharge the lis pendens; requiring the court to
104           enter a specified final judgment under certain
105           circumstances; authorizing the Department of Economic
106           Opportunity to sell the real property; providing
107           requirements for the proceeds from such sale;
108           authorizing the Department of Economic Opportunity to
109           seek a specified ex parte order; providing criminal
110           penalties; requiring the Department of Economic
111           Opportunity to adopt rules; amending s. 408.051, F.S.;
112           defining the terms "cloud computing" and "health care
113           provider"; requiring that certain information held by
114           health care providers that utilize certified
115           electronic health record technology be maintained in
116           specified locations; providing applicability; amending

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                          2023264c2

117          s. 408.810, F.S.; requiring a licensee to sign a

118          specified affidavit upon initial application for a

119          license and any renewal applications; authorizing

120          disciplinary action by the Agency for Health Care

121          Administration; prohibiting a person or entity that

122          possesses a controlling interest from holding an

123          interest in certain entities; providing definitions;

124          amending s. 836.05, F.S.; providing enhanced criminal

125          penalties for threatening a person while acting as a

126          foreign agent with the intent of benefiting a foreign

127          country of concern; providing an effective date.

128

129     Be It Enacted by the Legislature of the State of Florida:

130

131          Section 1. Section 287.138, Florida Statutes, is created to

132     read:

133          287.138 Contracting with entities of foreign countries of

134     concern prohibited.—

135          (1) As used in this section, the term:

136          (a) "Controlling interest" means possession of the power to

137     direct or cause the direction of the management or policies of a

138     company, whether through ownership of securities, by contract,

139     or otherwise. A person or entity that directly or indirectly has

140     the right to vote 25 percent or more of the voting interests of

141     the company or is entitled to 25 percent or more of its profits

142     is presumed to possess a controlling interest.

143          (b) "Department" means the Department of Management

144     Services.

145          (c) "Foreign country of concern" means the People's

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                      2023264c2

146  Republic of China, the Russian Federation, the Islamic Republic
147  of Iran, the Democratic People's Republic of Korea, the Republic
148  of Cuba, the Venezuelan regime of Nicolás Maduro, or the Syrian
149  Arab Republic, including any agency of or any other entity of
150  significant control of such foreign country of concern.
151       (d) "Governmental entity" means any state, county,
152  district, authority, or municipal officer, department, division,
153  board, bureau, commission, or other separate unit of government
154  created or established by law including, but not limited to, the
155  Commission on Ethics, the Public Service Commission, the Office
156  of Public Counsel, and any other public or private agency,
157  person, partnership, corporation, or business entity acting on
158  behalf of any public agency.
159       (2) A governmental entity may not knowingly enter into a
160  contract with an entity which would give access to an
161  individual's personal identifying information if:
162       (a) The entity is owned by the government of a foreign
163  country of concern;
164       (b) The government of a foreign country of concern has a
165  controlling interest in the entity; or
166       (c) The entity is organized under the laws of or has its
167  principal place of business in a foreign country of concern.
168       (3) Beginning July 1, 2025, a governmental entity may not
169  extend or renew a contract with an entity listed in paragraphs
170  (2)(a)-(c) if the contract would give such entity access to an
171  individual's personal identifying information.
172       (4)(a) Beginning January 1, 2024, a governmental entity may
173  not accept a bid on, a proposal for, or a reply to, or enter
174  into, a contract with an entity which would grant the entity

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                             2023264c2

175  access to an individual's personal identifying information
176  unless the entity provides the governmental entity with an
177  affidavit signed by an officer or representative of the entity
178  under penalty of perjury attesting that the entity does not meet
179  any of the criteria in paragraphs (2)(a)-(c).
180      (b) Beginning July 1, 2025, when an entity extends or
181  renews a contract with a governmental entity which would grant
182  the entity access to an individual's personal identifying
183  information, the entity must provide the governmental entity
184  with an affidavit signed by an officer or representative of the
185  entity under penalty of perjury attesting that the entity does
186  not meet any of the criteria in paragraphs (2)(a)-(c).
187      (5) The Attorney General may bring a civil action in any
188  court of competent jurisdiction against an entity that violates
189  this section. Violations of this section may result in:
190      (a) A civil penalty equal to twice the amount of the
191  contract for which the entity submitted a bid or proposal for,
192  replied to, or entered into;
193      (b) Ineligibility to enter into, renew, or extend any
194  contract, including any grant agreements, with any governmental
195  entity for up to 5 years;
196      (c) Ineligibility to receive or renew any license,
197  certification, or credential issued by a governmental entity for
198  up to 5 years; and
199      (d) Placement on the suspended vendor list pursuant to s.
200  287.1351.
201      (6) Any penalties collected under subsection (5) must be
202  deposited into the General Revenue Fund.
203      (7) The department shall adopt rules to implement this

**CODING:** Words ~~stricken~~ are deletions; words underlined are additions.

595-02897A-23                                              2023264c2

204  section, including rules establishing the form for the affidavit
205  required under subsection (4).
206      Section 2. Section 288.007, Florida Statutes, is created to
207  read:
208      288.007 Economic incentives to foreign countries of concern
209  prohibited.—
210      (1) As used in this section, the term:
211      (a) "Controlled by" means having possession of the power to
212  direct or cause the direction of the management or policies of a
213  company, whether through ownership of securities, by contract,
214  or otherwise. A person or entity that directly or indirectly has
215  the right to vote 25 percent or more of the voting interests of
216  the company or that is entitled to 25 percent or more of its
217  profits is presumed to control the foreign entity.
218      (b) "Economic incentive" means all programs administered
219  by, or for which an applicant for the program must seek
220  certification, approval, or other action by, the department
221  under this chapter, chapter 212, or chapter 220; and all local
222  economic development programs, grants, or financial benefits
223  administered by a political subdivision or an agent thereof.
224      (c) "Foreign country of concern" has the same meaning as in
225  s. 692.201.
226      (d) "Foreign entity" means an entity that is:
227      1. Owned or controlled by the government of a foreign
228  country of concern; or
229      2. A partnership, association, corporation, organization,
230  or other combination of persons organized under the laws of or
231  having its principal place of business in a foreign country of
232  concern, or a subsidiary of such entity.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                      2023264c2

233      (e) "Government entity" means a state agency, a political
234 subdivision, or any other public or private agency, person,
235 partnership, corporation, or business entity acting on behalf of
236 any public agency.
237      (2) A government entity may not knowingly enter into an
238 agreement or contract for an economic incentive with a foreign
239 entity.
240      (3) Before providing any economic incentive, a government
241 entity must require the recipient or applicant to provide the
242 government entity with an affidavit signed under penalty of
243 perjury attesting that the recipient or applicant is not a
244 foreign entity.
245      (4) The department shall adopt rules to administer this
246 section, including rules establishing the form for the affidavit
247 required under subsection (3).
248      Section 3. The Division of Law Revision is directed to
249 create part III of chapter 692, Florida Statutes, consisting of
250 ss. 692.201, 692.202, 692.203, and 692.204, Florida Statutes, to
251 be entitled "Conveyances to Foreign Entities."
252      Section 4. Section 692.201, Florida Statutes, is created to
253 read:
254      692.201 Definitions.—As used in this part, the term:
255      (1) "Agricultural land" means land classified as
256 agricultural under s. 193.461.
257      (2) "Critical infrastructure facility" means any of the
258 following, if it employs measures such as fences, barriers, or
259 guard posts that are designed to exclude unauthorized persons:
260      (a) A chemical manufacturing facility.
261      (b) A refinery.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                            2023264c2

262        (c) An electrical power plant as defined in s. 403.031(20),
263  including a substation, switching station, electrical control
264  center, or electric transmission or distribution facility.
265        (d) A water intake structure, water treatment facility,
266  wastewater treatment plant, or pump station.
267        (e) A natural gas transmission compressor station.
268        (f) A liquid natural gas terminal or storage facility.
269        (g) A telecommunications central switching office.
270        (h) An inland port or other facility or group of facilities
271  serving as a point of intermodal transfer of freight in a
272  specific area physically separated from a seaport.
273        (i) A gas processing plant, including a plant used in the
274  processing, treatment, or fractionation of natural gas.
275        (j) A seaport as listed in s. 311.09.
276        (k) A spaceport territory as defined in s. 331.303(18).
277        (3) "Foreign country of concern" means the People's
278  Republic of China, the Russian Federation, the Islamic Republic
279  of Iran, the Democratic People's Republic of Korea, the Republic
280  of Cuba, the Venezuelan regime of Nicolás Maduro, or the Syrian
281  Arab Republic, including any agency of or any other entity of
282  significant control of such foreign country of concern.
283        (4) "Foreign principal" means:
284        (a) The government or any official of the government of a
285  foreign country of concern;
286        (b) A political party or member of a political party or any
287  subdivision of a political party in a foreign country of
288  concern;
289        (c) A partnership, association, corporation, organization,
290  or other combination of persons organized under the laws of or

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                          2023264c2

291 having its principal place of business in a foreign country of
292 concern, or a subsidiary of such entity;
293      (d) Any person who is domiciled in a foreign country of
294 concern and is not a citizen or lawful permanent resident of the
295 United States.
296      (5) "Military installation" has the same meaning as in 10
297 U.S.C. s. 2801(c)(4) and includes an armory as defined in s.
298 250.01.
299      (6) "Real property" means land, buildings, fixtures, and
300 all other improvements to land.
301      Section 5. Section 692.202, Florida Statutes, is created to
302 read:
303      692.202 Purchase of agricultural land by foreign principals
304 prohibited.—
305      (1) A foreign principal may not directly or indirectly own
306 or acquire by purchase, grant, devise, or descent agricultural
307 land or any interest in such land in the state. This prohibition
308 does not apply to a foreign principal that acquires agricultural
309 land for a diplomatic purpose that is recognized, acknowledged,
310 or allowed by the Federal Government.
311      (2) A foreign principal that directly or indirectly owns or
312 acquires agricultural land or any interest in such land in the
313 state before July 1, 2023, may continue to own or hold such land
314 or interest, but may not purchase or otherwise acquire by grant,
315 devise, or descent any additional agricultural land or interest
316 in such land in the state.
317      (3)(a) A foreign principal that directly or indirectly owns
318 or acquires agricultural land or any interest in such land in
319 the state before July 1, 2023, must register with the Department

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                              2023264c2

320 of Agriculture and Consumer Services by January 1, 2024. The
321 department must establish a form for such registration, which,
322 at minimum, must include all of the following:
323     1. The name of the owner of the agricultural land or the
324 owner of the interest in such land.
325     2. The address of the agricultural land, the property
326 appraiser's parcel identification number, and the property's
327 legal description.
328     3. The number of acres of the agricultural land.
329     (b) A foreign principal that fails to timely file a
330 registration with the department is subject to a civil penalty
331 of $1,000 for each day that the registration is late. The
332 department may place a lien against the unregistered
333 agricultural land for the unpaid balance of any penalties
334 assessed under this paragraph.
335     (4) Notwithstanding subsection (1), a foreign principal may
336 acquire agricultural land on or after July 1, 2023, by devise or
337 descent, through the enforcement of security interests, or
338 through the collection of debts, provided that the foreign
339 principal sells, transfers, or otherwise divests itself of the
340 agricultural land within 2 years after acquiring the
341 agricultural land.
342     (5)(a) At the time of purchase, a buyer of agricultural
343 land or an interest in such land must provide an affidavit
344 signed under penalty of perjury attesting that the buyer is:
345     1. Not a foreign principal; and
346     2. In compliance with the requirements of this section.
347     (b) The failure to obtain or maintain the affidavit does
348 not:

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                           2023264c2

349    1. Affect the title or insurability of the title for the
350    agricultural land; or
351    2. Subject the closing agent to civil or criminal liability
352    except for liability under chapter 837, unless the closing agent
353    has actual knowledge that the transaction will result in a
354    violation of this section.
355    (c) The Florida Real Estate Commission shall adopt rules to
356    implement this subsection, including rules establishing the form
357    for the affidavit required under this subsection.
358    (6)(a) The agricultural land or an interest in such land
359    that is owned or acquired in violation of this section may be
360    forfeited to the state.
361    (b) The Department of Agriculture and Consumer Services may
362    initiate a civil action in the circuit court of the county in
363    which the property lies for the forfeiture of the agricultural
364    land or any interest therein.
365    (c) Upon filing such action, the clerk must record a lis
366    pendens in accordance with s. 48.23. The court must advance the
367    cause on the calendar. The defendant may at any time petition to
368    modify or discharge the lis pendens based upon a finding that
369    there is no probable cause to believe that the agricultural
370    land, or any portion thereof, is owned or held in violation of
371    this section.
372    (d) If the court finds that the agricultural land, or any
373    portion thereof, is owned or held in violation of this section,
374    the court must enter a final judgment of forfeiture vesting
375    title to the agricultural land in the state, subject only to the
376    rights and interests of bona fide lienholders, and such final
377    judgment relates back to the date of the lis pendens.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                              2023264c2

378        (e) The department may sell the agricultural land subject
379   to a final judgment of forfeiture. Any proceeds from the sale
380   must first be paid to any lienholders of the land, followed by
381   payment of any outstanding fines assessed pursuant to this
382   section, after which the department must be reimbursed for all
383   costs related to the forfeiture civil action and any costs
384   related to the sale of the land. Any remaining proceeds must be
385   paid to the property owner.
386        (f) At any time during the forfeiture proceeding the
387   department may seek an ex parte order of seizure of the
388   agricultural land upon a showing that the defendant's control of
389   the agricultural land constitutes a clear and present danger to
390   the state.
391        (7) A foreign principal that purchases or acquires
392   agricultural land or any interest therein in violation of this
393   section commits a misdemeanor of the second degree, punishable
394   as provided in s. 775.082 or s. 775.083.
395        (8) A person who knowingly sells agricultural land or any
396   interest therein in violation of this section commits a
397   misdemeanor of the second degree, punishable as provided in s.
398   775.082 or s. 775.083.
399        (9) The Department of Agriculture and Consumer Services
400   shall adopt rules to implement this section.
401        Section 6. Section 692.203, Florida Statutes, is created to
402   read:
403        692.203 Purchase of real property around military
404   installations and critical infrastructure facilities by foreign
405   principals prohibited.—
406        (1) A foreign principal may not directly or indirectly own

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                          2023264c2

407 or acquire by purchase, grant, devise, or descent any interest
408 in real property within 20 miles of any military installation or
409 critical infrastructure facility in the state. This prohibition
410 does not apply to a foreign principal that acquires real
411 property for a diplomatic purpose that is recognized,
412 acknowledged, or allowed by the Federal Government.
413      (2) A foreign principal that directly or indirectly owns or
414 acquires any interest in real property within 20 miles of any
415 military installation or critical infrastructure facility in the
416 state before July 1, 2023, may continue to own or hold such real
417 property, but may not purchase or otherwise acquire by grant,
418 devise, or descent any additional real property within 20 miles
419 of any military installation or critical infrastructure facility
420 in the state.
421      (3)(a) A foreign principal that owns or acquires real
422 property within 20 miles of any military installation or
423 critical infrastructure facility in the state before July 1,
424 2023, must register with the Department of Economic Opportunity
425 by January 1, 2024. The department must establish a form for
426 such registration which, at a minimum, must include all of the
427 following:
428      1. The name of the owner of the real property.
429      2. The address of the real property, the property
430 appraiser's parcel identification number, and the property's
431 legal description.
432      (b) A foreign principal that fails to timely file a
433 registration with the department is subject to a civil penalty
434 of $1,000 for each day that the registration is late. The
435 department may place a lien against the unregistered real

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                        2023264c2

436 property for the unpaid balance of any penalties assessed under
437 this paragraph.
438     (4) Notwithstanding subsection (1), a foreign principal may
439 acquire real property or any interest therein which is within 20
440 miles of any military installation or critical infrastructure
441 facility in the state on or after July 1, 2023, by devise or
442 descent, through the enforcement of security interests, or
443 through the collection of debts, provided that the foreign
444 principal sells, transfers, or otherwise divests itself of such
445 real property within 2 years after acquiring the real property.
446     (5)(a) At the time of purchase, a buyer of the real
447 property that is within 20 miles of any military installation or
448 critical infrastructure facility in this state must provide an
449 affidavit signed under penalty of perjury attesting that the
450 buyer is:
451     1. Not a foreign principal; and
452     2. In compliance with the requirements of this section.
453     (b) The failure to obtain or maintain the affidavit does
454 not:
455     1. Affect the title or insurability of the title for the
456 real property; or
457     2. Subject the closing agent to civil or criminal liability
458 except for liability under chapter 837, unless the closing agent
459 has actual knowledge that the transaction will result in a
460 violation of this section.
461     (c) The Florida Real Estate Commission shall adopt rules to
462 implement this subsection, including rules establishing the form
463 for the affidavit required under this subsection.
464     (6)(a) If any real property is owned or acquired in

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                        2023264c2

465 violation of this section, the real property may be forfeited to

466 the state.

467     (b) The Department of Economic Opportunity may initiate a

468 civil action in the circuit court of the county in which the

469 property lies for the forfeiture of the real property or any

470 interest therein.

471     (c) Upon filing such action, the clerk must record a lis

472 pendens in accordance with s. 48.23. The court must advance the

473 cause on the calendar. The defendant may at any time petition to

474 modify or discharge the lis pendens based upon a finding that

475 there is no probable cause to believe that the real property, or

476 any portion thereof, is owned or held in violation of this

477 section.

478     (d) If the court finds that the real property, or any

479 portion thereof, is owned or held in violation of this section,

480 the court must enter a final judgment of forfeiture vesting

481 title to the real property in the state, subject only to the

482 rights and interests of bona fide lienholders, and such final

483 judgment relates back to the date of the lis pendens.

484     (e) The department may sell the real property subject to a

485 final judgment of forfeiture. Any proceeds from the sale must

486 first be paid to any lienholders of the land, followed by

487 payment of any outstanding fines assessed pursuant to this

488 section, after which the department must be reimbursed for all

489 costs related to the forfeiture civil action and any costs

490 related to the sale of the land. Any remaining proceeds must be

491 paid to the property owner.

492     (f) At any time during the forfeiture proceeding the

493 department may seek an ex parte order of seizure of the real

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                              2023264c2

494 property upon a showing that the defendant's control of the real
495 property constitutes a clear and present danger to the state.
496     (7) A foreign principal that purchases or acquires real
497 property or any interest therein in violation of this section
498 commits a misdemeanor of the second degree, punishable as
499 provided in s. 775.082 or s. 775.083.
500     (8) A person who knowingly sells real property or any
501 interest therein in violation of this section commits a
502 misdemeanor of the second degree, punishable as provided in s.
503 775.082 or s. 775.083.
504     (9) The Department of Economic Opportunity shall adopt
505 rules to implement this section.
506     Section 7. Section 692.204, Florida Statutes, is created to
507 read:
508     692.204 Purchase or acquisition of real property by the
509 People's Republic of China prohibited.—
510     (1)(a) The following persons or entities may not directly
511 or indirectly own or acquire by purchase, grant, devise, or
512 descent any interest in real property in the state:
513     1. The People's Republic of China, the Chinese Communist
514 Party, or any official or member of the People's Republic of
515 China or the Chinese Communist Party.
516     2. Any other political party or member of a political party
517 or a subdivision of a political party in the People's Republic
518 of China.
519     3. A partnership, an association, a corporation, an
520 organization, or any other combination of persons organized
521 under the laws of or having its principal place of business in
522 the People's Republic of China, or a subsidiary of such entity.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                      2023264c2

523     4. Any person who is domiciled in the People's Republic of
524 China and who is not a citizen or lawful permanent resident of
525 the United States.
526     (b) Paragraph (a) does not apply to a person or entity of
527 the People's Republic of China that acquires real property for a
528 diplomatic purpose that is recognized, acknowledged, or allowed
529 by the Federal Government.
530     (2) A person or entity described in paragraph (1)(a) that
531 directly or indirectly owns or acquires any interest in real
532 property in the state before July 1, 2023, may continue to own
533 or hold such real property, but may not purchase or otherwise
534 acquire by grant, devise, or descent any additional real
535 property in the state.
536     (3)(a) A person or entity described in paragraph (1)(a)
537 that owns or acquires real property in the state before July 1,
538 2023, must register with the Department of Economic Opportunity
539 by January 1, 2024. The department must establish a form for
540 such registration which, at a minimum, must include all of the
541 following:
542     1. The name of the owner of the real property.
543     2. The address of the real property, the property
544 appraiser's parcel identification number, and the property's
545 legal description.
546     (b) A person or entity that fails to timely file a
547 registration with the department is subject to a civil penalty
548 of $1,000 for each day that the registration is late. The
549 department may place a lien against the unregistered real
550 property for the unpaid balance of any penalties assessed under
551 this paragraph.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                                2023264c2

552          (4) Notwithstanding subsection (1), a person or an entity
553     described in paragraph (1)(a) may acquire real property in the
554     state on or after July 1, 2023, by devise or descent, through
555     the enforcement of security interests, or through the collection
556     of debts, provided that the person or entity sells, transfers,
557     or otherwise divests itself of such real property within 2 years
558     after acquiring the real property unless the person or entity is
559     exempt under paragraph (1)(b).
560          (5)(a) At the time of purchase, a buyer of real property in
561     the state must provide an affidavit signed under penalty of
562     perjury attesting that the buyer is:
563          1. Not a person or entity described in paragraph (1)(a);
564     and
565          2. In compliance with the requirements of this section.
566          (b) The failure to obtain or maintain the affidavit does
567     not:
568          1. Affect the title or insurability of the title for the
569     real property; or
570          2. Subject the closing agent to civil or criminal liability
571     except for liability under chapter 837, unless the closing agent
572     has actual knowledge that the transaction will result in a
573     violation of this section.
574          (c) The Florida Real Estate Commission shall adopt rules to
575     implement this subsection, including rules establishing the form
576     for the affidavit required under this subsection.
577          (6)(a) If any real property is owned or acquired in
578     violation of this section, the real property may be forfeited to
579     the state.
580          (b) The Department of Economic Opportunity may initiate a

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                              2023264c2

581 civil action in the circuit court of the county in which the
582 property lies for the forfeiture of the real property or any
583 interest therein.
584     (c) Upon filing such action, the clerk must record a lis
585 pendens in accordance with s. 48.23. The court must advance the
586 cause on the calendar. The defendant may at any time petition to
587 modify or discharge the lis pendens based upon a finding that
588 there is no probable cause to believe that the real property, or
589 any portion thereof, is owned or held in violation of this
590 section.
591     (d) If the court finds that the real property, or any
592 portion thereof, is owned or held in violation of this section,
593 the court must enter a final judgment of forfeiture vesting
594 title to the real property in the state, subject only to the
595 rights and interests of bona fide lienholders, and such final
596 judgment relates back to the date of the lis pendens.
597     (e) The department may sell the real property subject to a
598 final judgment of forfeiture. Any proceeds from the sale must
599 first be paid to any lienholders of the land, followed by
600 payment of any outstanding fines assessed pursuant to this
601 section, after which the department must be reimbursed for all
602 costs related to the forfeiture civil action and any costs
603 related to the sale of the land. Any remaining proceeds must be
604 paid to the property owner.
605     (f) At any time during the forfeiture proceeding the
606 department may seek an ex parte order of seizure of the real
607 property upon a showing that the defendant's control of the real
608 property constitutes a clear and present danger to the state.
609     (7) A violation of this section constitutes a felony of the

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                        2023264c2

610  third degree, punishable as provided in s. 775.082, s. 775.083,
611  or s. 775.084.
612      (8) A person who sells real property or any interest
613  therein in violation of this section commits a misdemeanor of
614  the first degree, punishable as provided in s. 775.082 or s.
615  775.083.
616      (9) The Department of Economic Opportunity shall adopt
617  rules to implement this section.
618      Section 8. Present subsections (3), (4), and (5) of section
619  408.051, Florida Statutes, are redesignated as subsections (4),
620  (5), and (6), respectively, a new subsection (3) is added to
621  that section, and subsection (2) of that section is reordered
622  and amended, to read:
623      408.051 Florida Electronic Health Records Exchange Act.—
624      (2) DEFINITIONS.—As used in this section, the term:
625      (c)(a) "Electronic health record" means a record of a
626  person's medical treatment which is created by a licensed health
627  care provider and stored in an interoperable and accessible
628  digital format.
629      (i)(b) "Qualified electronic health record" means an
630  electronic record of health-related information concerning an
631  individual which includes patient demographic and clinical
632  health information, such as medical history and problem lists,
633  and which has the capacity to provide clinical decision support,
634  to support physician order entry, to capture and query
635  information relevant to health care quality, and to exchange
636  electronic health information with, and integrate such
637  information from, other sources.
638      (a)(c) "Certified electronic health record technology"

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                                    2023264c2

639  means a qualified electronic health record that is certified
640  pursuant to s. 3001(c)(5) of the Public Health Service Act as
641  meeting standards adopted under s. 3004 of such act which are
642  applicable to the type of record involved, such as an ambulatory
643  electronic health record for office-based physicians or an
644  inpatient hospital electronic health record for hospitals.
645      (b) "Cloud computing" has the same meaning as in s.
646  282.0041.
647      (d) "Health care provider" means any of the following:
648      1. A provider as defined in s. 408.803.
649      2. A health care practitioner as defined in s. 456.001.
650      3. A health care professional certified under part IV of
651  chapter 468.
652      4. A home health aide as defined in s. 400.462.
653      5. A service provider as defined in s. 394.455 and the
654  service provider's clinical and nonclinical staff who provide
655  inpatient or outpatient services.
656      6. A continuing care facility licensed under chapter 651.
657      7. A pharmacy permitted under chapter 465.
658      (e)(d) "Health record" means any information, recorded in
659  any form or medium, which relates to the past, present, or
660  future health of an individual for the primary purpose of
661  providing health care and health-related services.
662      (f)(e) "Identifiable health record" means any health record
663  that identifies the patient or with respect to which there is a
664  reasonable basis to believe the information can be used to
665  identify the patient.
666      (g)(f) "Patient" means an individual who has sought, is
667  seeking, is undergoing, or has undergone care or treatment in a

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                              2023264c2

668  health care facility or by a health care provider.

669      (h)(g) "Patient representative" means a parent of a minor

670  patient, a court-appointed guardian for the patient, a health

671  care surrogate, or a person holding a power of attorney or

672  notarized consent appropriately executed by the patient granting

673  permission to a health care facility or health care provider to

674  disclose the patient's health care information to that person.

675  In the case of a deceased patient, the term also means the

676  personal representative of the estate of the deceased patient;

677  the deceased patient's surviving spouse, surviving parent, or

678  surviving adult child; the parent or guardian of a surviving

679  minor child of the deceased patient; the attorney for the

680  patient's surviving spouse, parent, or adult child; or the

681  attorney for the parent or guardian of a surviving minor child.

682      (3) SECURITY AND STORAGE OF PERSONAL MEDICAL INFORMATION.—

683  In addition to the requirements in 45 C.F.R. part 160 and

684  subparts A and C of part 164, a health care provider that

685  utilizes certified electronic health record technology must

686  ensure that all patient information stored in an offsite

687  physical or virtual environment, including through a third-party

688  or subcontracted computing facility or an entity providing cloud

689  computing services, is physically maintained in the continental

690  United States or its territories or Canada. This subsection

691  applies to all qualified electronic health records that are

692  stored using any technology that can allow information to be

693  electronically retrieved, accessed, or transmitted.

694      Section 9. Subsections (14) and (15) are added to section

695  408.810, Florida Statutes, to read:

696      408.810 Minimum licensure requirements.—In addition to the

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                          2023264c2

697  licensure requirements specified in this part, authorizing
698  statutes, and applicable rules, each applicant and licensee must
699  comply with the requirements of this section in order to obtain
700  and maintain a license.

701       (14) The licensee must sign an affidavit at the time of his
702  or her initial application for a license and on any renewal
703  applications thereafter that attests under penalty of perjury
704  that he or she is in compliance with s. 408.051(3). The licensee
705  must remain in compliance with s. 408.051(3) or the licensee
706  shall be subject to disciplinary action by the agency.

707       (15)(a) The licensee must ensure that a person or entity
708  who possesses a controlling interest does not hold, either
709  directly or indirectly, regardless of ownership structure, an
710  interest in an entity that has a business relationship with a
711  foreign country of concern or that is subject to s. 287.135.

712       (b) For purposes of this subsection, the term:

713       1. "Business relationship" means engaging in commerce in
714  any form, including, but not limited to, acquiring, developing,
715  maintaining, owning, selling, possessing, leasing, or operating
716  equipment, facilities, personnel, products, services, personal
717  property, real property, military equipment, or any other
718  apparatus of business or commerce.

719       2. "Foreign country of concern" has the same meaning as in
720  s. 692.201.

721       3. "Interest" has the same meaning as in s. 286.101(1).

722       Section 10. Section 836.05, Florida Statutes, is amended to
723  read:

724       836.05 Threats; extortion.—

725       (1) Whoever, either verbally or by a written or printed

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

595-02897A-23                                              2023264c2

726  communication, maliciously threatens to accuse another of any
727  crime or offense, or by such communication maliciously threatens
728  an injury to the person, property or reputation of another, or
729  maliciously threatens to expose another to disgrace, or to
730  expose any secret affecting another, or to impute any deformity
731  or lack of chastity to another, with intent thereby to extort
732  money or any pecuniary advantage whatsoever, or with intent to
733  compel the person so threatened, or any other person, to do any
734  act or refrain from doing any act against his or her will,
735  commits shall be guilty of a felony of the second degree,
736  punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
737       (2) A person who commits a violation of subsection (1) and
738  at the time of the violation is acting as a foreign agent, as
739  defined in s. 812.081(1), with the intent of benefiting a
740  foreign country of concern, as defined in s. 692.201, commits a
741  felony of the first degree, punishable as provided in s.
742  775.082, s. 775.083, or s. 775.084.
743       Section 11. This act shall take effect July 1, 2023.

**CODING:** Words stricken are deletions; words underlined are additions.