EXHIBIT 43

708856

LEGISLATIVE ACTION

| Senate | . | House |
|---|---|---|
| | . | |
| | . | |
| | . | |
| | . | |
| | . | |

Senator Collins moved the following:

**Senate Amendment (with title amendment)**

Delete lines 250 - 617

and insert:

ss. 692.201, 692.202, 692.203, 692.204, and 692.205, Florida Statutes, to be entitled "Conveyances to Foreign Entities."

Section 4. Section 692.201, Florida Statutes, is created to read:

692.201 Definitions.—As used in this part, the term:

(1) "Agricultural land" means land classified as agricultural under s. 193.461.

708856

(2) "Critical infrastructure facility" means any of the following, if it employs measures such as fences, barriers, or guard posts that are designed to exclude unauthorized persons:

(a) A chemical manufacturing facility.

(b) A refinery.

(c) An electrical power plant as defined in s. 403.031(20), including a substation, switching station, electrical control center, or electric transmission or distribution facility.

(d) A water intake structure, water treatment facility, wastewater treatment plant, or pump station.

(e) A natural gas transmission compressor station.

(f) A liquid natural gas terminal or storage facility.

(g) A telecommunications central switching office.

(h) An inland port or other facility or group of facilities serving as a point of intermodal transfer of freight in a specific area physically separated from a seaport.

(i) A gas processing plant, including a plant used in the processing, treatment, or fractionation of natural gas.

(j) A seaport as listed in s. 311.09.

(k) A spaceport territory as defined in s. 331.303(18).

(3) "Foreign country of concern" means the People's Republic of China, the Russian Federation, the Islamic Republic of Iran, the Democratic People's Republic of Korea, the Republic of Cuba, the Venezuelan regime of Nicolás Maduro, or the Syrian Arab Republic, including any agency of or any other entity of significant control of such foreign country of concern.

(4) "Foreign principal" means:

(a) The government or any official of the government of a foreign country of concern;

708856

(b) A political party or member of a political party or any subdivision of a political party in a foreign country of concern;

(c) A partnership, association, corporation, organization, or other combination of persons organized under the laws of or having its principal place of business in a foreign country of concern, or a subsidiary of such entity;

(d) Any person who is domiciled in a foreign country of concern and is not a citizen or lawful permanent resident of the United States.

(5) "Military installation" has the same meaning as in 10 U.S.C. s. 2801(c)(4) and includes an armory as defined in s. 250.01.

(6) "Real property" means land, buildings, fixtures, and all other improvements to land.

Section 5. Section 692.202, Florida Statutes, is created to read:

692.202 Purchase of agricultural land by foreign principals prohibited.—

(1) A foreign principal may not directly or indirectly own or acquire by purchase, grant, devise, or descent agricultural land or any interest, except a de minimus indirect interest, in such land in this state. A foreign principal has a de minimus indirect interest if any ownership in such land is the result of the foreign principal's ownership of registered equities in a publicly traded company owning the land and if the foreign principal's ownership interest in the company is less than 5 percent of any class of registered equities or less than 5 percent in the aggregate in multiple classes of registered



708856

equities.

(2) A foreign principal that directly or indirectly owns or acquires agricultural land or any interest in such land in this state before July 1, 2023, may continue to own or hold such land or interest, but may not purchase or otherwise acquire by grant, devise, or descent any additional agricultural land or interest in such land in this state.

(3)(a) A foreign principal that directly or indirectly owns or acquires agricultural land or any interest in such land in this state before July 1, 2023, must register with the Department of Agriculture and Consumer Services by January 1, 2024. The department must establish a form for such registration, which, at minimum, must include all of the following:

1. The name of the owner of the agricultural land or the owner of the interest in such land.

2. The address of the agricultural land, the property appraiser's parcel identification number, and the property's legal description.

3. The number of acres of the agricultural land.

(b) A foreign principal that fails to timely file a registration with the department is subject to a civil penalty of $1,000 for each day that the registration is late. The department may place a lien against the unregistered agricultural land for the unpaid balance of any penalties assessed under this paragraph.

(4) Notwithstanding subsection (1), a foreign principal may acquire agricultural land on or after July 1, 2023, by devise or descent, through the enforcement of security interests, or

708856

through the collection of debts, provided that the foreign principal sells, transfers, or otherwise divests itself of the agricultural land within 2 years after acquiring the agricultural land.

(5)(a) At the time of purchase, a buyer of agricultural land or an interest in such land must provide an affidavit signed under penalty of perjury attesting that the buyer is:

1. Not a foreign principal; and

2. In compliance with the requirements of this section.

(b) The failure to obtain or maintain the affidavit does not:

1. Affect the title or insurability of the title for the agricultural land; or

2. Subject the closing agent to civil or criminal liability, unless the closing agent has actual knowledge that the transaction will result in a violation of this section.

(c) The Florida Real Estate Commission shall adopt rules to implement this subsection, including rules establishing the form for the affidavit required under this subsection.

(6)(a) The agricultural land or an interest in such land that is owned or acquired in violation of this section may be forfeited to the state.

(b) The Department of Agriculture and Consumer Services may initiate a civil action in the circuit court of the county in which the property lies for the forfeiture of the agricultural land or any interest therein.

(c) Upon filing such action, the clerk must record a lis pendens in accordance with s. 48.23. The court must advance the cause on the calendar. The defendant may at any time petition to

708856

modify or discharge the lis pendens based upon a finding that there is no probable cause to believe that the agricultural land, or any portion thereof, is owned or held in violation of this section.

(d) If the court finds that the agricultural land, or any portion thereof, is owned or held in violation of this section, the court must enter a final judgment of forfeiture vesting title to the agricultural land in this state, subject only to the rights and interests of bona fide lienholders, and such final judgment relates back to the date of the lis pendens.

(e) The department may sell the agricultural land subject to a final judgment of forfeiture. Any proceeds from the sale must first be paid to any lienholders of the land, followed by payment of any outstanding fines assessed pursuant to this section, after which the department must be reimbursed for all costs related to the forfeiture civil action and any costs related to the sale of the land. Any remaining proceeds must be paid to the property owner.

(f) At any time during the forfeiture proceeding the department may seek an ex parte order of seizure of the agricultural land upon a showing that the defendant's control of the agricultural land constitutes a clear and present danger to the state.

(7) A foreign principal that purchases or acquires agricultural land or any interest therein in violation of this section commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

(8) A person who knowingly sells agricultural land or any interest therein in violation of this section commits a



708856

misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

(9) The Department of Agriculture and Consumer Services shall adopt rules to implement this section.

Section 6. Section 692.203, Florida Statutes, is created to read:

692.203 Purchase of real property around military installations and critical infrastructure facilities by foreign principals prohibited.—

(1) A foreign principal may not directly or indirectly own or acquire by purchase, grant, devise, or descent any interest, except a de minimus indirect interest, in real property within 20 miles of any military installation or critical infrastructure facility in this state. A foreign principal has a de minimus indirect interest if any ownership is the result of the foreign principal's ownership of registered equities in a publicly traded company owning the land and if the foreign principal's ownership interest in the company is less than 5 percent of any class of registered equities or less than 5 percent in the aggregate in multiple classes of registered equities.

(2) A foreign principal that directly or indirectly owns or acquires any interest in real property within 20 miles of any military installation or critical infrastructure facility in this state before July 1, 2023, may continue to own or hold such real property, but may not purchase or otherwise acquire by grant, devise, or descent any additional real property within 20 miles of any military installation or critical infrastructure facility in this state.

(3)(a) A foreign principal that owns or acquires real

708856

property within 20 miles of any military installation or critical infrastructure facility in this state before July 1, 2023, must register with the Department of Economic Opportunity by January 1, 2024. The department must establish a form for such registration which, at a minimum, must include all of the following:

1. The name of the owner of the real property.

2. The address of the real property, the property appraiser's parcel identification number, and the property's legal description.

(b) A foreign principal that fails to timely file a registration with the department is subject to a civil penalty of $1,000 for each day that the registration is late. The department may place a lien against the unregistered real property for the unpaid balance of any penalties assessed under this paragraph.

(4) Notwithstanding subsection (1), a foreign principal may acquire real property or any interest therein which is within 20 miles of any military installation or critical infrastructure facility in this state on or after July 1, 2023, by devise or descent, through the enforcement of security interests, or through the collection of debts, provided that the foreign principal sells, transfers, or otherwise divests itself of such real property within 2 years after acquiring the real property.

(5)(a) At the time of purchase, a buyer of the real property that is within 20 miles of any military installation or critical infrastructure facility in this state must provide an affidavit signed under penalty of perjury attesting that the buyer is:

708856

1. Not a foreign principal; and

2. In compliance with the requirements of this section.

(b) The failure to obtain or maintain the affidavit does not:

1. Affect the title or insurability of the title for the real property; or

2. Subject the closing agent to civil or criminal liability, unless the closing agent has actual knowledge that the transaction will result in a violation of this section.

(c) The Florida Real Estate Commission shall adopt rules to implement this subsection, including rules establishing the form for the affidavit required under this subsection.

(6)(a) If any real property is owned or acquired in violation of this section, the real property may be forfeited to the state.

(b) The Department of Economic Opportunity may initiate a civil action in the circuit court of the county in which the property lies for the forfeiture of the real property or any interest therein.

(c) Upon filing such action, the clerk must record a lis pendens in accordance with s. 48.23. The court must advance the cause on the calendar. The defendant may at any time petition to modify or discharge the lis pendens based upon a finding that there is no probable cause to believe that the real property, or any portion thereof, is owned or held in violation of this section.

(d) If the court finds that the real property, or any portion thereof, is owned or held in violation of this section, the court must enter a final judgment of forfeiture vesting

708856

title to the real property in this state, subject only to the rights and interests of bona fide lienholders, and such final judgment relates back to the date of the lis pendens.

(e) The department may sell the real property subject to a final judgment of forfeiture. Any proceeds from the sale must first be paid to any lienholders of the land, followed by payment of any outstanding fines assessed pursuant to this section, after which the department must be reimbursed for all costs related to the forfeiture civil action and any costs related to the sale of the land. Any remaining proceeds must be paid to the property owner.

(f) At any time during the forfeiture proceeding the department may seek an ex parte order of seizure of the real property upon a showing that the defendant's control of the real property constitutes a clear and present danger to the state.

(7) A foreign principal that purchases or acquires real property or any interest therein in violation of this section commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

(8) A person who knowingly sells real property or any interest therein in violation of this section commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

(9) The Department of Economic Opportunity shall adopt rules to implement this section.

Section 7. Section 692.204, Florida Statutes, is created to read:

692.204 Purchase or acquisition of real property by the People's Republic of China prohibited.—

708856

(1)(a) The following persons or entities may not directly or indirectly own or acquire by purchase, grant, devise, or descent any interest, except a de minimus indirect interest, in real property in this state:

1. The People's Republic of China, the Chinese Communist Party, or any official or member of the People's Republic of China or the Chinese Communist Party.

2. Any other political party or member of a political party or a subdivision of a political party in the People's Republic of China.

3. A partnership, an association, a corporation, an organization, or any other combination of persons organized under the laws of or having its principal place of business in the People's Republic of China, or a subsidiary of such entity.

4. Any person who is domiciled in the People's Republic of China and who is not a citizen or lawful permanent resident of the United States.

(b) A person or entity has a de minimus indirect interest if any ownership is the result of the person's or entity's ownership of registered equities in a publicly traded company owning the land and if the person's or entity's ownership interest in the company is less than 5 percent of any class of registered equities or less than 5 percent in the aggregate in multiple classes of registered equities.

(2) A person or entity described in paragraph (1)(a) that directly or indirectly owns or acquires any interest in real property in this state before July 1, 2023, may continue to own or hold such real property, but may not purchase or otherwise acquire by grant, devise, or descent any additional real



708856

property in this state.

(3)(a) A person or entity described in paragraph (1)(a) that owns or acquires real property in this state before July 1, 2023, must register with the Department of Economic Opportunity by January 1, 2024. The department must establish a form for such registration which, at a minimum, must include all of the following:

1. The name of the owner of the real property.

2. The address of the real property, the property appraiser's parcel identification number, and the property's legal description.

(b) A person or entity that fails to timely file a registration with the department is subject to a civil penalty of $1,000 for each day that the registration is late. The department may place a lien against the unregistered real property for the unpaid balance of any penalties assessed under this paragraph.

(4) Notwithstanding subsection (1), a person or an entity described in paragraph (1)(a) may acquire real property in this state on or after July 1, 2023, by devise or descent, through the enforcement of security interests, or through the collection of debts, provided that the person or entity sells, transfers, or otherwise divests itself of such real property within 2 years after acquiring the real property, unless the person or entity is exempt under s. 692.205.

(5)(a) At the time of purchase, a buyer of real property in this state must provide an affidavit signed under penalty of perjury attesting that the buyer is:

1. Not a person or entity described in paragraph (1)(a);

708856

and

2. In compliance with the requirements of this section.

(b) The failure to obtain or maintain the affidavit does not:

1. Affect the title or insurability of the title for the real property; or

2. Subject the closing agent to civil or criminal liability, unless the closing agent has actual knowledge that the transaction will result in a violation of this section.

(c) The Florida Real Estate Commission shall adopt rules to implement this subsection, including rules establishing the form for the affidavit required under this subsection.

(6)(a) If any real property is owned or acquired in violation of this section, the real property may be forfeited to the state.

(b) The Department of Economic Opportunity may initiate a civil action in the circuit court of the county in which the property lies for the forfeiture of the real property or any interest therein.

(c) Upon filing such action, the clerk must record a lis pendens in accordance with s. 48.23. The court must advance the cause on the calendar. The defendant may at any time petition to modify or discharge the lis pendens based upon a finding that there is no probable cause to believe that the real property, or any portion thereof, is owned or held in violation of this section.

(d) If the court finds that the real property, or any portion thereof, is owned or held in violation of this section, the court must enter a final judgment of forfeiture vesting

708856

title to the real property in this state, subject only to the rights and interests of bona fide lienholders, and such final judgment relates back to the date of the lis pendens.

(e) The department may sell the real property subject to a final judgment of forfeiture. Any proceeds from the sale must first be paid to any lienholders of the land, followed by payment of any outstanding fines assessed pursuant to this section, after which the department must be reimbursed for all costs related to the forfeiture civil action and any costs related to the sale of the land. Any remaining proceeds must be paid to the property owner.

(f) At any time during the forfeiture proceeding the department may seek an ex parte order of seizure of the real property upon a showing that the defendant's control of the real property constitutes a clear and present danger to the state.

(7) A violation of this section constitutes a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(8) A person who sells real property or any interest therein in violation of this section commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(9) The Department of Economic Opportunity shall adopt rules to implement this section.

Section 8. Section 692.205, Florida Statutes, is created to read:

692.205 Inapplicability of this part to real property for diplomatic purposes.—This part does not apply to a foreign principal that acquires real property for a diplomatic purpose

708856

<u>that is recognized, acknowledged, or allowed by the Federal Government.</u>

================= T I T L E  A M E N D M E N T ================

And the title is amended as follows:

Delete lines 25 - 111

and insert:

having more than a de minimus indirect interest in such land, and certain real property in this state, respectively; authorizing foreign principals to continue to own or hold such land or property under certain circumstances; requiring certain foreign principals that own or acquire such land or real property to register with a specified department; requiring the Department of Agriculture and Consumer Services and the Department of Economic Opportunity, respectively, to establish a form for such registration; providing civil penalties; authorizing the Department of Agriculture and Consumer Services and the Department of Economic Opportunity to place a lien against unregistered agricultural land or real property, respectively; requiring certain foreign principals to sell, transfer, or otherwise divest themselves of certain agricultural land or real property within a specified timeframe; requiring buyers of such land or property to provide a signed affidavit; specifying that the failure to maintain or obtain the affidavit does not affect the title or insurability of the title for the agricultural land or

708856

real property, respectively, or subject the closing agent to certain liability; authorizing the Florida Real Estate Commission to adopt rules; authorizing that certain agricultural land or real property be forfeited to the state; authorizing the Department of Agriculture and Consumer Services and the Department of Economic Opportunity to initiate civil actions for forfeiture of the interest in agricultural land or real property, respectively; requiring that such actions be filed in a certain circuit court; requiring clerks to record a lis pendens; requiring courts to advance the cause on the calendar; authorizing defendants to petition to modify or discharge the lis pendens; requiring the court to enter a specified final judgment under certain circumstances; authorizing the Department of Agriculture and Consumer Services and the Department of Economic Opportunity, respectively, to sell the agricultural land or real property; providing requirements for the proceeds from such sale; authorizing the Department of Agriculture and Consumer Services and the Department of Economic Opportunity, respectively, to seek a specified ex parte order; providing criminal penalties; requiring the Department of Agriculture and Consumer Services and the Department of Economic Opportunity, respectively, to adopt rules; creating s. 692.204, F.S.; prohibiting the People's Republic of China, the Chinese Communist Party, any other political party or member of a political party in the People's Republic

708856

of China, and certain persons and entities from purchasing or acquiring real property in this state or having more than a de minimus indirect interest in such real property; authorizing such persons and entities to continue to own or hold such real property under certain circumstances; requiring certain persons or entities that own or acquire real property in this state to register with the Department of Economic Opportunity by a specified date; requiring the Department of Economic Opportunity to establish a form for such registration; providing civil penalties; authorizing the Department of Economic Opportunity to place a lien against unregistered real property; requiring certain persons and entities to sell, transfer, or otherwise divest themselves of certain real property within a specified timeframe; requiring buyers of real property to provide a signed affidavit; specifying that the failure to maintain or obtain the affidavit does not affect the title or insurability of the title for the real property or subject the closing agent to certain liability; authorizing the commission to adopt rules; authorizing certain real property to be forfeited to the state; authorizing the Department of Economic Opportunity to initiate civil actions for forfeiture of the interest in real property; requiring such actions to be filed in a certain circuit court; requiring clerks to record a lis pendens; requiring courts to advance the cause on the calendar; authorizing defendants to petition to modify or

 708856

discharge the lis pendens; requiring the court to enter a specified final judgment under certain circumstances; authorizing the Department of Economic Opportunity to sell the real property; providing requirements for the proceeds from such sale; authorizing the Department of Economic Opportunity to seek a specified ex parte order; providing criminal penalties; requiring the Department of Economic Opportunity to adopt rules; creating s. 692.205, F.S.; providing an exception from ownership restrictions and registration requirements for real property that is used for diplomatic purposes; amending s. 408.051, F.S.;