EXHIBIT 46

**First Engrossed**

2023264e1

```
 1                          A bill to be entitled
 2            An act relating to interests of foreign countries;
 3            creating s. 287.138, F.S.; defining terms; prohibiting
 4            governmental entities from knowingly entering into
 5            certain contracts; prohibiting governmental entities
 6            from taking specified actions after a specified date
 7            relating to contracts that give certain access to
 8            personal identifying information; providing an
 9            exception; authorizing the Attorney General to bring a
10            civil action; providing penalties; requiring penalties
11            to be deposited into the General Revenue Fund;
12            requiring the Department of Management Services to
13            adopt rules; creating s. 288.007, F.S.; defining
14            terms; prohibiting governmental entities from
15            knowingly entering into certain contracts; requiring
16            governmental entities to require an affidavit from
17            applicants before providing any economic incentive;
18            requiring the Department of Economic Opportunity to
19            adopt rules; providing a directive to the Division of
20            Law Revision to create part III of ch. 692, F.S., to
21            be entitled "Conveyances to Foreign Entities";
22            creating s. 692.201, F.S.; defining terms; creating
23            ss. 692.202 and 692.203, F.S.; prohibiting foreign
24            principals from purchasing agricultural land, or
25            having more than a de minimus indirect interest in
26            such land, and certain real property in this state,
27            respectively; authorizing foreign principals to
28            continue to own or hold such land or property under
29            certain circumstances; requiring certain foreign
```

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

30          principals that own or acquire such land or real
31          property to register with a specified department;
32          requiring the Department of Agriculture and Consumer
33          Services and the Department of Economic Opportunity,
34          respectively, to establish a form for such
35          registration; providing civil penalties; authorizing
36          the Department of Agriculture and Consumer Services
37          and the Department of Economic Opportunity to place a
38          lien against unregistered agricultural land or real
39          property, respectively; requiring certain foreign
40          principals to sell, transfer, or otherwise divest
41          themselves of certain agricultural land or real
42          property within a specified timeframe; requiring
43          buyers of such land or property to provide a signed
44          affidavit; specifying that the failure to maintain or
45          obtain the affidavit does not affect the title or
46          insurability of the title for the agricultural land or
47          real property, respectively, or subject the closing
48          agent to certain liability; authorizing the Florida
49          Real Estate Commission to adopt rules; authorizing
50          that certain agricultural land or real property be
51          forfeited to the state; authorizing the Department of
52          Agriculture and Consumer Services and the Department
53          of Economic Opportunity to initiate civil actions for
54          forfeiture of the interest in agricultural land or
55          real property, respectively; requiring that such
56          actions be filed in a certain circuit court; requiring
57          clerks to record a lis pendens; requiring courts to
58          advance the cause on the calendar; authorizing

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

59      defendants to petition to modify or discharge the lis
60      pendens; requiring the court to enter a specified
61      final judgment under certain circumstances;
62      authorizing the Department of Agriculture and Consumer
63      Services and the Department of Economic Opportunity,
64      respectively, to sell the agricultural land or real
65      property; providing requirements for the proceeds from
66      such sale; authorizing the Department of Agriculture
67      and Consumer Services and the Department of Economic
68      Opportunity, respectively, to seek a specified ex
69      parte order; providing criminal penalties; requiring
70      the Department of Agriculture and Consumer Services
71      and the Department of Economic Opportunity,
72      respectively, to adopt rules; creating s. 692.204,
73      F.S.; prohibiting the People's Republic of China, the
74      Chinese Communist Party, any other political party or
75      member of a political party in the People's Republic
76      of China, and certain persons and entities from
77      purchasing or acquiring real property in this state or
78      having more than a de minimus indirect interest in
79      such real property; authorizing such persons and
80      entities to continue to own or hold such real property
81      under certain circumstances; requiring certain persons
82      or entities that own or acquire real property in this
83      state to register with the Department of Economic
84      Opportunity by a specified date; requiring the
85      Department of Economic Opportunity to establish a form
86      for such registration; providing civil penalties;
87      authorizing the Department of Economic Opportunity to

**CODING:** Words stricken are deletions; words underlined are additions.

88          place a lien against unregistered real property;
89          requiring certain persons and entities to sell,
90          transfer, or otherwise divest themselves of certain
91          real property within a specified timeframe; requiring
92          buyers of real property to provide a signed affidavit;
93          specifying that the failure to maintain or obtain the
94          affidavit does not affect the title or insurability of
95          the title for the real property or subject the closing
96          agent to certain liability; authorizing the commission
97          to adopt rules; authorizing certain real property to
98          be forfeited to the state; authorizing the Department
99          of Economic Opportunity to initiate civil actions for
100         forfeiture of the interest in real property; requiring
101         such actions to be filed in a certain circuit court;
102         requiring clerks to record a lis pendens; requiring
103         courts to advance the cause on the calendar;
104         authorizing defendants to petition to modify or
105         discharge the lis pendens; requiring the court to
106         enter a specified final judgment under certain
107         circumstances; authorizing the Department of Economic
108         Opportunity to sell the real property; providing
109         requirements for the proceeds from such sale;
110         authorizing the Department of Economic Opportunity to
111         seek a specified ex parte order; providing criminal
112         penalties; requiring the Department of Economic
113         Opportunity to adopt rules; creating s. 692.205, F.S.;
114         providing an exception from ownership restrictions and
115         registration requirements for real property that is
116         used for diplomatic purposes; amending s. 408.051,

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

117          F.S.; defining the terms "cloud computing" and "health
118          care provider"; requiring that certain information
119          held by health care providers that utilize certified
120          electronic health record technology be maintained in
121          specified locations; providing applicability; amending
122          s. 408.810, F.S.; requiring a licensee to sign a
123          specified affidavit upon initial application for a
124          license and any renewal applications; authorizing
125          disciplinary action by the Agency for Health Care
126          Administration; prohibiting a person or entity that
127          possesses a controlling interest from holding an
128          interest in certain entities; providing definitions;
129          amending s. 836.05, F.S.; providing enhanced criminal
130          penalties for threatening a person while acting as a
131          foreign agent with the intent of benefiting a foreign
132          country of concern; providing an effective date.

133

134     Be It Enacted by the Legislature of the State of Florida:

135

136          Section 1. Section 287.138, Florida Statutes, is created to
137     read:
138          287.138 Contracting with entities of foreign countries of
139     concern prohibited.—
140          (1) As used in this section, the term:
141          (a) "Controlling interest" means possession of the power to
142     direct or cause the direction of the management or policies of a
143     company, whether through ownership of securities, by contract,
144     or otherwise. A person or entity that directly or indirectly has
145     the right to vote 25 percent or more of the voting interests of

CODING: Words stricken are deletions; words underlined are additions.

2023264e1

146 the company or is entitled to 25 percent or more of its profits
147 is presumed to possess a controlling interest.
148     (b) "Department" means the Department of Management
149 Services.
150     (c) "Foreign country of concern" means the People's
151 Republic of China, the Russian Federation, the Islamic Republic
152 of Iran, the Democratic People's Republic of Korea, the Republic
153 of Cuba, the Venezuelan regime of Nicolás Maduro, or the Syrian
154 Arab Republic, including any agency of or any other entity of
155 significant control of such foreign country of concern.
156     (d) "Governmental entity" means any state, county,
157 district, authority, or municipal officer, department, division,
158 board, bureau, commission, or other separate unit of government
159 created or established by law including, but not limited to, the
160 Commission on Ethics, the Public Service Commission, the Office
161 of Public Counsel, and any other public or private agency,
162 person, partnership, corporation, or business entity acting on
163 behalf of any public agency.
164     (2) A governmental entity may not knowingly enter into a
165 contract with an entity which would give access to an
166 individual's personal identifying information if:
167     (a) The entity is owned by the government of a foreign
168 country of concern;
169     (b) The government of a foreign country of concern has a
170 controlling interest in the entity; or
171     (c) The entity is organized under the laws of or has its
172 principal place of business in a foreign country of concern.
173     (3) Beginning July 1, 2025, a governmental entity may not
174 extend or renew a contract with an entity listed in paragraphs

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

175  (2)(a)-(c) if the contract would give such entity access to an
176  individual's personal identifying information.
177      (4)(a) Beginning January 1, 2024, a governmental entity may
178  not accept a bid on, a proposal for, or a reply to, or enter
179  into, a contract with an entity which would grant the entity
180  access to an individual's personal identifying information
181  unless the entity provides the governmental entity with an
182  affidavit signed by an officer or representative of the entity
183  under penalty of perjury attesting that the entity does not meet
184  any of the criteria in paragraphs (2)(a)-(c).
185      (b) Beginning July 1, 2025, when an entity extends or
186  renews a contract with a governmental entity which would grant
187  the entity access to an individual's personal identifying
188  information, the entity must provide the governmental entity
189  with an affidavit signed by an officer or representative of the
190  entity under penalty of perjury attesting that the entity does
191  not meet any of the criteria in paragraphs (2)(a)-(c).
192      (5) The Attorney General may bring a civil action in any
193  court of competent jurisdiction against an entity that violates
194  this section. Violations of this section may result in:
195      (a) A civil penalty equal to twice the amount of the
196  contract for which the entity submitted a bid or proposal for,
197  replied to, or entered into;
198      (b) Ineligibility to enter into, renew, or extend any
199  contract, including any grant agreements, with any governmental
200  entity for up to 5 years;
201      (c) Ineligibility to receive or renew any license,
202  certification, or credential issued by a governmental entity for
203  up to 5 years; and

CODING: Words stricken are deletions; words underlined are additions.

2023264e1

204     (d) Placement on the suspended vendor list pursuant to s.
205 287.1351.
206     (6) Any penalties collected under subsection (5) must be
207 deposited into the General Revenue Fund.
208     (7) The department shall adopt rules to implement this
209 section, including rules establishing the form for the affidavit
210 required under subsection (4).
211     Section 2. Section 288.007, Florida Statutes, is created to
212 read:
213     288.007 Economic incentives to foreign countries of concern
214 prohibited.—
215     (1) As used in this section, the term:
216     (a) "Controlled by" means having possession of the power to
217 direct or cause the direction of the management or policies of a
218 company, whether through ownership of securities, by contract,
219 or otherwise. A person or entity that directly or indirectly has
220 the right to vote 25 percent or more of the voting interests of
221 the company or that is entitled to 25 percent or more of its
222 profits is presumed to control the foreign entity.
223     (b) "Economic incentive" means all programs administered
224 by, or for which an applicant for the program must seek
225 certification, approval, or other action by, the department
226 under this chapter, chapter 212, or chapter 220; and all local
227 economic development programs, grants, or financial benefits
228 administered by a political subdivision or an agent thereof.
229     (c) "Foreign country of concern" has the same meaning as in
230 s. 692.201.
231     (d) "Foreign entity" means an entity that is:
232     1. Owned or controlled by the government of a foreign

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

233  country of concern; or
234      2. A partnership, association, corporation, organization,
235  or other combination of persons organized under the laws of or
236  having its principal place of business in a foreign country of
237  concern, or a subsidiary of such entity.
238      (e) "Government entity" means a state agency, a political
239  subdivision, or any other public or private agency, person,
240  partnership, corporation, or business entity acting on behalf of
241  any public agency.
242      (2) A government entity may not knowingly enter into an
243  agreement or contract for an economic incentive with a foreign
244  entity.
245      (3) Before providing any economic incentive, a government
246  entity must require the recipient or applicant to provide the
247  government entity with an affidavit signed under penalty of
248  perjury attesting that the recipient or applicant is not a
249  foreign entity.
250      (4) The department shall adopt rules to administer this
251  section, including rules establishing the form for the affidavit
252  required under subsection (3).
253      Section 3. The Division of Law Revision is directed to
254  create part III of chapter 692, Florida Statutes, consisting of
255  ss. 692.201, 692.202, 692.203, 692.204, and 692.205, Florida
256  Statutes, to be entitled "Conveyances to Foreign Entities."
257      Section 4. Section 692.201, Florida Statutes, is created to
258  read:
259      692.201 Definitions.—As used in this part, the term:
260      (1) "Agricultural land" means land classified as
261  agricultural under s. 193.461.

CODING: Words stricken are deletions; words underlined are additions.

2023264e1

(2) "Critical infrastructure facility" means any of the
following, if it employs measures such as fences, barriers, or
guard posts that are designed to exclude unauthorized persons:

(a) A chemical manufacturing facility.

(b) A refinery.

(c) An electrical power plant as defined in s. 403.031(20),
including a substation, switching station, electrical control
center, or electric transmission or distribution facility.

(d) A water intake structure, water treatment facility,
wastewater treatment plant, or pump station.

(e) A natural gas transmission compressor station.

(f) A liquid natural gas terminal or storage facility.

(g) A telecommunications central switching office.

(h) An inland port or other facility or group of facilities
serving as a point of intermodal transfer of freight in a
specific area physically separated from a seaport.

(i) A gas processing plant, including a plant used in the
processing, treatment, or fractionation of natural gas.

(j) A seaport as listed in s. 311.09.

(k) A spaceport territory as defined in s. 331.303(18).

(l) An airport as defined in s. 333.01.

(3) "Foreign country of concern" means the People's
Republic of China, the Russian Federation, the Islamic Republic
of Iran, the Democratic People's Republic of Korea, the Republic
of Cuba, the Venezuelan regime of Nicolás Maduro, or the Syrian
Arab Republic, including any agency of or any other entity of
significant control of such foreign country of concern.

(4) "Foreign principal" means:

(a) The government or any official of the government of a

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

291  foreign country of concern;

292        (b) A political party or member of a political party or any

293  subdivision of a political party in a foreign country of

294  concern;

295        (c) A partnership, association, corporation, organization,

296  or other combination of persons organized under the laws of or

297  having its principal place of business in a foreign country of

298  concern, or a subsidiary of such entity;

299        (d) Any person who is domiciled in a foreign country of

300  concern and is not a citizen or lawful permanent resident of the

301  United States.

302        (5) "Military installation" has the same meaning as in 10

303  U.S.C. s. 2801(c)(4) and includes an armory as defined in s.

304  250.01.

305        (6) "Real property" means land, buildings, fixtures, and

306  all other improvements to land.

307        Section 5. Section 692.202, Florida Statutes, is created to

308  read:

309        692.202 Purchase of agricultural land by foreign principals

310  prohibited.—

311        (1) A foreign principal may not directly or indirectly own

312  or acquire by purchase, grant, devise, or descent agricultural

313  land or any interest, except a de minimus indirect interest, in

314  such land in this state. A foreign principal has a de minimus

315  indirect interest if any ownership in such land is the result of

316  the foreign principal's ownership of registered equities in a

317  publicly traded company owning the land and if the foreign

318  principal's ownership interest in the company is less than 5

319  percent of any class of registered equities or less than 5

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

320  percent in the aggregate in multiple classes of registered
321  equities.
322      (2) A foreign principal that directly or indirectly owns or
323  acquires agricultural land or any interest in such land in this
324  state before July 1, 2023, may continue to own or hold such land
325  or interest, but may not purchase or otherwise acquire by grant,
326  devise, or descent any additional agricultural land or interest
327  in such land in this state.
328      (3)(a) A foreign principal that directly or indirectly owns
329  or acquires agricultural land or any interest in such land in
330  this state before July 1, 2023, must register with the
331  Department of Agriculture and Consumer Services by January 1,
332  2024. The department must establish a form for such
333  registration, which, at minimum, must include all of the
334  following:
335      1. The name of the owner of the agricultural land or the
336  owner of the interest in such land.
337      2. The address of the agricultural land, the property
338  appraiser's parcel identification number, and the property's
339  legal description.
340      3. The number of acres of the agricultural land.
341      (b) A foreign principal that fails to timely file a
342  registration with the department is subject to a civil penalty
343  of $1,000 for each day that the registration is late. The
344  department may place a lien against the unregistered
345  agricultural land for the unpaid balance of any penalties
346  assessed under this paragraph.
347      (4) Notwithstanding subsection (1), a foreign principal may
348  acquire agricultural land on or after July 1, 2023, by devise or

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

349 descent, through the enforcement of security interests, or
350 through the collection of debts, provided that the foreign
351 principal sells, transfers, or otherwise divests itself of the
352 agricultural land within 2 years after acquiring the
353 agricultural land.
354     (5)(a) At the time of purchase, a buyer of agricultural
355 land or an interest in such land must provide an affidavit
356 signed under penalty of perjury attesting that the buyer is:
357     1. Not a foreign principal; and
358     2. In compliance with the requirements of this section.
359     (b) The failure to obtain or maintain the affidavit does
360 not:
361     1. Affect the title or insurability of the title for the
362 agricultural land; or
363     2. Subject the closing agent to civil or criminal
364 liability, unless the closing agent has actual knowledge that
365 the transaction will result in a violation of this section.
366     (c) The Florida Real Estate Commission shall adopt rules to
367 implement this subsection, including rules establishing the form
368 for the affidavit required under this subsection.
369     (6)(a) The agricultural land or an interest in such land
370 that is owned or acquired in violation of this section may be
371 forfeited to the state.
372     (b) The Department of Agriculture and Consumer Services may
373 initiate a civil action in the circuit court of the county in
374 which the property lies for the forfeiture of the agricultural
375 land or any interest therein.
376     (c) Upon filing such action, the clerk must record a lis
377 pendens in accordance with s. 48.23. The court must advance the

**CODING:** Words ~~stricken~~ are deletions; words underlined are additions.

2023264e1

378 cause on the calendar. The defendant may at any time petition to
379 modify or discharge the lis pendens based upon a finding that
380 there is no probable cause to believe that the agricultural
381 land, or any portion thereof, is owned or held in violation of
382 this section.
383     (d) If the court finds that the agricultural land, or any
384 portion thereof, is owned or held in violation of this section,
385 the court must enter a final judgment of forfeiture vesting
386 title to the agricultural land in this state, subject only to
387 the rights and interests of bona fide lienholders, and such
388 final judgment relates back to the date of the lis pendens.
389     (e) The department may sell the agricultural land subject
390 to a final judgment of forfeiture. Any proceeds from the sale
391 must first be paid to any lienholders of the land, followed by
392 payment of any outstanding fines assessed pursuant to this
393 section, after which the department must be reimbursed for all
394 costs related to the forfeiture civil action and any costs
395 related to the sale of the land. Any remaining proceeds must be
396 paid to the property owner.
397     (f) At any time during the forfeiture proceeding the
398 department may seek an ex parte order of seizure of the
399 agricultural land upon a showing that the defendant's control of
400 the agricultural land constitutes a clear and present danger to
401 the state.
402     (7) A foreign principal that purchases or acquires
403 agricultural land or any interest therein in violation of this
404 section commits a misdemeanor of the second degree, punishable
405 as provided in s. 775.082 or s. 775.083.
406     (8) A person who knowingly sells agricultural land or any

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

407 interest therein in violation of this section commits a
408 misdemeanor of the second degree, punishable as provided in s.
409 775.082 or s. 775.083.
410     (9) The Department of Agriculture and Consumer Services
411 shall adopt rules to implement this section.
412     Section 6. Section 692.203, Florida Statutes, is created to
413 read:
414     692.203 Purchase of real property around military
415 installations and critical infrastructure facilities by foreign
416 principals prohibited.—
417     (1) A foreign principal may not directly or indirectly own
418 or acquire by purchase, grant, devise, or descent any interest,
419 except a de minimus indirect interest, in real property within
420 20 miles of any military installation or critical infrastructure
421 facility in this state. A foreign principal has a de minimus
422 indirect interest if any ownership is the result of the foreign
423 principal's ownership of registered equities in a publicly
424 traded company owning the land and if the foreign principal's
425 ownership interest in the company is less than 5 percent of any
426 class of registered equities or less than 5 percent in the
427 aggregate in multiple classes of registered equities.
428     (2) A foreign principal that directly or indirectly owns or
429 acquires any interest in real property within 20 miles of any
430 military installation or critical infrastructure facility in
431 this state before July 1, 2023, may continue to own or hold such
432 real property, but may not purchase or otherwise acquire by
433 grant, devise, or descent any additional real property within 20
434 miles of any military installation or critical infrastructure
435 facility in this state.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

436     (3)(a) A foreign principal that owns or acquires real
437  property within 20 miles of any military installation or
438  critical infrastructure facility in this state before July 1,
439  2023, must register with the Department of Economic Opportunity
440  by January 1, 2024. The department must establish a form for
441  such registration which, at a minimum, must include all of the
442  following:
443     1. The name of the owner of the real property.
444     2. The address of the real property, the property
445  appraiser's parcel identification number, and the property's
446  legal description.
447     (b) A foreign principal that fails to timely file a
448  registration with the department is subject to a civil penalty
449  of $1,000 for each day that the registration is late. The
450  department may place a lien against the unregistered real
451  property for the unpaid balance of any penalties assessed under
452  this paragraph.
453     (4) Notwithstanding subsection (1), a foreign principal may
454  acquire real property or any interest therein which is within 20
455  miles of any military installation or critical infrastructure
456  facility in this state on or after July 1, 2023, by devise or
457  descent, through the enforcement of security interests, or
458  through the collection of debts, provided that the foreign
459  principal sells, transfers, or otherwise divests itself of such
460  real property within 2 years after acquiring the real property.
461     (5)(a) At the time of purchase, a buyer of the real
462  property that is within 20 miles of any military installation or
463  critical infrastructure facility in this state must provide an
464  affidavit signed under penalty of perjury attesting that the

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

465  buyer is:
466       1. Not a foreign principal; and
467       2. In compliance with the requirements of this section.
468       (b) The failure to obtain or maintain the affidavit does
469  not:
470       1. Affect the title or insurability of the title for the
471  real property; or
472       2. Subject the closing agent to civil or criminal
473  liability, unless the closing agent has actual knowledge that
474  the transaction will result in a violation of this section.
475       (c) The Florida Real Estate Commission shall adopt rules to
476  implement this subsection, including rules establishing the form
477  for the affidavit required under this subsection.
478       (6)(a) If any real property is owned or acquired in
479  violation of this section, the real property may be forfeited to
480  the state.
481       (b) The Department of Economic Opportunity may initiate a
482  civil action in the circuit court of the county in which the
483  property lies for the forfeiture of the real property or any
484  interest therein.
485       (c) Upon filing such action, the clerk must record a lis
486  pendens in accordance with s. 48.23. The court must advance the
487  cause on the calendar. The defendant may at any time petition to
488  modify or discharge the lis pendens based upon a finding that
489  there is no probable cause to believe that the real property, or
490  any portion thereof, is owned or held in violation of this
491  section.
492       (d) If the court finds that the real property, or any
493  portion thereof, is owned or held in violation of this section,

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

494  the court must enter a final judgment of forfeiture vesting
495  title to the real property in this state, subject only to the
496  rights and interests of bona fide lienholders, and such final
497  judgment relates back to the date of the lis pendens.
498      (e) The department may sell the real property subject to a
499  final judgment of forfeiture. Any proceeds from the sale must
500  first be paid to any lienholders of the land, followed by
501  payment of any outstanding fines assessed pursuant to this
502  section, after which the department must be reimbursed for all
503  costs related to the forfeiture civil action and any costs
504  related to the sale of the land. Any remaining proceeds must be
505  paid to the property owner.
506      (f) At any time during the forfeiture proceeding the
507  department may seek an ex parte order of seizure of the real
508  property upon a showing that the defendant's control of the real
509  property constitutes a clear and present danger to the state.
510      (7) A foreign principal that purchases or acquires real
511  property or any interest therein in violation of this section
512  commits a misdemeanor of the second degree, punishable as
513  provided in s. 775.082 or s. 775.083.
514      (8) A person who knowingly sells real property or any
515  interest therein in violation of this section commits a
516  misdemeanor of the second degree, punishable as provided in s.
517  775.082 or s. 775.083.
518      (9) The Department of Economic Opportunity shall adopt
519  rules to implement this section.
520      Section 7. Section 692.204, Florida Statutes, is created to
521  read:
522      692.204 Purchase or acquisition of real property by the

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

523 People's Republic of China prohibited.—

524 (1)(a) The following persons or entities may not directly

525 or indirectly own or acquire by purchase, grant, devise, or

526 descent any interest, except a de minimus indirect interest, in

527 real property in this state:

528 1. The People's Republic of China, the Chinese Communist

529 Party, or any official or member of the People's Republic of

530 China or the Chinese Communist Party.

531 2. Any other political party or member of a political party

532 or a subdivision of a political party in the People's Republic

533 of China.

534 3. A partnership, an association, a corporation, an

535 organization, or any other combination of persons organized

536 under the laws of or having its principal place of business in

537 the People's Republic of China, or a subsidiary of such entity.

538 4. Any person who is domiciled in the People's Republic of

539 China and who is not a citizen or lawful permanent resident of

540 the United States.

541 (b) A person or entity has a de minimus indirect interest

542 if any ownership is the result of the person's or entity's

543 ownership of registered equities in a publicly traded company

544 owning the land and if the person's or entity's ownership

545 interest in the company is less than 5 percent of any class of

546 registered equities or less than 5 percent in the aggregate in

547 multiple classes of registered equities.

548 (2) A person or entity described in paragraph (1)(a) that

549 directly or indirectly owns or acquires any interest in real

550 property in this state before July 1, 2023, may continue to own

551 or hold such real property, but may not purchase or otherwise

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

552  acquire by grant, devise, or descent any additional real
553  property in this state.
554      (3)(a) A person or entity described in paragraph (1)(a)
555  that owns or acquires real property in this state before July 1,
556  2023, must register with the Department of Economic Opportunity
557  by January 1, 2024. The department must establish a form for
558  such registration which, at a minimum, must include all of the
559  following:
560      1. The name of the owner of the real property.
561      2. The address of the real property, the property
562  appraiser's parcel identification number, and the property's
563  legal description.
564      (b) A person or entity that fails to timely file a
565  registration with the department is subject to a civil penalty
566  of $1,000 for each day that the registration is late. The
567  department may place a lien against the unregistered real
568  property for the unpaid balance of any penalties assessed under
569  this paragraph.
570      (4) Notwithstanding subsection (1), a person or an entity
571  described in paragraph (1)(a) may acquire real property in this
572  state on or after July 1, 2023, by devise or descent, through
573  the enforcement of security interests, or through the collection
574  of debts, provided that the person or entity sells, transfers,
575  or otherwise divests itself of such real property within 2 years
576  after acquiring the real property, unless the person or entity
577  is exempt under s. 692.205.
578      (5)(a) At the time of purchase, a buyer of real property in
579  this state must provide an affidavit signed under penalty of
580  perjury attesting that the buyer is:

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

581        1. Not a person or entity described in paragraph (1)(a);
582   and
583        2. In compliance with the requirements of this section.
584        (b) The failure to obtain or maintain the affidavit does
585   not:
586        1. Affect the title or insurability of the title for the
587   real property; or
588        2. Subject the closing agent to civil or criminal
589   liability, unless the closing agent has actual knowledge that
590   the transaction will result in a violation of this section.
591        (c) The Florida Real Estate Commission shall adopt rules to
592   implement this subsection, including rules establishing the form
593   for the affidavit required under this subsection.
594        (6)(a) If any real property is owned or acquired in
595   violation of this section, the real property may be forfeited to
596   the state.
597        (b) The Department of Economic Opportunity may initiate a
598   civil action in the circuit court of the county in which the
599   property lies for the forfeiture of the real property or any
600   interest therein.
601        (c) Upon filing such action, the clerk must record a lis
602   pendens in accordance with s. 48.23. The court must advance the
603   cause on the calendar. The defendant may at any time petition to
604   modify or discharge the lis pendens based upon a finding that
605   there is no probable cause to believe that the real property, or
606   any portion thereof, is owned or held in violation of this
607   section.
608        (d) If the court finds that the real property, or any
609   portion thereof, is owned or held in violation of this section,

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

610  the court must enter a final judgment of forfeiture vesting
611  title to the real property in this state, subject only to the
612  rights and interests of bona fide lienholders, and such final
613  judgment relates back to the date of the lis pendens.
614      (e) The department may sell the real property subject to a
615  final judgment of forfeiture. Any proceeds from the sale must
616  first be paid to any lienholders of the land, followed by
617  payment of any outstanding fines assessed pursuant to this
618  section, after which the department must be reimbursed for all
619  costs related to the forfeiture civil action and any costs
620  related to the sale of the land. Any remaining proceeds must be
621  paid to the property owner.
622      (f) At any time during the forfeiture proceeding the
623  department may seek an ex parte order of seizure of the real
624  property upon a showing that the defendant's control of the real
625  property constitutes a clear and present danger to the state.
626      (7) A violation of this section constitutes a felony of the
627  third degree, punishable as provided in s. 775.082, s. 775.083,
628  or s. 775.084.
629      (8) A person who sells real property or any interest
630  therein in violation of this section commits a misdemeanor of
631  the first degree, punishable as provided in s. 775.082 or s.
632  775.083.
633      (9) The Department of Economic Opportunity shall adopt
634  rules to implement this section.
635      Section 8. Section 692.205, Florida Statutes, is created to
636  read:
637      692.205 Inapplicability of this part to real property for
638  diplomatic purposes.—This part does not apply to a foreign

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

639  principal that acquires real property for a diplomatic purpose
640  that is recognized, acknowledged, or allowed by the Federal
641  Government.
642      Section 9. Present subsections (3), (4), and (5) of section
643  408.051, Florida Statutes, are redesignated as subsections (4),
644  (5), and (6), respectively, a new subsection (3) is added to
645  that section, and subsection (2) of that section is reordered
646  and amended, to read:
647      408.051 Florida Electronic Health Records Exchange Act.—
648      (2) DEFINITIONS.—As used in this section, the term:
649      (c)(a) "Electronic health record" means a record of a
650  person's medical treatment which is created by a licensed health
651  care provider and stored in an interoperable and accessible
652  digital format.
653      (i)(b) "Qualified electronic health record" means an
654  electronic record of health-related information concerning an
655  individual which includes patient demographic and clinical
656  health information, such as medical history and problem lists,
657  and which has the capacity to provide clinical decision support,
658  to support physician order entry, to capture and query
659  information relevant to health care quality, and to exchange
660  electronic health information with, and integrate such
661  information from, other sources.
662      (a)(c) "Certified electronic health record technology"
663  means a qualified electronic health record that is certified
664  pursuant to s. 3001(c)(5) of the Public Health Service Act as
665  meeting standards adopted under s. 3004 of such act which are
666  applicable to the type of record involved, such as an ambulatory
667  electronic health record for office-based physicians or an

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

668  inpatient hospital electronic health record for hospitals.
669      (b) "Cloud computing" has the same meaning as in s.
670  282.0041.
671      (d) "Health care provider" means any of the following:
672      1. A provider as defined in s. 408.803.
673      2. A health care practitioner as defined in s. 456.001.
674      3. A health care professional certified under part IV of
675  chapter 468.
676      4. A home health aide as defined in s. 400.462.
677      5. A service provider as defined in s. 394.455 and the
678  service provider's clinical and nonclinical staff who provide
679  inpatient or outpatient services.
680      6. A continuing care facility licensed under chapter 651.
681      7. A pharmacy permitted under chapter 465.
682      (e)(d) "Health record" means any information, recorded in
683  any form or medium, which relates to the past, present, or
684  future health of an individual for the primary purpose of
685  providing health care and health-related services.
686      (f)(e) "Identifiable health record" means any health record
687  that identifies the patient or with respect to which there is a
688  reasonable basis to believe the information can be used to
689  identify the patient.
690      (g)(f) "Patient" means an individual who has sought, is
691  seeking, is undergoing, or has undergone care or treatment in a
692  health care facility or by a health care provider.
693      (h)(g) "Patient representative" means a parent of a minor
694  patient, a court-appointed guardian for the patient, a health
695  care surrogate, or a person holding a power of attorney or
696  notarized consent appropriately executed by the patient granting

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

697  permission to a health care facility or health care provider to
698  disclose the patient's health care information to that person.
699  In the case of a deceased patient, the term also means the
700  personal representative of the estate of the deceased patient;
701  the deceased patient's surviving spouse, surviving parent, or
702  surviving adult child; the parent or guardian of a surviving
703  minor child of the deceased patient; the attorney for the
704  patient's surviving spouse, parent, or adult child; or the
705  attorney for the parent or guardian of a surviving minor child.
706      (3) SECURITY AND STORAGE OF PERSONAL MEDICAL INFORMATION.—
707  In addition to the requirements in 45 C.F.R. part 160 and
708  subparts A and C of part 164, a health care provider that
709  utilizes certified electronic health record technology must
710  ensure that all patient information stored in an offsite
711  physical or virtual environment, including through a third-party
712  or subcontracted computing facility or an entity providing cloud
713  computing services, is physically maintained in the continental
714  United States or its territories or Canada. This subsection
715  applies to all qualified electronic health records that are
716  stored using any technology that can allow information to be
717  electronically retrieved, accessed, or transmitted.
718      Section 10. Subsections (14) and (15) are added to section
719  408.810, Florida Statutes, to read:
720      408.810 Minimum licensure requirements.—In addition to the
721  licensure requirements specified in this part, authorizing
722  statutes, and applicable rules, each applicant and licensee must
723  comply with the requirements of this section in order to obtain
724  and maintain a license.
725      (14) The licensee must sign an affidavit at the time of his

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

726 or her initial application for a license and on any renewal
727 applications thereafter that attests under penalty of perjury
728 that he or she is in compliance with s. 408.051(3). The licensee
729 must remain in compliance with s. 408.051(3) or the licensee
730 shall be subject to disciplinary action by the agency.
731     (15)(a) The licensee must ensure that a person or entity
732 who possesses a controlling interest does not hold, either
733 directly or indirectly, regardless of ownership structure, an
734 interest in an entity that has a business relationship with a
735 foreign country of concern or that is subject to s. 287.135.
736     (b) For purposes of this subsection, the term:
737     1. "Business relationship" means engaging in commerce in
738 any form, including, but not limited to, acquiring, developing,
739 maintaining, owning, selling, possessing, leasing, or operating
740 equipment, facilities, personnel, products, services, personal
741 property, real property, military equipment, or any other
742 apparatus of business or commerce.
743     2. "Foreign country of concern" has the same meaning as in
744 s. 692.201.
745     3. "Interest" has the same meaning as in s. 286.101(1).
746     Section 11. Section 836.05, Florida Statutes, is amended to
747 read:
748     836.05 Threats; extortion.—
749     (1) Whoever, either verbally or by a written or printed
750 communication, maliciously threatens to accuse another of any
751 crime or offense, or by such communication maliciously threatens
752 an injury to the person, property or reputation of another, or
753 maliciously threatens to expose another to disgrace, or to
754 expose any secret affecting another, or to impute any deformity

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e1

755  or lack of chastity to another, with intent thereby to extort
756  money or any pecuniary advantage whatsoever, or with intent to
757  compel the person so threatened, or any other person, to do any
758  act or refrain from doing any act against his or her will,
759  commits ~~shall be guilty of~~ a felony of the second degree,
760  punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
761     (2) A person who commits a violation of subsection (1) and
762  at the time of the violation is acting as a foreign agent, as
763  defined in s. 812.081(1), with the intent of benefiting a
764  foreign country of concern, as defined in s. 692.201, commits a
765  felony of the first degree, punishable as provided in s.
766  775.082, s. 775.083, or s. 775.084.
767     Section 12. This act shall take effect July 1, 2023.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.