EXHIBIT 50

HOUSE AMENDMENT

Bill No. CS/CS/SB 264, 1st Eng. (2023)

Amendment No.

CHAMBER ACTION

Senate                                             House

1  Representative Borrero offered the following:
2
3      **Amendment (with title amendment)**
4      Remove lines 262-634 and insert:
5      (2)  "Foreign country of concern" means the People's
6  Republic of China, the Russian Federation, the Islamic Republic
7  of Iran, the Democratic People's Republic of Korea, the Republic
8  of Cuba, the Venezuelan regime of Nicolás Maduro, or the Syrian
9  Arab Republic, including any agency of or any other entity of
10 significant control of such foreign country of concern.
11     (3)  "Foreign principal" means:
12     (a)  The government or any official of the government of a
13 foreign country of concern;

048607

Approved For Filing: 5/2/2023 7:31:00 AM

Page 1 of 19

HOUSE AMENDMENT

Bill No. CS/CS/SB 264, 1st Eng.  (2023)

Amendment No.

14 　　　　(b)  A political party or member of a political party or
15 any subdivision of a political party in a foreign country of
16 concern;
17 　　　　(c)  A partnership, association, corporation, organization,
18 or other combination of persons organized under the laws of or
19 having its principal place of business in a foreign country of
20 concern, or a subsidiary of such entity; or
21 　　　　(d)  Any person who is domiciled in a foreign country of
22 concern and is not a citizen or lawful permanent resident of the
23 United States.
24 　　　　(4)  "Military installation" has the same meaning as in 10
25 U.S.C. s. 2801(c)(4) and includes an armory as defined in s.
26 250.01.
27 　　　　(5)  "Real property" means land, buildings, fixtures, and
28 all other improvements to land.
29 　　　　Section 5.  Section 692.202, Florida Statutes, is created
30 to read:
31 　　　　692.202  Purchase of agricultural land by foreign
32 principals prohibited.—
33 　　　　(1)  A foreign principal may not directly or indirectly own
34 or acquire by purchase, grant, devise, or descent agricultural
35 land or any interest, except a de minimus indirect interest, in
36 such land in this state. A foreign principal has a de minimus
37 indirect interest if any ownership is the result of the foreign
38 principal's ownership of registered equities in a publicly

048607

Approved For Filing: 5/2/2023 7:31:00 AM

HOUSE AMENDMENT

Bill No. CS/CS/SB 264, 1st Eng.   (2023)

Amendment No.

```
39  traded company owning the land and if the foreign principal's
40  ownership interest in the company is either:
41       (a)  Less than 5 percent of any class of registered
42  equities or less than 5 percent in the aggregate in multiple
43  classes of registered equities; or
44       (b)  A noncontrolling interest in an entity controlled by a
45  company that is both registered with the United States
46  Securities and Exchange Commission as an investment adviser
47  under the Investment Advisers Act of 1940, as amended, and is
48  not a foreign entity.
49       (2)  A foreign principal that directly or indirectly owns
50  or acquires agricultural land or any interest in such land in
51  this state before July 1, 2023, may continue to own or hold such
52  land or interest, but may not purchase or otherwise acquire by
53  grant, devise, or descent any additional agricultural land or
54  interest in such land in this state.
55       (3)(a)  A foreign principal that directly or indirectly
56  owns or acquires agricultural land or any interest in such land
57  in this state before July 1, 2023, must register with the
58  Department of Agriculture and Consumer Services by January 1,
59  2024. The department must establish a form for such
60  registration, which, at minimum, must include all of the
61  following:
62       1.  The name of the owner of the agricultural land or the
63  owner of the interest in such land.
```

048607

Approved For Filing: 5/2/2023 7:31:00 AM

64        2.  The address of the agricultural land, the property
65  appraiser's parcel identification number, and the property's
66  legal description.
67        3.  The number of acres of the agricultural land.
68        (b)  A foreign principal that fails to timely file a
69  registration with the department is subject to a civil penalty
70  of $1,000 for each day that the registration is late. The
71  department may place a lien against the unregistered
72  agricultural land for the unpaid balance of any penalties
73  assessed under this paragraph.
74        (4)  Notwithstanding subsection (1), a foreign principal
75  may acquire agricultural land on or after July 1, 2023, by
76  devise or descent, through the enforcement of security
77  interests, or through the collection of debts, provided that the
78  foreign principal sells, transfers, or otherwise divests itself
79  of the agricultural land within 2 years after acquiring the
80  agricultural land.
81        (5)(a)  At the time of purchase, a buyer of agricultural
82  land or an interest in such land must provide an affidavit
83  signed under penalty of perjury attesting that the buyer is:
84        1.  Not a foreign principal; and
85        2.  In compliance with the requirements of this section.
86        (b)  The failure to obtain or maintain the affidavit does
87  not:

HOUSE AMENDMENT

Bill No. CS/CS/SB 264, 1st Eng.  (2023)

Amendment No.

```
 88       1.  Affect the title or insurability of the title for the
 89  agricultural land; or
 90       2.  Subject the closing agent to civil or criminal
 91  liability, unless the closing agent has actual knowledge that
 92  the transaction will result in a violation of this section.
 93       (c)  The Florida Real Estate Commission shall adopt rules
 94  to implement this subsection, including rules establishing the
 95  form for the affidavit required under this subsection.
 96       (6)(a)  The agricultural land or an interest in such land
 97  that is owned or acquired in violation of this section may be
 98  forfeited to the state.
 99       (b)  The Department of Agriculture and Consumer Services
100  may initiate a civil action in the circuit court of the county
101  in which the property lies for the forfeiture of the
102  agricultural land or any interest therein.
103       (c)  Upon filing such action, the clerk must record a lis
104  pendens in accordance with s. 48.23. The court must advance the
105  cause on the calendar. The defendant may at any time petition to
106  modify or discharge the lis pendens based upon a finding that
107  there is no probable cause to believe that the agricultural
108  land, or any portion thereof, is owned or held in violation of
109  this section.
110       (d)  If the court finds that the agricultural land, or any
111  portion thereof, is owned or held in violation of this section,
112  the court must enter a final judgment of forfeiture vesting
```

HOUSE AMENDMENT
Bill No. CS/CS/SB 264, 1st Eng. (2023)
Amendment No.

```
113  title to the agricultural land in this state, subject only to
114  the rights and interests of bona fide lienholders, and such
115  final judgment relates back to the date of the lis pendens.
116       (e)  The department may sell the agricultural land subject
117  to a final judgment of forfeiture. Any proceeds from the sale
118  must first be paid to any lienholders of the land, followed by
119  payment of any outstanding fines assessed pursuant to this
120  section, after which the department must be reimbursed for all
121  costs related to the forfeiture civil action and any costs
122  related to the sale of the land. Any remaining proceeds must be
123  paid to the property owner.
124       (f)  At any time during the forfeiture proceeding the
125  department may seek an ex parte order of seizure of the
126  agricultural land upon a showing that the defendant's control of
127  the agricultural land constitutes a clear and present danger to
128  the state.
129       (7)  A foreign principal that purchases or acquires
130  agricultural land or any interest therein in violation of this
131  section commits a misdemeanor of the second degree, punishable
132  as provided in s. 775.082 or s. 775.083.
133       (8)  A person who knowingly sells agricultural land or any
134  interest therein in violation of this section commits a
135  misdemeanor of the second degree, punishable as provided in s.
136  775.082 or s. 775.083.
```

HOUSE AMENDMENT

Bill No. CS/CS/SB 264, 1st Eng. (2023)

Amendment No.

```
137        (9)  The Department of Agriculture and Consumer Services
138   shall adopt rules to implement this section.
139        Section 6.  Section 692.203, Florida Statutes, is created
140   to read:
141        692.203  Purchase of real property on or around military
142   installations by foreign principals prohibited.—
143        (1)  A foreign principal may not directly or indirectly own
144   or acquire by purchase, grant, devise, or descent any interest,
145   except a de minimus indirect interest, in real property on or
146   within 1 mile of any military installation in this state. A
147   foreign principal has a de minimus indirect interest if any
148   ownership is the result of the foreign principal's ownership of
149   registered equities in a publicly traded company owning the land
150   and if the foreign principal's ownership interest in the company
151   is either:
152        (a)  Less than 5 percent of any class of registered
153   equities or less than 5 percent in the aggregate in multiple
154   classes of registered equities; or
155        (b)  A noncontrolling interest in an entity controlled by a
156   company that is both registered with the United States
157   Securities and Exchange Commission as an investment adviser
158   under the Investment Advisers Act of 1940, as amended, and is
159   not a foreign entity.
160        (2)  A foreign principal that directly or indirectly owns
161   or acquires any interest in real property on or within 1 mile of
```

```
162  any military installation in this state before July 1, 2023, may
163  continue to own or hold such real property, but may not purchase
164  or otherwise acquire by grant, devise, or descent any additional
165  real property on or within 1 mile of any military installation
166  in this state.
167      (3)(a)  A foreign principal that owns or acquires real
168  property on or within 1 mile of any military installation in
169  this state before July 1, 2023, must register with the
170  Department of Economic Opportunity by January 1, 2024. The
171  department must establish a form for such registration which, at
172  a minimum, must include all of the following:
173      1.  The name of the owner of the real property.
174      2.  The address of the real property, the property
175  appraiser's parcel identification number, and the property's
176  legal description.
177      (b)  A foreign principal that fails to timely file a
178  registration with the department is subject to a civil penalty
179  of $1,000 for each day that the registration is late. The
180  department may place a lien against the unregistered real
181  property for the unpaid balance of any penalties assessed under
182  this paragraph.
183      (4)  Notwithstanding subsection (1), a foreign principal
184  may acquire real property or any interest therein which is on or
185  within 1 mile of any military installation in this state on or
186  after July 1, 2023, by devise or descent, through the
```

HOUSE AMENDMENT

Bill No. CS/CS/SB 264, 1st Eng. (2023)

Amendment No.

```
187  enforcement of security interests, or through the collection of
188  debts, provided that the foreign principal sells, transfers, or
189  otherwise divests itself of such real property within 2 years
190  after acquiring the real property.
191       (5)(a)  At the time of purchase, a buyer of the real
192  property that is on or within 1 mile of any military
193  installation in this state must provide an affidavit signed
194  under penalty of perjury attesting that the buyer is:
195       1.  Not a foreign principal; and
196       2.  In compliance with the requirements of this section.
197       (b)  The failure to obtain or maintain the affidavit does
198  not:
199       1.  Affect the title or insurability of the title for the
200  real property; or
201       2.  Subject the closing agent to civil or criminal
202  liability, unless the closing agent has actual knowledge that
203  the transaction will result in a violation of this section.
204       (c)  The Florida Real Estate Commission shall adopt rules
205  to implement this subsection, including rules establishing the
206  form for the affidavit required under this subsection.
207       (6)(a)  If any real property is owned or acquired in
208  violation of this section, the real property may be forfeited to
209  the state.
210       (b)  The Department of Economic Opportunity may initiate a
211  civil action in the circuit court of the county in which the
```

048607

```
212  property lies for the forfeiture of the real property or any
213  interest therein.
214       (c)  Upon filing such action, the clerk must record a lis
215  pendens in accordance with s. 48.23. The court must advance the
216  cause on the calendar. The defendant may at any time petition to
217  modify or discharge the lis pendens based upon a finding that
218  there is no probable cause to believe that the real property, or
219  any portion thereof, is owned or held in violation of this
220  section.
221       (d)  If the court finds that the real property, or any
222  portion thereof, is owned or held in violation of this section,
223  the court must enter a final judgment of forfeiture vesting
224  title to the real property in this state, subject only to the
225  rights and interests of bona fide lienholders, and such final
226  judgment relates back to the date of the lis pendens.
227       (e)  The department may sell the real property subject to a
228  final judgment of forfeiture. Any proceeds from the sale must
229  first be paid to any lienholders of the land, followed by
230  payment of any outstanding fines assessed pursuant to this
231  section, after which the department must be reimbursed for all
232  costs related to the forfeiture civil action and any costs
233  related to the sale of the land. Any remaining proceeds must be
234  paid to the property owner.
235       (f)  At any time during the forfeiture proceeding the
236  department may seek an ex parte order of seizure of the real
```

237 property upon a showing that the defendant's control of the real
238 property constitutes a clear and present danger to the state.
239     (7)  A foreign principal that purchases or acquires real
240 property or any interest therein in violation of this section
241 commits a misdemeanor of the second degree, punishable as
242 provided in s. 775.082 or s. 775.083.
243     (8)  A person who knowingly sells real property or any
244 interest therein in violation of this section commits a
245 misdemeanor of the second degree, punishable as provided in s.
246 775.082 or s. 775.083.
247     (9)  The Department of Economic Opportunity shall adopt
248 rules to implement this section.
249     Section 7.  Section 692.204, Florida Statutes, is created
250 to read:
251     692.204  Purchase or acquisition of real property by the
252 People's Republic of China prohibited.—
253     (1)(a)  The following persons or entities may not directly
254 or indirectly own or acquire by purchase, grant, devise, or
255 descent any interest, except a de minimus indirect interest, in
256 real property in this state:
257     1.  The People's Republic of China, the Chinese Communist
258 Party, or any official or member of the People's Republic of
259 China or the Chinese Communist Party.

HOUSE AMENDMENT

Bill No. CS/CS/SB 264, 1st Eng. (2023)

Amendment No.

```
260        2.  Any other political party or member of a political
261   party or a subdivision of a political party in the People's
262   Republic of China.
263        3.  A partnership, an association, a corporation, an
264   organization, or any other combination of persons organized
265   under the laws of or having its principal place of business in
266   the People's Republic of China, or a subsidiary of such entity.
267        4.  Any person who is domiciled in the People's Republic of
268   China and who is not a citizen or lawful permanent resident of
269   the United States.
270        (b)  A person or entity has a de minimus indirect interest
271   if any ownership is the result of the person's or entity's
272   ownership of registered equities in a publicly traded company
273   owning the land and if the person's or entity's ownership
274   interest in the company is either:
275        1.  Less than 5 percent of any class of registered equities
276   or less than 5 percent in the aggregate in multiple classes of
277   registered equities; or
278        2.  A noncontrolling interest in an entity controlled by a
279   company that is both registered with the United States
280   Securities and Exchange Commission as an investment adviser
281   under the Investment Advisers Act of 1940, as amended, and is
282   not a foreign entity.
283        (2)  Notwithstanding subsection (1), a person or entity
284   described in paragraph (1)(a) who is a natural person holding a
```

048607

285 current verified visa authorizing the person to be legally
286 present within the state for purposes other than solely tourist-
287 based travel may purchase a single primary residence on a parcel
288 of real property that is up to 2 acres if such purchase is in
289 the person's name who holds the visa and is not on or within a
290 1-mile radius of any military installation in this state.
291     (3)  A person or entity described in paragraph (1)(a) that
292 directly or indirectly owns or acquires any interest in real
293 property in this state before July 1, 2023, may continue to own
294 or hold such real property, but may not purchase or otherwise
295 acquire by grant, devise, or descent any additional real
296 property in this state.
297     (4)(a)  A person or entity described in paragraph (1)(a)
298 that owns or acquires real property in this state before July 1,
299 2023, must register with the Department of Economic Opportunity
300 by January 1, 2024. The department must establish a form for
301 such registration which, at a minimum, must include all of the
302 following:
303     1.  The name of the owner of the real property.
304     2.  The address of the real property, the property
305 appraiser's parcel identification number, and the property's
306 legal description.
307     (b)  A person or entity that fails to timely file a
308 registration with the department is subject to a civil penalty
309 of $1,000 for each day that the registration is late. The

HOUSE AMENDMENT
Bill No. CS/CS/SB 264, 1st Eng.  (2023)

Amendment No.

310  department may place a lien against the unregistered real
311  property for the unpaid balance of any penalties assessed under
312  this paragraph.
313      (5)  Notwithstanding subsection (1), a person or an entity
314  described in paragraph (1)(a) may acquire real property in this
315  state on or after July 1, 2023, by devise or descent, through
316  the enforcement of security interests, or through the collection
317  of debts, provided that the person or entity sells, transfers,
318  or otherwise divests itself of such real property within 2 years
319  after acquiring the real property, unless the person or entity
320  is exempt under s. 692.205.
321      (6)(a)  At the time of purchase, a buyer of real property
322  in this state must provide an affidavit signed under penalty of
323  perjury attesting that the buyer is:
324      1.  Not a person or entity described in paragraph (1)(a);
325  and
326      2.  In compliance with the requirements of this section.
327      (b)  The failure to obtain or maintain the affidavit does
328  not:
329      1.  Affect the title or insurability of the title for the
330  real property; or
331      2.  Subject the closing agent to civil or criminal
332  liability, unless the closing agent has actual knowledge that
333  the transaction will result in a violation of this section.

048607

Approved For Filing: 5/2/2023 7:31:00 AM

```
334          (c)  The Florida Real Estate Commission shall adopt rules
335     to implement this subsection, including rules establishing the
336     form for the affidavit required under this subsection.
337          (7)(a)  If any real property is owned or acquired in
338     violation of this section, the real property may be forfeited to
339     the state.
340          (b)  The Department of Economic Opportunity may initiate a
341     civil action in the circuit court of the county in which the
342     property lies for the forfeiture of the real property or any
343     interest therein.
344          (c)  Upon filing such action, the clerk must record a lis
345     pendens in accordance with s. 48.23. The court must advance the
346     cause on the calendar. The defendant may at any time petition to
347     modify or discharge the lis pendens based upon a finding that
348     there is no probable cause to believe that the real property, or
349     any portion thereof, is owned or held in violation of this
350     section.
351          (d)  If the court finds that the real property, or any
352     portion thereof, is owned or held in violation of this section,
353     the court must enter a final judgment of forfeiture vesting
354     title to the real property in this state, subject only to the
355     rights and interests of bona fide lienholders, and such final
356     judgment relates back to the date of the lis pendens.
357          (e)  The department may sell the real property subject to a
358     final judgment of forfeiture. Any proceeds from the sale must
```

```
359  first be paid to any lienholders of the land, followed by
360  payment of any outstanding fines assessed pursuant to this
361  section, after which the department must be reimbursed for all
362  costs related to the forfeiture civil action and any costs
363  related to the sale of the land. Any remaining proceeds must be
364  paid to the property owner.
365       (f)  At any time during the forfeiture proceeding the
366  department may seek an ex parte order of seizure of the real
367  property upon a showing that the defendant's control of the real
368  property constitutes a clear and present danger to the state.
369       (8)  A violation of this section constitutes a felony of
370  the third degree, punishable as provided in s. 775.082, s.
371  775.083, or s. 775.084.
372       (9)  A person who sells real property or any interest
373  therein in violation of this section commits a misdemeanor of
374  the first degree, punishable as provided in s. 775.082 or s.
375  775.083.
376       (10)  The Department of Economic Opportunity shall adopt
377  rules to implement this section.
378
379       ---------------------------------------------------------
380                      T I T L E   A M E N D M E N T
381       Remove lines 27-79 and insert:
382       respectively; specifying what constitutes a de minimus
383       indirect interest; providing exceptions; authorizing
```

HOUSE AMENDMENT

Bill No. CS/CS/SB 264, 1st Eng. (2023)

Amendment No.

| | |
|---|---|
| 384 | foreign principals to continue to own or hold such |
| 385 | land or property under certain circumstances; |
| 386 | requiring certain foreign principals that own or |
| 387 | acquire such land or real property to register with a |
| 388 | specified department; requiring the Department of |
| 389 | Agriculture and Consumer Services and the Department |
| 390 | of Economic Opportunity, respectively, to establish a |
| 391 | form for such registration; providing civil penalties; |
| 392 | authorizing the Department of Agriculture and Consumer |
| 393 | Services and the Department of Economic Opportunity to |
| 394 | place a lien against unregistered agricultural land or |
| 395 | real property, respectively; requiring certain foreign |
| 396 | principals to sell, transfer, or otherwise divest |
| 397 | themselves of certain agricultural land or real |
| 398 | property within a specified timeframe; requiring |
| 399 | buyers of such land or property to provide a signed |
| 400 | affidavit; specifying that the failure to maintain or |
| 401 | obtain the affidavit does not affect the title or |
| 402 | insurability of the title for the agricultural land or |
| 403 | real property, respectively, or subject the closing |
| 404 | agent to certain liability; authorizing the Florida |
| 405 | Real Estate Commission to adopt rules; authorizing |
| 406 | that certain agricultural land or real property be |
| 407 | forfeited to the state; authorizing the Department of |
| 408 | Agriculture and Consumer Services and the Department |

048607

Approved For Filing: 5/2/2023 7:31:00 AM

HOUSE AMENDMENT

Bill No. CS/CS/SB 264, 1st Eng.   (2023)

Amendment No.

```
409        of Economic Opportunity to initiate civil actions for
410        forfeiture of the interest in agricultural land or
411        real property, respectively; requiring that such
412        actions be filed in a certain circuit court; requiring
413        clerks to record a lis pendens; requiring courts to
414        advance the cause on the calendar; authorizing
415        defendants to petition to modify or discharge the lis
416        pendens; requiring the court to enter a specified
417        final judgment under certain circumstances;
418        authorizing the Department of Agriculture and Consumer
419        Services and the Department of Economic Opportunity,
420        respectively, to sell the agricultural land or real
421        property; providing requirements for the proceeds from
422        such sale; authorizing the Department of Agriculture
423        and Consumer Services and the Department of Economic
424        Opportunity, respectively, to seek a specified ex
425        parte order; providing criminal penalties; requiring
426        the Department of Agriculture and Consumer Services
427        and the Department of Economic Opportunity,
428        respectively, to adopt rules; creating s. 692.204,
429        F.S.; prohibiting the People's Republic of China, the
430        Chinese Communist Party, any other political party or
431        member of a political party in the People's Republic
432        of China, and certain persons and entities from
433        purchasing or acquiring real property in this state or
```

HOUSE AMENDMENT

Bill No. CS/CS/SB 264, 1st Eng.   (2023)

Amendment No.

```
434         having more than a de minimus indirect interest in
435         such real property; specifying what constitutes a de
436         minimus indirect interest; providing exceptions;
437         authorizing such persons and
438
```

048607

Approved For Filing: 5/2/2023 7:31:00 AM