# EXHIBIT 53

Florida Senate - 2023                                      SENATOR AMENDMENT
Bill No. CS/CS/SB 264, 1st Eng.

|||||
|---|---|---|---|
||| 790990 |||

LEGISLATIVE ACTION

| Senate | . | House |
|---|---|---|
|  | . |  |
|  | . |  |
|  | . |  |
|  | . |  |
|  | . |  |

Senator Collins moved the following:

1      **Senate Amendment to House Amendment (048607) (with title**
2  **amendment)**
3
4      Delete lines 5 - 377
5  and insert:
6      (2) "Critical infrastructure facility" means any of the
7  following, if it employs measures such as fences, barriers, or
8  guard posts that are designed to exclude unauthorized persons:
9      (a) A chemical manufacturing facility.
10     (b) A refinery.

Page 1 of 19



790990

| | |
|---|---|
| 11 | (c) An electrical power plant as defined in s. 403.031(20). |
| 12 | (d) A water treatment facility or wastewater treatment |
| 13 | plant. |
| 14 | (e) A liquid natural gas terminal. |
| 15 | (f) A telecommunications central switching office. |
| 16 | (g) A gas processing plant, including a plant used in the |
| 17 | processing, treatment, or fractionation of natural gas. |
| 18 | (h) A seaport as listed in s. 311.09. |
| 19 | (i) A spaceport territory as defined in s. 331.303(18). |
| 20 | (j) An airport as defined in s. 333.01. |
| 21 | (3) "Foreign country of concern" means the People's |
| 22 | Republic of China, the Russian Federation, the Islamic Republic |
| 23 | of Iran, the Democratic People's Republic of Korea, the Republic |
| 24 | of Cuba, the Venezuelan regime of Nicolás Maduro, or the Syrian |
| 25 | Arab Republic, including any agency of or any other entity of |
| 26 | significant control of such foreign country of concern. |
| 27 | (4) "Foreign principal" means: |
| 28 | (a) The government or any official of the government of a |
| 29 | foreign country of concern; |
| 30 | (b) A political party or member of a political party or any |
| 31 | subdivision of a political party in a foreign country of |
| 32 | concern; |
| 33 | (c) A partnership, association, corporation, organization, |
| 34 | or other combination of persons organized under the laws of or |
| 35 | having its principal place of business in a foreign country of |
| 36 | concern, or a subsidiary of such entity; or |
| 37 | (d) Any person who is domiciled in a foreign country of |
| 38 | concern and is not a citizen or lawful permanent resident of the |
| 39 | United States. |



790990

40   (e) Any person, entity, or collection of persons or
41 entities, described in paragraphs (a) through (d) having a
42 controlling interest in a partnership, association, corporation,
43 organization, trust, or any other legal entity or subsidiary
44 formed for the purpose of owning real property in this state.
45   (5) "Military installation" means a base, camp, post,
46 station, yard, or center encompassing at least 10 contiguous
47 acres that is under the jurisdiction of the Department of
48 Defense or its affiliates.
49   (6) "Real property" means land, buildings, fixtures, and
50 all other improvements to land.
51   Section 5. Section 692.202, Florida Statutes, is created to
52 read:
53   692.202 Purchase of agricultural land by foreign principals
54 prohibited.—
55   (1) A foreign principal may not directly or indirectly own,
56 have a controlling interest in, or acquire by purchase, grant,
57 devise, or descent agricultural land or any interest, except a
58 de minimus indirect interest, in such land in this state. A
59 foreign principal has a de minimus indirect interest if any
60 ownership is the result of the foreign principal's ownership of
61 registered equities in a publicly traded company owning the land
62 and if the foreign principal's ownership interest in the company
63 is either:
64   (a) Less than 5 percent of any class of registered equities
65 or less than 5 percent in the aggregate in multiple classes of
66 registered equities; or
67   (b) A noncontrolling interest in an entity controlled by a
68 company that is both registered with the United States



69 Securities and Exchange Commission as an investment adviser
70 under the Investment Advisers Act of 1940, as amended, and is
71 not a foreign entity.
72     (2) A foreign principal that directly or indirectly owns or
73 acquires agricultural land or any interest in such land in this
74 state before July 1, 2023, may continue to own or hold such land
75 or interest, but may not purchase or otherwise acquire by grant,
76 devise, or descent any additional agricultural land or interest
77 in such land in this state.
78     (3)(a) A foreign principal that directly or indirectly owns
79 or acquires agricultural land or any interest in such land in
80 this state before July 1, 2023, must register with the
81 Department of Agriculture and Consumer Services by January 1,
82 2024. The department must establish a form for such
83 registration, which, at minimum, must include all of the
84 following:
85     1. The name of the owner of the agricultural land or the
86 owner of the interest in such land.
87     2. The address of the agricultural land, the property
88 appraiser's parcel identification number, and the property's
89 legal description.
90     3. The number of acres of the agricultural land.
91     (b) A foreign principal that fails to timely file a
92 registration with the department is subject to a civil penalty
93 of $1,000 for each day that the registration is late. The
94 department may place a lien against the unregistered
95 agricultural land for the unpaid balance of any penalties
96 assessed under this paragraph.
97     (4) Notwithstanding subsection (1), a foreign principal may



790990

```
 98  acquire agricultural land on or after July 1, 2023, by devise or
 99  descent, through the enforcement of security interests, or
100  through the collection of debts, provided that the foreign
101  principal sells, transfers, or otherwise divests itself of the
102  agricultural land within 3 years after acquiring the
103  agricultural land.
104       (5)(a) At the time of purchase, a buyer of agricultural
105  land or an interest in such land must provide an affidavit
106  signed under penalty of perjury attesting that the buyer is:
107       1. Not a foreign principal; and
108       2. In compliance with the requirements of this section.
109       (b) The failure to obtain or maintain the affidavit does
110  not:
111       1. Affect the title or insurability of the title for the
112  agricultural land; or
113       2. Subject the closing agent to civil or criminal
114  liability, unless the closing agent has actual knowledge that
115  the transaction will result in a violation of this section.
116       (c) The Florida Real Estate Commission shall adopt rules to
117  implement this subsection, including rules establishing the form
118  for the affidavit required under this subsection.
119       (6)(a) The agricultural land or an interest in such land
120  that is owned or acquired in violation of this section may be
121  forfeited to the state.
122       (b) The Department of Agriculture and Consumer Services may
123  initiate a civil action in the circuit court of the county in
124  which the property lies for the forfeiture of the agricultural
125  land or any interest therein.
126       (c) Upon filing such action, the clerk must record a lis
```

Case 4:23-cv-00208-AW-MAF   Document 21-60   Filed 06/06/23   Page 7 of 20

Florida Senate - 2023 SENATOR AMENDMENT
Bill No. CS/CS/SB 264, 1st Eng.



127  pendens in accordance with s. 48.23. The court must advance the
128  cause on the calendar. The defendant may at any time petition to
129  modify or discharge the lis pendens based upon a finding that
130  there is no probable cause to believe that the agricultural
131  land, or any portion thereof, is owned or held in violation of
132  this section.
133       (d) If the court finds that the agricultural land, or any
134  portion thereof, is owned or held in violation of this section,
135  the court must enter a final judgment of forfeiture vesting
136  title to the agricultural land in this state, subject only to
137  the rights and interests of bona fide lienholders, and such
138  final judgment relates back to the date of the lis pendens.
139       (e) The department may sell the agricultural land subject
140  to a final judgment of forfeiture. Any proceeds from the sale
141  must first be paid to any lienholders of the land, followed by
142  payment of any outstanding fines assessed pursuant to this
143  section, after which the department must be reimbursed for all
144  costs related to the forfeiture civil action and any costs
145  related to the sale of the land. Any remaining proceeds must be
146  paid to the property owner.
147       (f) At any time during the forfeiture proceeding the
148  department may seek an ex parte order of seizure of the
149  agricultural land upon a showing that the defendant's control of
150  the agricultural land constitutes a clear and present danger to
151  the state.
152       (7) A foreign principal that purchases or acquires
153  agricultural land or any interest therein in violation of this
154  section commits a misdemeanor of the second degree, punishable
155  as provided in s. 775.082 or s. 775.083.



790990

```
156        (8) A person who knowingly sells agricultural land or any
157   interest therein in violation of this section commits a
158   misdemeanor of the second degree, punishable as provided in s.
159   775.082 or s. 775.083.
160        (9) The Department of Agriculture and Consumer Services
161   shall adopt rules to implement this section.
162        Section 6. Section 692.203, Florida Statutes, is created to
163   read:
164        692.203 Purchase of real property on or around military
165   installations or critical infrastructure facilities by foreign
166   principals prohibited.—
167        (1) A foreign principal may not directly or indirectly own,
168   or have a controlling interest in, or acquire by purchase,
169   grant, devise, or descent any interest, except a de minimus
170   indirect interest, in real property on or within 10 miles of any
171   military installation or critical infrastructure facility in
172   this state. A foreign principal has a de minimus indirect
173   interest if any ownership is the result of the foreign
174   principal's ownership of registered equities in a publicly
175   traded company owning the land and if the foreign principal's
176   ownership interest in the company is either:
177        (a) Less than 5 percent of any class of registered equities
178   or less than 5 percent in the aggregate in multiple classes of
179   registered equities; or
180        (b) A noncontrolling interest in an entity controlled by a
181   company that is both registered with the United States
182   Securities and Exchange Commission as an investment adviser
183   under the Investment Advisers Act of 1940, as amended, and is
184   not a foreign entity.
```



790990

185    (2) A foreign principal that directly or indirectly owns or
186 acquires any interest in real property on or within 10 miles of
187 any military installation or critical infrastructure facility in
188 this state before July 1, 2023, may continue to own or hold such
189 real property, but may not purchase or otherwise acquire by
190 grant, devise, or descent any additional real property on or
191 within 10 miles of any military installation or critical
192 infrastructure facility in this state.
193    (3)(a) A foreign principal must register with the
194 Department of Economic Opportunity if the foreign principal owns
195 or acquires real property on or within 10 miles of any military
196 installation or critical infrastructure facility in this state
197 as authorized under subsection (4) or if the foreign principal
198 owned or acquired an interest, other than a de minimus indirect
199 interest, in such property before July 1, 2023. The department
200 must establish a form for such registration which, at a minimum,
201 must include all of the following:
202    1. The name of the owner of the real property.
203    2. The address of the real property, the property
204 appraiser's parcel identification number, and the property's
205 legal description.
206    (b) A foreign principal that fails to timely file a
207 registration with the department is subject to a civil penalty
208 of $1,000 for each day that the registration is late. A foreign
209 principal must register a property interest owned before July 1,
210 2023, by December 31, 2023. The registration is considered to be
211 late after January 31, 2024. A foreign principal who owns or
212 acquires real property on or after July 1, 2023, as authorized
213 under subsection (4), must register the real property within 30


790990

```
214  days after the property is owned or acquired. The department may
215  place a lien against the unregistered real property for the
216  unpaid balance of any penalties assessed under this paragraph.
217       (4) Notwithstanding subsection (1) a foreign principal who
218  is a natural person may purchase one residential real property
219  that is up to 2 acres in size if all of the following apply:
220       (a) The parcel is not on or within 5 miles of any military
221  installation in this state.
222       (b) The person has a current verified United States Visa
223  that is not limited to authorizing tourist-based travel or
224  official documentation confirming that the person has been
225  granted asylum in the United States, and such visa or
226  documentation authorizes the person to be legally present within
227  this state.
228       (c) The purchase is in the name of the person who holds the
229  visa or official documentation described in paragraph (b).
230       (5) Notwithstanding subsections (1) and (2), a foreign
231  principal may acquire real property or any interest therein
232  which is on or within 10 miles of any military installation or
233  critical infrastructure facility in this state on or after July
234  1, 2023, by devise or descent, through the enforcement of
235  security interests, or through the collection of debts, provided
236  that the foreign principal sells, transfers, or otherwise
237  divests itself of such real property within 3 years after
238  acquiring the real property.
239       (6)(a) At the time of purchase, a buyer of the real
240  property that is on or within 10 miles of any military
241  installation or critical infrastructure facility in this state
242  must provide an affidavit signed under penalty of perjury
```



790990

243  attesting that the buyer is:
244      1. Not a foreign principal or not a foreign principal
245  prohibited from purchasing the subject real property; and
246      2. In compliance with the requirements of this section.
247      (b) The failure to obtain or maintain the affidavit does
248  not:
249      1. Affect the title or insurability of the title for the
250  real property; or
251      2. Subject the closing agent to civil or criminal
252  liability, unless the closing agent has actual knowledge that
253  the transaction will result in a violation of this section.
254      (c) The Florida Real Estate Commission shall adopt rules to
255  implement this subsection, including rules establishing the form
256  for the affidavit required under this subsection.
257      (7)(a) If any real property is owned or acquired in
258  violation of this section, the real property may be forfeited to
259  the state.
260      (b) The Department of Economic Opportunity may initiate a
261  civil action in the circuit court of the county in which the
262  property lies for the forfeiture of the real property or any
263  interest therein.
264      (c) Upon filing such action, the clerk must record a lis
265  pendens in accordance with s. 48.23. The court must advance the
266  cause on the calendar. The defendant may at any time petition to
267  modify or discharge the lis pendens based upon a finding that
268  there is no probable cause to believe that the real property, or
269  any portion thereof, is owned or held in violation of this
270  section.
271      (d) If the court finds that the real property, or any



790990

272  portion thereof, is owned or held in violation of this section,
273  the court must enter a final judgment of forfeiture vesting
274  title to the real property in this state, subject only to the
275  rights and interests of bona fide lienholders, and such final
276  judgment relates back to the date of the lis pendens.
277       (e) The department may sell the real property subject to a
278  final judgment of forfeiture. Any proceeds from the sale must
279  first be paid to any lienholders of the land, followed by
280  payment of any outstanding fines assessed pursuant to this
281  section, after which the department must be reimbursed for all
282  costs related to the forfeiture civil action and any costs
283  related to the sale of the land. Any remaining proceeds must be
284  paid to the property owner.
285       (f) At any time during the forfeiture proceeding the
286  department may seek an ex parte order of seizure of the real
287  property upon a showing that the defendant's control of the real
288  property constitutes a clear and present danger to the state.
289       (8) A foreign principal that purchases or acquires real
290  property or any interest therein in violation of this section
291  commits a misdemeanor of the second degree, punishable as
292  provided in s. 775.082 or s. 775.083.
293       (9) A person who knowingly sells real property or any
294  interest therein in violation of this section commits a
295  misdemeanor of the second degree, punishable as provided in s.
296  775.082 or s. 775.083.
297       (10) The Department of Economic Opportunity shall adopt
298  rules to implement this section.
299       Section 7. Section 692.204, Florida Statutes, is created to
300  read:


790990

```
301        692.204 Purchase or acquisition of real property by the
302   People's Republic of China prohibited.—
303        (1)(a) The following persons or entities may not directly
304   or indirectly own, have a controlling interest in, or acquire by
305   purchase, grant, devise, or descent any interest, except a de
306   minimus indirect interest, in real property in this state:
307        1. The People's Republic of China, the Chinese Communist
308   Party, or any official or member of the People's Republic of
309   China or the Chinese Communist Party.
310        2. Any other political party or member of a political party
311   or a subdivision of a political party in the People's Republic
312   of China.
313        3. A partnership, an association, a corporation, an
314   organization, or any other combination of persons organized
315   under the laws of or having its principal place of business in
316   the People's Republic of China, or a subsidiary of such entity.
317        4. Any person who is domiciled in the People's Republic of
318   China and who is not a citizen or lawful permanent resident of
319   the United States.
320        5. Any person, entity, or collection of persons or entities
321   described in subparagraphs 1. through 4. having a controlling
322   interest in a partnership, association, corporation,
323   organization, trust, or any other legal entity or subsidiary
324   formed for the purpose of owning real property in this state.
325        (b) A person or entity has a de minimus indirect interest
326   if any ownership is the result of the person's or entity's
327   ownership of registered equities in a publicly traded company
328   owning the land and if the person's or entity's ownership
329   interest in the company is either:
```



790990

330        1. Less than 5 percent of any class of registered equities
331   or less than 5 percent in the aggregate in multiple classes of
332   registered equities; or
333        2. A noncontrolling interest in an entity controlled by a
334   company that is both registered with the United States
335   Securities and Exchange Commission as an investment adviser
336   under the Investment Advisers Act of 1940, as amended, and is
337   not a foreign entity.
338        (2) Notwithstanding subsection (1), a natural person
339   described in paragraph (1)(a) may purchase one residential real
340   property that is up to 2 acres in size if all of the following
341   apply:
342        (a) The parcel is not on or within 5 miles of any military
343   installation in this state.
344        (b) The person has a current verified United States Visa
345   that is not limited to authorizing tourist-based travel or
346   official documentation confirming that the person has been
347   granted asylum in the United States and such visa or
348   documentation authorizes the person to be legally present within
349   this state.
350        (c) The purchase is in the name of the person who holds the
351   visa or official documentation described in paragraph (b).
352        (3) A person or entity described in paragraph (1)(a) that
353   directly or indirectly owns or acquires any interest in real
354   property in this state before July 1, 2023, may continue to own
355   or hold such real property, but may not purchase or otherwise
356   acquire by grant, devise, or descent any additional real
357   property in this state.
358        (4)(a) A person or entity described in paragraph (1)(a),

Case 4:23-cv-00208-AW-MAF   Document 21-60   Filed 06/06/23   Page 15 of 20

Florida Senate - 2023 SENATOR AMENDMENT
Bill No. CS/CS/SB 264, 1st Eng.



790990

```
359  subsection (2), or subsection (5) must register with the
360  Department of Economic Opportunity if the person or entity owns
361  or acquires more than a de minimus indirect interest in real
362  property in this state. The department must establish a form for
363  such registration which, at a minimum, must include all of the
364  following:
365       1. The name of the owner of the real property.
366       2. The address of the real property, the property
367  appraiser's parcel identification number, and the property's
368  legal description.
369       (b) A person or entity that fails to timely file a
370  registration with the department is subject to a civil penalty
371  of $1,000 for each day that the registration is late. The person
372  or entity subject to the registration requirements must register
373  the property or property interests owned or acquired before July
374  1, 2023, by December 31, 2023. The registration is considered to
375  be late 30 days after January 31, 2024. A person or entity that
376  owns or acquires real property or an interest in real property
377  as authorized under subsection (2) or subsection (5), other than
378  an de minimus indirect interest, on or after July 1, 2023, must
379  register the real property or interest within 30 days after the
380  property or interest is owned or acquired. The department may
381  place a lien against the unregistered real property for the
382  unpaid balance of any penalties assessed under this paragraph.
383       (5) Notwithstanding subsection (1), a person or an entity
384  described in paragraph (1)(a) may acquire real property in this
385  state on or after July 1, 2023, by devise or descent, through
386  the enforcement of security interests, or through the collection
387  of debts, provided that the person or entity sells, transfers,
```


790990

```
388  or otherwise divests itself of such real property within 3 years
389  after acquiring the real property, unless the person or entity
390  is exempt under s. 692.205.
391       (6)(a) At the time of purchase, a buyer of real property in
392  this state must provide an affidavit signed under penalty of
393  perjury attesting that the buyer is:
394       1. Not a person or entity described in paragraph (1)(a) or
395  that the buyer is a person described in paragraph (1)(a) but is
396  authorized under subsection (2) to purchase the subject
397  property; and
398       2. In compliance with the requirements of this section.
399       (b) The failure to obtain or maintain the affidavit does
400  not:
401       1. Affect the title or insurability of the title for the
402  real property; or
403       2. Subject the closing agent to civil or criminal
404  liability, unless the closing agent has actual knowledge that
405  the transaction will result in a violation of this section.
406       (c) The Florida Real Estate Commission shall adopt rules to
407  implement this subsection, including rules establishing the form
408  for the affidavit required under this subsection.
409       (7)(a) If any real property is owned or acquired in
410  violation of this section, the real property may be forfeited to
411  the state.
412       (b) The Department of Economic Opportunity may initiate a
413  civil action in the circuit court of the county in which the
414  property lies for the forfeiture of the real property or any
415  interest therein.
416       (c) Upon filing such action, the clerk must record a lis
```



790990

417  pendens in accordance with s. 48.23. The court must advance the
418  cause on the calendar. The defendant may at any time petition to
419  modify or discharge the lis pendens based upon a finding that
420  there is no probable cause to believe that the real property, or
421  any portion thereof, is owned or held in violation of this
422  section.
423      (d) If the court finds that the real property, or any
424  portion thereof, is owned or held in violation of this section,
425  the court must enter a final judgment of forfeiture vesting
426  title to the real property in this state, subject only to the
427  rights and interests of bona fide lienholders, and such final
428  judgment relates back to the date of the lis pendens.
429      (e) The department may sell the real property subject to a
430  final judgment of forfeiture. Any proceeds from the sale must
431  first be paid to any lienholders of the land, followed by
432  payment of any outstanding fines assessed pursuant to this
433  section, after which the department must be reimbursed for all
434  costs related to the forfeiture civil action and any costs
435  related to the sale of the land. Any remaining proceeds must be
436  paid to the property owner.
437      (f) At any time during the forfeiture proceeding the
438  department may seek an ex parte order of seizure of the real
439  property upon a showing that the defendant's control of the real
440  property constitutes a clear and present danger to the state.
441      (8) A violation of this section constitutes a felony of the
442  third degree, punishable as provided in s. 775.082, s. 775.083,
443  or s. 775.084.
444      (9) A person who knowingly sells real property or any
445  interest therein in violation of this section commits a



790990

```
446  misdemeanor of the first degree, punishable as provided in s.
447  775.082 or s. 775.083.
448       (10) The Department of Economic Opportunity shall adopt
449  rules to implement this section.
450
451  ================= T I T L E  A M E N D M E N T ================
452  And the title is amended as follows:
453       Delete lines 382 - 437
454  and insert:
455            respectively; providing exceptions from ownership
456       restrictions; authorizing foreign principals to
457       continue to own or hold such land or property under
458       certain circumstances; requiring certain foreign
459       principals that own or acquire such land or real
460       property to register with a specified department;
461       requiring the Department of Agriculture and Consumer
462       Services and the Department of Economic Opportunity,
463       respectively, to establish a form for such
464       registration; providing civil penalties; authorizing
465       the Department of Agriculture and Consumer Services
466       and the Department of Economic Opportunity to place a
467       lien against unregistered agricultural land or real
468       property, respectively; requiring certain foreign
469       principals to sell, transfer, or otherwise divest
470       themselves of certain agricultural land or real
471       property within a specified timeframe; requiring
472       buyers of such land or property to provide a signed
473       affidavit; specifying that the failure to maintain or
474       obtain the affidavit does not affect the title or
```



475        insurability of the title for the agricultural land or
476        real property, respectively, or subject the closing
477        agent to certain liability; authorizing the Florida
478        Real Estate Commission to adopt rules; authorizing
479        that certain agricultural land or real property be
480        forfeited to the state; authorizing the Department of
481        Agriculture and Consumer Services and the Department
482        of Economic Opportunity to initiate civil actions for
483        forfeiture of the interest in agricultural land or
484        real property, respectively; requiring that such
485        actions be filed in a certain circuit court; requiring
486        clerks to record a lis pendens; requiring courts to
487        advance the cause on the calendar; authorizing
488        defendants to petition to modify or discharge the lis
489        pendens; requiring the court to enter a specified
490        final judgment under certain circumstances;
491        authorizing the Department of Agriculture and Consumer
492        Services and the Department of Economic Opportunity,
493        respectively, to sell the agricultural land or real
494        property; providing requirements for the proceeds from
495        such sale; authorizing the Department of Agriculture
496        and Consumer Services and the Department of Economic
497        Opportunity, respectively, to seek a specified ex
498        parte order; providing criminal penalties; requiring
499        the Department of Agriculture and Consumer Services
500        and the Department of Economic Opportunity,
501        respectively, to adopt rules; creating s. 692.204,
502        F.S.; prohibiting the People's Republic of China, the
503        Chinese Communist Party, any other political party or



```
504        member of a political party in the People's Republic
505        of China, and certain persons and entities from
506        purchasing or acquiring real property in this state or
507        having more than a de minimus indirect interest in
508        such real property; providing exceptions from
509        ownership restrictions; authorizing such persons and
```