EXHIBIT 56

2023264e2

```
 1                    A bill to be entitled
 2        An act relating to interests of foreign countries;
 3        creating s. 287.138, F.S.; defining terms; prohibiting
 4        governmental entities from knowingly entering into
 5        certain contracts; prohibiting governmental entities
 6        from taking specified actions after a specified date
 7        relating to contracts that give certain access to
 8        personal identifying information; providing an
 9        exception; authorizing the Attorney General to bring a
10        civil action; providing penalties; requiring penalties
11        to be deposited into the General Revenue Fund;
12        requiring the Department of Management Services to
13        adopt rules; creating s. 288.007, F.S.; defining
14        terms; prohibiting governmental entities from
15        knowingly entering into certain contracts; requiring
16        governmental entities to require an affidavit from
17        applicants before providing any economic incentive;
18        requiring the Department of Economic Opportunity to
19        adopt rules; providing a directive to the Division of
20        Law Revision to create part III of ch. 692, F.S., to
21        be entitled "Conveyances to Foreign Entities";
22        creating s. 692.201, F.S.; defining terms; creating
23        ss. 692.202 and 692.203, F.S.; prohibiting foreign
24        principals from purchasing agricultural land, or
25        having more than a de minimus indirect interest in
26        such land, and certain real property in this state,
27        respectively; providing exceptions from ownership
28        restrictions; authorizing foreign principals to
29        continue to own or hold such land or property under
```

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

30          certain circumstances; requiring certain foreign
31          principals that own or acquire such land or real
32          property to register with a specified department;
33          requiring the Department of Agriculture and Consumer
34          Services and the Department of Economic Opportunity,
35          respectively, to establish a form for such
36          registration; providing civil penalties; authorizing
37          the Department of Agriculture and Consumer Services
38          and the Department of Economic Opportunity to place a
39          lien against unregistered agricultural land or real
40          property, respectively; requiring certain foreign
41          principals to sell, transfer, or otherwise divest
42          themselves of certain agricultural land or real
43          property within a specified timeframe; requiring
44          buyers of such land or property to provide a signed
45          affidavit; specifying that the failure to maintain or
46          obtain the affidavit does not affect the title or
47          insurability of the title for the agricultural land or
48          real property, respectively, or subject the closing
49          agent to certain liability; authorizing the Florida
50          Real Estate Commission to adopt rules; authorizing
51          that certain agricultural land or real property be
52          forfeited to the state; authorizing the Department of
53          Agriculture and Consumer Services and the Department
54          of Economic Opportunity to initiate civil actions for
55          forfeiture of the interest in agricultural land or
56          real property, respectively; requiring that such
57          actions be filed in a certain circuit court; requiring
58          clerks to record a lis pendens; requiring courts to

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

59          advance the cause on the calendar; authorizing
60          defendants to petition to modify or discharge the lis
61          pendens; requiring the court to enter a specified
62          final judgment under certain circumstances;
63          authorizing the Department of Agriculture and Consumer
64          Services and the Department of Economic Opportunity,
65          respectively, to sell the agricultural land or real
66          property; providing requirements for the proceeds from
67          such sale; authorizing the Department of Agriculture
68          and Consumer Services and the Department of Economic
69          Opportunity, respectively, to seek a specified ex
70          parte order; providing criminal penalties; requiring
71          the Department of Agriculture and Consumer Services
72          and the Department of Economic Opportunity,
73          respectively, to adopt rules; creating s. 692.204,
74          F.S.; prohibiting the People's Republic of China, the
75          Chinese Communist Party, any other political party or
76          member of a political party in the People's Republic
77          of China, and certain persons and entities from
78          purchasing or acquiring real property in this state or
79          having more than a de minimus indirect interest in
80          such real property; providing exceptions from
81          ownership restrictions; authorizing such persons and
82          entities to continue to own or hold such real property
83          under certain circumstances; requiring certain persons
84          or entities that own or acquire real property in this
85          state to register with the Department of Economic
86          Opportunity by a specified date; requiring the
87          Department of Economic Opportunity to establish a form

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

88          for such registration; providing civil penalties;
89          authorizing the Department of Economic Opportunity to
90          place a lien against unregistered real property;
91          requiring certain persons and entities to sell,
92          transfer, or otherwise divest themselves of certain
93          real property within a specified timeframe; requiring
94          buyers of real property to provide a signed affidavit;
95          specifying that the failure to maintain or obtain the
96          affidavit does not affect the title or insurability of
97          the title for the real property or subject the closing
98          agent to certain liability; authorizing the commission
99          to adopt rules; authorizing certain real property to
100         be forfeited to the state; authorizing the Department
101         of Economic Opportunity to initiate civil actions for
102         forfeiture of the interest in real property; requiring
103         such actions to be filed in a certain circuit court;
104         requiring clerks to record a lis pendens; requiring
105         courts to advance the cause on the calendar;
106         authorizing defendants to petition to modify or
107         discharge the lis pendens; requiring the court to
108         enter a specified final judgment under certain
109         circumstances; authorizing the Department of Economic
110         Opportunity to sell the real property; providing
111         requirements for the proceeds from such sale;
112         authorizing the Department of Economic Opportunity to
113         seek a specified ex parte order; providing criminal
114         penalties; requiring the Department of Economic
115         Opportunity to adopt rules; creating s. 692.205, F.S.;
116         providing an exception from ownership restrictions and

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

117     registration requirements for real property that is
118     used for diplomatic purposes; amending s. 408.051,
119     F.S.; defining the terms "cloud computing" and "health
120     care provider"; requiring that certain information
121     held by health care providers that utilize certified
122     electronic health record technology be maintained in
123     specified locations; providing applicability; amending
124     s. 408.810, F.S.; requiring a licensee to sign a
125     specified affidavit upon initial application for a
126     license and any renewal applications; authorizing
127     disciplinary action by the Agency for Health Care
128     Administration; prohibiting a person or entity that
129     possesses a controlling interest from holding an
130     interest in certain entities; providing definitions;
131     amending s. 836.05, F.S.; providing enhanced criminal
132     penalties for threatening a person while acting as a
133     foreign agent with the intent of benefiting a foreign
134     country of concern; providing an effective date.
135
136   Be It Enacted by the Legislature of the State of Florida:
137
138     Section 1. Section 287.138, Florida Statutes, is created to
139   read:
140     287.138 Contracting with entities of foreign countries of
141   concern prohibited.—
142     (1) As used in this section, the term:
143     (a) "Controlling interest" means possession of the power to
144   direct or cause the direction of the management or policies of a
145   company, whether through ownership of securities, by contract,

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

146  or otherwise. A person or entity that directly or indirectly has
147  the right to vote 25 percent or more of the voting interests of
148  the company or is entitled to 25 percent or more of its profits
149  is presumed to possess a controlling interest.
150      (b) "Department" means the Department of Management
151  Services.
152      (c) "Foreign country of concern" means the People's
153  Republic of China, the Russian Federation, the Islamic Republic
154  of Iran, the Democratic People's Republic of Korea, the Republic
155  of Cuba, the Venezuelan regime of Nicolás Maduro, or the Syrian
156  Arab Republic, including any agency of or any other entity of
157  significant control of such foreign country of concern.
158      (d) "Governmental entity" means any state, county,
159  district, authority, or municipal officer, department, division,
160  board, bureau, commission, or other separate unit of government
161  created or established by law including, but not limited to, the
162  Commission on Ethics, the Public Service Commission, the Office
163  of Public Counsel, and any other public or private agency,
164  person, partnership, corporation, or business entity acting on
165  behalf of any public agency.
166      (2) A governmental entity may not knowingly enter into a
167  contract with an entity which would give access to an
168  individual's personal identifying information if:
169      (a) The entity is owned by the government of a foreign
170  country of concern;
171      (b) The government of a foreign country of concern has a
172  controlling interest in the entity; or
173      (c) The entity is organized under the laws of or has its
174  principal place of business in a foreign country of concern.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

(3) Beginning July 1, 2025, a governmental entity may not extend or renew a contract with an entity listed in paragraphs (2)(a)-(c) if the contract would give such entity access to an individual's personal identifying information.

(4)(a) Beginning January 1, 2024, a governmental entity may not accept a bid on, a proposal for, or a reply to, or enter into, a contract with an entity which would grant the entity access to an individual's personal identifying information unless the entity provides the governmental entity with an affidavit signed by an officer or representative of the entity under penalty of perjury attesting that the entity does not meet any of the criteria in paragraphs (2)(a)-(c).

(b) Beginning July 1, 2025, when an entity extends or renews a contract with a governmental entity which would grant the entity access to an individual's personal identifying information, the entity must provide the governmental entity with an affidavit signed by an officer or representative of the entity under penalty of perjury attesting that the entity does not meet any of the criteria in paragraphs (2)(a)-(c).

(5) The Attorney General may bring a civil action in any court of competent jurisdiction against an entity that violates this section. Violations of this section may result in:

(a) A civil penalty equal to twice the amount of the contract for which the entity submitted a bid or proposal for, replied to, or entered into;

(b) Ineligibility to enter into, renew, or extend any contract, including any grant agreements, with any governmental entity for up to 5 years;

(c) Ineligibility to receive or renew any license,

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

204 certification, or credential issued by a governmental entity for
205 up to 5 years; and
206     (d) Placement on the suspended vendor list pursuant to s.
207 287.1351.
208     (6) Any penalties collected under subsection (5) must be
209 deposited into the General Revenue Fund.
210     (7) The department shall adopt rules to implement this
211 section, including rules establishing the form for the affidavit
212 required under subsection (4).
213     Section 2. Section 288.007, Florida Statutes, is created to
214 read:
215     288.007 Economic incentives to foreign countries of concern
216 prohibited.—
217     (1) As used in this section, the term:
218     (a) "Controlled by" means having possession of the power to
219 direct or cause the direction of the management or policies of a
220 company, whether through ownership of securities, by contract,
221 or otherwise. A person or entity that directly or indirectly has
222 the right to vote 25 percent or more of the voting interests of
223 the company or that is entitled to 25 percent or more of its
224 profits is presumed to control the foreign entity.
225     (b) "Economic incentive" means all programs administered
226 by, or for which an applicant for the program must seek
227 certification, approval, or other action by, the department
228 under this chapter, chapter 212, or chapter 220; and all local
229 economic development programs, grants, or financial benefits
230 administered by a political subdivision or an agent thereof.
231     (c) "Foreign country of concern" has the same meaning as in
232 s. 692.201.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

233    (d) "Foreign entity" means an entity that is:
234    1. Owned or controlled by the government of a foreign
235 country of concern; or
236    2. A partnership, association, corporation, organization,
237 or other combination of persons organized under the laws of or
238 having its principal place of business in a foreign country of
239 concern, or a subsidiary of such entity.
240    (e) "Government entity" means a state agency, a political
241 subdivision, or any other public or private agency, person,
242 partnership, corporation, or business entity acting on behalf of
243 any public agency.
244    (2) A government entity may not knowingly enter into an
245 agreement or contract for an economic incentive with a foreign
246 entity.
247    (3) Before providing any economic incentive, a government
248 entity must require the recipient or applicant to provide the
249 government entity with an affidavit signed under penalty of
250 perjury attesting that the recipient or applicant is not a
251 foreign entity.
252    (4) The department shall adopt rules to administer this
253 section, including rules establishing the form for the affidavit
254 required under subsection (3).
255    Section 3. The Division of Law Revision is directed to
256 create part III of chapter 692, Florida Statutes, consisting of
257 ss. 692.201, 692.202, 692.203, 692.204, and 692.205, Florida
258 Statutes, to be entitled "Conveyances to Foreign Entities."
259    Section 4. Section 692.201, Florida Statutes, is created to
260 read:
261    692.201 Definitions.—As used in this part, the term:

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

(1) "Agricultural land" means land classified as agricultural under s. 193.461.

(2) "Critical infrastructure facility" means any of the following, if it employs measures such as fences, barriers, or guard posts that are designed to exclude unauthorized persons:

(a) A chemical manufacturing facility.

(b) A refinery.

(c) An electrical power plant as defined in s. 403.031(20).

(d) A water treatment facility or wastewater treatment plant.

(e) A liquid natural gas terminal.

(f) A telecommunications central switching office.

(g) A gas processing plant, including a plant used in the processing, treatment, or fractionation of natural gas.

(h) A seaport as listed in s. 311.09.

(i) A spaceport territory as defined in s. 331.303(18).

(j) An airport as defined in s. 333.01.

(3) "Foreign country of concern" means the People's Republic of China, the Russian Federation, the Islamic Republic of Iran, the Democratic People's Republic of Korea, the Republic of Cuba, the Venezuelan regime of Nicolás Maduro, or the Syrian Arab Republic, including any agency of or any other entity of significant control of such foreign country of concern.

(4) "Foreign principal" means:

(a) The government or any official of the government of a foreign country of concern;

(b) A political party or member of a political party or any subdivision of a political party in a foreign country of concern;

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

291        (c) A partnership, association, corporation, organization,
292  or other combination of persons organized under the laws of or
293  having its principal place of business in a foreign country of
294  concern, or a subsidiary of such entity; or
295        (d) Any person who is domiciled in a foreign country of
296  concern and is not a citizen or lawful permanent resident of the
297  United States.
298        (e) Any person, entity, or collection of persons or
299  entities, described in paragraphs (a) through (d) having a
300  controlling interest in a partnership, association, corporation,
301  organization, trust, or any other legal entity or subsidiary
302  formed for the purpose of owning real property in this state.
303        (5) "Military installation" means a base, camp, post,
304  station, yard, or center encompassing at least 10 contiguous
305  acres that is under the jurisdiction of the Department of
306  Defense or its affiliates.
307        (6) "Real property" means land, buildings, fixtures, and
308  all other improvements to land.
309        Section 5. Section 692.202, Florida Statutes, is created to
310  read:
311        692.202 Purchase of agricultural land by foreign principals
312  prohibited.—
313        (1) A foreign principal may not directly or indirectly own,
314  have a controlling interest in, or acquire by purchase, grant,
315  devise, or descent agricultural land or any interest, except a
316  de minimus indirect interest, in such land in this state. A
317  foreign principal has a de minimus indirect interest if any
318  ownership is the result of the foreign principal's ownership of
319  registered equities in a publicly traded company owning the land

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

320 and if the foreign principal's ownership interest in the company
321 is either:
322     (a) Less than 5 percent of any class of registered equities
323 or less than 5 percent in the aggregate in multiple classes of
324 registered equities; or
325     (b) A noncontrolling interest in an entity controlled by a
326 company that is both registered with the United States
327 Securities and Exchange Commission as an investment adviser
328 under the Investment Advisers Act of 1940, as amended, and is
329 not a foreign entity.
330     (2) A foreign principal that directly or indirectly owns or
331 acquires agricultural land or any interest in such land in this
332 state before July 1, 2023, may continue to own or hold such land
333 or interest, but may not purchase or otherwise acquire by grant,
334 devise, or descent any additional agricultural land or interest
335 in such land in this state.
336     (3)(a) A foreign principal that directly or indirectly owns
337 or acquires agricultural land or any interest in such land in
338 this state before July 1, 2023, must register with the
339 Department of Agriculture and Consumer Services by January 1,
340 2024. The department must establish a form for such
341 registration, which, at minimum, must include all of the
342 following:
343     1. The name of the owner of the agricultural land or the
344 owner of the interest in such land.
345     2. The address of the agricultural land, the property
346 appraiser's parcel identification number, and the property's
347 legal description.
348     3. The number of acres of the agricultural land.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

349      (b) A foreign principal that fails to timely file a
350 registration with the department is subject to a civil penalty
351 of $1,000 for each day that the registration is late. The
352 department may place a lien against the unregistered
353 agricultural land for the unpaid balance of any penalties
354 assessed under this paragraph.
355      (4) Notwithstanding subsection (1), a foreign principal may
356 acquire agricultural land on or after July 1, 2023, by devise or
357 descent, through the enforcement of security interests, or
358 through the collection of debts, provided that the foreign
359 principal sells, transfers, or otherwise divests itself of the
360 agricultural land within 3 years after acquiring the
361 agricultural land.
362      (5)(a) At the time of purchase, a buyer of agricultural
363 land or an interest in such land must provide an affidavit
364 signed under penalty of perjury attesting that the buyer is:
365      1. Not a foreign principal; and
366      2. In compliance with the requirements of this section.
367      (b) The failure to obtain or maintain the affidavit does
368 not:
369      1. Affect the title or insurability of the title for the
370 agricultural land; or
371      2. Subject the closing agent to civil or criminal
372 liability, unless the closing agent has actual knowledge that
373 the transaction will result in a violation of this section.
374      (c) The Florida Real Estate Commission shall adopt rules to
375 implement this subsection, including rules establishing the form
376 for the affidavit required under this subsection.
377      (6)(a) The agricultural land or an interest in such land

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

378 that is owned or acquired in violation of this section may be
379 forfeited to the state.
380     (b) The Department of Agriculture and Consumer Services may
381 initiate a civil action in the circuit court of the county in
382 which the property lies for the forfeiture of the agricultural
383 land or any interest therein.
384     (c) Upon filing such action, the clerk must record a lis
385 pendens in accordance with s. 48.23. The court must advance the
386 cause on the calendar. The defendant may at any time petition to
387 modify or discharge the lis pendens based upon a finding that
388 there is no probable cause to believe that the agricultural
389 land, or any portion thereof, is owned or held in violation of
390 this section.
391     (d) If the court finds that the agricultural land, or any
392 portion thereof, is owned or held in violation of this section,
393 the court must enter a final judgment of forfeiture vesting
394 title to the agricultural land in this state, subject only to
395 the rights and interests of bona fide lienholders, and such
396 final judgment relates back to the date of the lis pendens.
397     (e) The department may sell the agricultural land subject
398 to a final judgment of forfeiture. Any proceeds from the sale
399 must first be paid to any lienholders of the land, followed by
400 payment of any outstanding fines assessed pursuant to this
401 section, after which the department must be reimbursed for all
402 costs related to the forfeiture civil action and any costs
403 related to the sale of the land. Any remaining proceeds must be
404 paid to the property owner.
405     (f) At any time during the forfeiture proceeding the
406 department may seek an ex parte order of seizure of the

**CODING:** Words ~~stricken~~ are deletions; words underline are additions.

2023264e2

407 agricultural land upon a showing that the defendant's control of
408 the agricultural land constitutes a clear and present danger to
409 the state.
410     (7) A foreign principal that purchases or acquires
411 agricultural land or any interest therein in violation of this
412 section commits a misdemeanor of the second degree, punishable
413 as provided in s. 775.082 or s. 775.083.
414     (8) A person who knowingly sells agricultural land or any
415 interest therein in violation of this section commits a
416 misdemeanor of the second degree, punishable as provided in s.
417 775.082 or s. 775.083.
418     (9) The Department of Agriculture and Consumer Services
419 shall adopt rules to implement this section.
420     Section 6. Section 692.203, Florida Statutes, is created to
421 read:
422     692.203 Purchase of real property on or around military
423 installations or critical infrastructure facilities by foreign
424 principals prohibited.—
425     (1) A foreign principal may not directly or indirectly own,
426 or have a controlling interest in, or acquire by purchase,
427 grant, devise, or descent any interest, except a de minimus
428 indirect interest, in real property on or within 10 miles of any
429 military installation or critical infrastructure facility in
430 this state. A foreign principal has a de minimus indirect
431 interest if any ownership is the result of the foreign
432 principal's ownership of registered equities in a publicly
433 traded company owning the land and if the foreign principal's
434 ownership interest in the company is either:
435     (a) Less than 5 percent of any class of registered equities

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

436 or less than 5 percent in the aggregate in multiple classes of
437 registered equities; or
438     (b) A noncontrolling interest in an entity controlled by a
439 company that is both registered with the United States
440 Securities and Exchange Commission as an investment adviser
441 under the Investment Advisers Act of 1940, as amended, and is
442 not a foreign entity.
443     (2) A foreign principal that directly or indirectly owns or
444 acquires any interest in real property on or within 10 miles of
445 any military installation or critical infrastructure facility in
446 this state before July 1, 2023, may continue to own or hold such
447 real property, but may not purchase or otherwise acquire by
448 grant, devise, or descent any additional real property on or
449 within 10 miles of any military installation or critical
450 infrastructure facility in this state.
451     (3)(a) A foreign principal must register with the
452 Department of Economic Opportunity if the foreign principal owns
453 or acquires real property on or within 10 miles of any military
454 installation or critical infrastructure facility in this state
455 as authorized under subsection (4) or if the foreign principal
456 owned or acquired an interest, other than a de minimus indirect
457 interest, in such property before July 1, 2023. The department
458 must establish a form for such registration which, at a minimum,
459 must include all of the following:
460     1. The name of the owner of the real property.
461     2. The address of the real property, the property
462 appraiser's parcel identification number, and the property's
463 legal description.
464     (b) A foreign principal that fails to timely file a

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

465 registration with the department is subject to a civil penalty
466 of $1,000 for each day that the registration is late. A foreign
467 principal must register a property interest owned before July 1,
468 2023, by December 31, 2023. The registration is considered to be
469 late after January 31, 2024. A foreign principal who owns or
470 acquires real property on or after July 1, 2023, as authorized
471 under subsection (4), must register the real property within 30
472 days after the property is owned or acquired. The department may
473 place a lien against the unregistered real property for the
474 unpaid balance of any penalties assessed under this paragraph.
475     (4) Notwithstanding subsection (1) a foreign principal who
476 is a natural person may purchase one residential real property
477 that is up to 2 acres in size if all of the following apply:
478     (a) The parcel is not on or within 5 miles of any military
479 installation in this state.
480     (b) The person has a current verified United States Visa
481 that is not limited to authorizing tourist-based travel or
482 official documentation confirming that the person has been
483 granted asylum in the United States, and such visa or
484 documentation authorizes the person to be legally present within
485 this state.
486     (c) The purchase is in the name of the person who holds the
487 visa or official documentation described in paragraph (b).
488     (5) Notwithstanding subsections (1) and (2), a foreign
489 principal may acquire real property or any interest therein
490 which is on or within 10 miles of any military installation or
491 critical infrastructure facility in this state on or after July
492 1, 2023, by devise or descent, through the enforcement of
493 security interests, or through the collection of debts, provided

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

494 that the foreign principal sells, transfers, or otherwise
495 divests itself of such real property within 3 years after
496 acquiring the real property.
497     (6)(a) At the time of purchase, a buyer of the real
498 property that is on or within 10 miles of any military
499 installation or critical infrastructure facility in this state
500 must provide an affidavit signed under penalty of perjury
501 attesting that the buyer is:
502     1. Not a foreign principal or not a foreign principal
503 prohibited from purchasing the subject real property; and
504     2. In compliance with the requirements of this section.
505     (b) The failure to obtain or maintain the affidavit does
506 not:
507     1. Affect the title or insurability of the title for the
508 real property; or
509     2. Subject the closing agent to civil or criminal
510 liability, unless the closing agent has actual knowledge that
511 the transaction will result in a violation of this section.
512     (c) The Florida Real Estate Commission shall adopt rules to
513 implement this subsection, including rules establishing the form
514 for the affidavit required under this subsection.
515     (7)(a) If any real property is owned or acquired in
516 violation of this section, the real property may be forfeited to
517 the state.
518     (b) The Department of Economic Opportunity may initiate a
519 civil action in the circuit court of the county in which the
520 property lies for the forfeiture of the real property or any
521 interest therein.
522     (c) Upon filing such action, the clerk must record a lis

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

523 pendens in accordance with s. 48.23. The court must advance the
524 cause on the calendar. The defendant may at any time petition to
525 modify or discharge the lis pendens based upon a finding that
526 there is no probable cause to believe that the real property, or
527 any portion thereof, is owned or held in violation of this
528 section.
529      (d) If the court finds that the real property, or any
530 portion thereof, is owned or held in violation of this section,
531 the court must enter a final judgment of forfeiture vesting
532 title to the real property in this state, subject only to the
533 rights and interests of bona fide lienholders, and such final
534 judgment relates back to the date of the lis pendens.
535      (e) The department may sell the real property subject to a
536 final judgment of forfeiture. Any proceeds from the sale must
537 first be paid to any lienholders of the land, followed by
538 payment of any outstanding fines assessed pursuant to this
539 section, after which the department must be reimbursed for all
540 costs related to the forfeiture civil action and any costs
541 related to the sale of the land. Any remaining proceeds must be
542 paid to the property owner.
543      (f) At any time during the forfeiture proceeding the
544 department may seek an ex parte order of seizure of the real
545 property upon a showing that the defendant's control of the real
546 property constitutes a clear and present danger to the state.
547      (8) A foreign principal that purchases or acquires real
548 property or any interest therein in violation of this section
549 commits a misdemeanor of the second degree, punishable as
550 provided in s. 775.082 or s. 775.083.
551      (9) A person who knowingly sells real property or any

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

552 interest therein in violation of this section commits a
553 misdemeanor of the second degree, punishable as provided in s.
554 775.082 or s. 775.083.
555      (10) The Department of Economic Opportunity shall adopt
556 rules to implement this section.
557      Section 7. Section 692.204, Florida Statutes, is created to
558 read:
559      692.204 Purchase or acquisition of real property by the
560 People's Republic of China prohibited.—
561      (1)(a) The following persons or entities may not directly
562 or indirectly own, have a controlling interest in, or acquire by
563 purchase, grant, devise, or descent any interest, except a de
564 minimus indirect interest, in real property in this state:
565      1. The People's Republic of China, the Chinese Communist
566 Party, or any official or member of the People's Republic of
567 China or the Chinese Communist Party.
568      2. Any other political party or member of a political party
569 or a subdivision of a political party in the People's Republic
570 of China.
571      3. A partnership, an association, a corporation, an
572 organization, or any other combination of persons organized
573 under the laws of or having its principal place of business in
574 the People's Republic of China, or a subsidiary of such entity.
575      4. Any person who is domiciled in the People's Republic of
576 China and who is not a citizen or lawful permanent resident of
577 the United States.
578      5. Any person, entity, or collection of persons or entities
579 described in subparagraphs 1. through 4. having a controlling
580 interest in a partnership, association, corporation,

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

581 organization, trust, or any other legal entity or subsidiary
582 formed for the purpose of owning real property in this state.
583     (b) A person or entity has a de minimus indirect interest
584 if any ownership is the result of the person's or entity's
585 ownership of registered equities in a publicly traded company
586 owning the land and if the person's or entity's ownership
587 interest in the company is either:
588     1. Less than 5 percent of any class of registered equities
589 or less than 5 percent in the aggregate in multiple classes of
590 registered equities; or
591     2. A noncontrolling interest in an entity controlled by a
592 company that is both registered with the United States
593 Securities and Exchange Commission as an investment adviser
594 under the Investment Advisers Act of 1940, as amended, and is
595 not a foreign entity.
596     (2) Notwithstanding subsection (1), a natural person
597 described in paragraph (1)(a) may purchase one residential real
598 property that is up to 2 acres in size if all of the following
599 apply:
600     (a) The parcel is not on or within 5 miles of any military
601 installation in this state.
602     (b) The person has a current verified United States Visa
603 that is not limited to authorizing tourist-based travel or
604 official documentation confirming that the person has been
605 granted asylum in the United States and such visa or
606 documentation authorizes the person to be legally present within
607 this state.
608     (c) The purchase is in the name of the person who holds the
609 visa or official documentation described in paragraph (b).

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

610    (3) A person or entity described in paragraph (1)(a) that
611 directly or indirectly owns or acquires any interest in real
612 property in this state before July 1, 2023, may continue to own
613 or hold such real property, but may not purchase or otherwise
614 acquire by grant, devise, or descent any additional real
615 property in this state.

616    (4)(a) A person or entity described in paragraph (1)(a),
617 subsection (2), or subsection (5) must register with the
618 Department of Economic Opportunity if the person or entity owns
619 or acquires more than a de minimus indirect interest in real
620 property in this state. The department must establish a form for
621 such registration which, at a minimum, must include all of the
622 following:

623    1. The name of the owner of the real property.

624    2. The address of the real property, the property
625 appraiser's parcel identification number, and the property's
626 legal description.

627    (b) A person or entity that fails to timely file a
628 registration with the department is subject to a civil penalty
629 of $1,000 for each day that the registration is late. The person
630 or entity subject to the registration requirements must register
631 the property or property interests owned or acquired before July
632 1, 2023, by December 31, 2023. The registration is considered to
633 be late 30 days after January 31, 2024. A person or entity that
634 owns or acquires real property or an interest in real property
635 as authorized under subsection (2) or subsection (5), other than
636 a de minimus indirect interest, on or after July 1, 2023, must
637 register the real property or interest within 30 days after the
638 property or interest is owned or acquired. The department may

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

639 place a lien against the unregistered real property for the
640 unpaid balance of any penalties assessed under this paragraph.
641    (5) Notwithstanding subsection (1), a person or an entity
642 described in paragraph (1)(a) may acquire real property in this
643 state on or after July 1, 2023, by devise or descent, through
644 the enforcement of security interests, or through the collection
645 of debts, provided that the person or entity sells, transfers,
646 or otherwise divests itself of such real property within 3 years
647 after acquiring the real property, unless the person or entity
648 is exempt under s. 692.205.
649    (6)(a) At the time of purchase, a buyer of real property in
650 this state must provide an affidavit signed under penalty of
651 perjury attesting that the buyer is:
652    1. Not a person or entity described in paragraph (1)(a) or
653 that the buyer is a person described in paragraph (1)(a) but is
654 authorized under subsection (2) to purchase the subject
655 property; and
656    2. In compliance with the requirements of this section.
657    (b) The failure to obtain or maintain the affidavit does
658 not:
659    1. Affect the title or insurability of the title for the
660 real property; or
661    2. Subject the closing agent to civil or criminal
662 liability, unless the closing agent has actual knowledge that
663 the transaction will result in a violation of this section.
664    (c) The Florida Real Estate Commission shall adopt rules to
665 implement this subsection, including rules establishing the form
666 for the affidavit required under this subsection.
667    (7)(a) If any real property is owned or acquired in

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

668  violation of this section, the real property may be forfeited to
669  the state.
670      (b) The Department of Economic Opportunity may initiate a
671  civil action in the circuit court of the county in which the
672  property lies for the forfeiture of the real property or any
673  interest therein.
674      (c) Upon filing such action, the clerk must record a lis
675  pendens in accordance with s. 48.23. The court must advance the
676  cause on the calendar. The defendant may at any time petition to
677  modify or discharge the lis pendens based upon a finding that
678  there is no probable cause to believe that the real property, or
679  any portion thereof, is owned or held in violation of this
680  section.
681      (d) If the court finds that the real property, or any
682  portion thereof, is owned or held in violation of this section,
683  the court must enter a final judgment of forfeiture vesting
684  title to the real property in this state, subject only to the
685  rights and interests of bona fide lienholders, and such final
686  judgment relates back to the date of the lis pendens.
687      (e) The department may sell the real property subject to a
688  final judgment of forfeiture. Any proceeds from the sale must
689  first be paid to any lienholders of the land, followed by
690  payment of any outstanding fines assessed pursuant to this
691  section, after which the department must be reimbursed for all
692  costs related to the forfeiture civil action and any costs
693  related to the sale of the land. Any remaining proceeds must be
694  paid to the property owner.
695      (f) At any time during the forfeiture proceeding the
696  department may seek an ex parte order of seizure of the real

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

697  property upon a showing that the defendant's control of the real
698  property constitutes a clear and present danger to the state.
699      (8) A violation of this section constitutes a felony of the
700  third degree, punishable as provided in s. 775.082, s. 775.083,
701  or s. 775.084.
702      (9) A person who knowingly sells real property or any
703  interest therein in violation of this section commits a
704  misdemeanor of the first degree, punishable as provided in s.
705  775.082 or s. 775.083.
706      (10) The Department of Economic Opportunity shall adopt
707  rules to implement this section.
708      Section 8. Section 692.205, Florida Statutes, is created to
709  read:
710      692.205 Inapplicability of this part to real property for
711  diplomatic purposes.—This part does not apply to a foreign
712  principal that acquires real property for a diplomatic purpose
713  that is recognized, acknowledged, or allowed by the Federal
714  Government.
715      Section 9. Present subsections (3), (4), and (5) of section
716  408.051, Florida Statutes, are redesignated as subsections (4),
717  (5), and (6), respectively, a new subsection (3) is added to
718  that section, and subsection (2) of that section is reordered
719  and amended, to read:
720      408.051 Florida Electronic Health Records Exchange Act.—
721      (2) DEFINITIONS.—As used in this section, the term:
722      (c)(a) "Electronic health record" means a record of a
723  person's medical treatment which is created by a licensed health
724  care provider and stored in an interoperable and accessible
725  digital format.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

726        (i)<del>(b)</del> "Qualified electronic health record" means an
727   electronic record of health-related information concerning an
728   individual which includes patient demographic and clinical
729   health information, such as medical history and problem lists,
730   and which has the capacity to provide clinical decision support,
731   to support physician order entry, to capture and query
732   information relevant to health care quality, and to exchange
733   electronic health information with, and integrate such
734   information from, other sources.

735        (a)<del>(c)</del> "Certified electronic health record technology"
736   means a qualified electronic health record that is certified
737   pursuant to s. 3001(c)(5) of the Public Health Service Act as
738   meeting standards adopted under s. 3004 of such act which are
739   applicable to the type of record involved, such as an ambulatory
740   electronic health record for office-based physicians or an
741   inpatient hospital electronic health record for hospitals.

742        (b) "Cloud computing" has the same meaning as in s.
743   282.0041.

744        (d) "Health care provider" means any of the following:

745        1. A provider as defined in s. 408.803.

746        2. A health care practitioner as defined in s. 456.001.

747        3. A health care professional certified under part IV of
748   chapter 468.

749        4. A home health aide as defined in s. 400.462.

750        5. A service provider as defined in s. 394.455 and the
751   service provider's clinical and nonclinical staff who provide
752   inpatient or outpatient services.

753        6. A continuing care facility licensed under chapter 651.

754        7. A pharmacy permitted under chapter 465.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

755    (e)(d) "Health record" means any information, recorded in
756  any form or medium, which relates to the past, present, or
757  future health of an individual for the primary purpose of
758  providing health care and health-related services.

759    (f)(e) "Identifiable health record" means any health record
760  that identifies the patient or with respect to which there is a
761  reasonable basis to believe the information can be used to
762  identify the patient.

763    (g)(f) "Patient" means an individual who has sought, is
764  seeking, is undergoing, or has undergone care or treatment in a
765  health care facility or by a health care provider.

766    (h)(g) "Patient representative" means a parent of a minor
767  patient, a court-appointed guardian for the patient, a health
768  care surrogate, or a person holding a power of attorney or
769  notarized consent appropriately executed by the patient granting
770  permission to a health care facility or health care provider to
771  disclose the patient's health care information to that person.
772  In the case of a deceased patient, the term also means the
773  personal representative of the estate of the deceased patient;
774  the deceased patient's surviving spouse, surviving parent, or
775  surviving adult child; the parent or guardian of a surviving
776  minor child of the deceased patient; the attorney for the
777  patient's surviving spouse, parent, or adult child; or the
778  attorney for the parent or guardian of a surviving minor child.

779    (3) SECURITY AND STORAGE OF PERSONAL MEDICAL INFORMATION.—
780  In addition to the requirements in 45 C.F.R. part 160 and
781  subparts A and C of part 164, a health care provider that
782  utilizes certified electronic health record technology must
783  ensure that all patient information stored in an offsite

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

784 physical or virtual environment, including through a third-party
785 or subcontracted computing facility or an entity providing cloud
786 computing services, is physically maintained in the continental
787 United States or its territories or Canada. This subsection
788 applies to all qualified electronic health records that are
789 stored using any technology that can allow information to be
790 electronically retrieved, accessed, or transmitted.

791     Section 10. Subsections (14) and (15) are added to section
792 408.810, Florida Statutes, to read:

793     408.810 Minimum licensure requirements.—In addition to the
794 licensure requirements specified in this part, authorizing
795 statutes, and applicable rules, each applicant and licensee must
796 comply with the requirements of this section in order to obtain
797 and maintain a license.

798     (14) The licensee must sign an affidavit at the time of his
799 or her initial application for a license and on any renewal
800 applications thereafter that attests under penalty of perjury
801 that he or she is in compliance with s. 408.051(3). The licensee
802 must remain in compliance with s. 408.051(3) or the licensee
803 shall be subject to disciplinary action by the agency.

804     (15)(a) The licensee must ensure that a person or entity
805 who possesses a controlling interest does not hold, either
806 directly or indirectly, regardless of ownership structure, an
807 interest in an entity that has a business relationship with a
808 foreign country of concern or that is subject to s. 287.135.

809     (b) For purposes of this subsection, the term:

810     1. "Business relationship" means engaging in commerce in
811 any form, including, but not limited to, acquiring, developing,
812 maintaining, owning, selling, possessing, leasing, or operating

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2023264e2

813 equipment, facilities, personnel, products, services, personal
814 property, real property, military equipment, or any other
815 apparatus of business or commerce.
816     2. "Foreign country of concern" has the same meaning as in
817 s. 692.201.
818     3. "Interest" has the same meaning as in s. 286.101(1).
819     Section 11. Section 836.05, Florida Statutes, is amended to
820 read:
821     836.05 Threats; extortion.—
822     (1) Whoever, either verbally or by a written or printed
823 communication, maliciously threatens to accuse another of any
824 crime or offense, or by such communication maliciously threatens
825 an injury to the person, property or reputation of another, or
826 maliciously threatens to expose another to disgrace, or to
827 expose any secret affecting another, or to impute any deformity
828 or lack of chastity to another, with intent thereby to extort
829 money or any pecuniary advantage whatsoever, or with intent to
830 compel the person so threatened, or any other person, to do any
831 act or refrain from doing any act against his or her will,
832 commits ~~shall be guilty of~~ a felony of the second degree,
833 punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
834     (2) A person who commits a violation of subsection (1) and
835 at the time of the violation is acting as a foreign agent, as
836 defined in s. 812.081(1), with the intent of benefiting a
837 foreign country of concern, as defined in s. 692.201, commits a
838 felony of the first degree, punishable as provided in s.
839 775.082, s. 775.083, or s. 775.084.
840     Section 12. This act shall take effect July 1, 2023.

**CODING:** Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.