IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| YIFAN SHEN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> WILTON SIMPSON, *etc., et al.*, <br><br> *Defendants*. | Case No. 4:23-cv-208-AW-MAF |

**PLAINTIFFS' MOTION FOR EXPEDITED BRIEFING & HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs move this Court for an order setting an expedited briefing and hearing schedule on Plaintiffs' Emergency Motion for a Preliminary Injunction ("PI Motion"), filed concurrently herewith (ECF No. 21). Specifically, Plaintiffs respectfully request an order:

1. Establishing the following expedited briefing schedule for the parties with respect to Plaintiffs' PI Motion:

    a. Defendants may file an opposing memorandum of no more than 10,500 words by Friday, June 16, 2023.

    b. Plaintiffs may file a reply memorandum of no more than 5,250 words by Thursday, June 22, 2023.

2. Setting an expedited hearing on Plaintiffs' PI Motion at the earliest possible date, between Monday, June 26 and Friday, June 30, 2023.

## MEMORANDUM

On July 1, 2023, a new Florida law, SB 264, which imposes discriminatory prohibitions on the ownership and purchase of real property on people from certain foreign countries of concern, will take effect. In the accompanying PI Motion, Plaintiffs seek to invalidate SB 264 and enjoin its enforcement on grounds that SB 264 is unconstitutional and blatantly violates federal law.

If SB 264 goes into effect without the Court's intervention, Plaintiffs will imminently suffer severe irreparable harm for which there is no adequate remedy at law. *See* PI Mot. at 48–50. The irreparable harm that Plaintiffs will suffer includes being forced to cancel the purchases of new homes, which are unique, irreplaceable lots of real properties; losing nonrefundable deposits; losing customers; losing business opportunities; being forced to register their properties; and being subject to the law's discriminatory and stigmatizing effects. *See* First Am. Compl. (ECF No. 17) ¶¶ 59–78, 97, 107, 121, 133.

Not only will Plaintiffs suffer irreparable harm, but countless others who are similarly situated to Plaintiffs will immediately suffer from the law's broad restrictions, prohibitions, and requirements, under the threat of civil penalties and severe criminal sanctions. Moreover, owing to the law's vagueness, there is substantial amount of uncertainty about the law's scope and application, which invites arbitrary enforcement of the law. *See* PI Mot. at 28–37.

There are two components of the new law, in particular, which will affect the general public as soon as the new law goes into effect on July 1, 2023. First, the new law's requirement that all purchasers of real property in Florida, on or after July 1, 2023, complete an affidavit, under penalty of perjury, in connection with their purchase of real property, at the time of the purchase, Fla. Stat. §§ 692.202(5) (agricultural land), .203(6) (real property near military installations or critical infrastructure), .204(6) (all real property). Second, the new law's provisions impose criminal liability for any and all sellers who knowingly sell real property in violation of the new law, *id.* §§ 692.202(8) (agricultural land), .203(9) (real property near military installations or critical infrastructure), .204(9) (all real property). Both of these components will carry concrete, immediate, and profound legal consequences for all Floridians, not just Plaintiffs in this case. With the effects of the law extending far beyond Plaintiffs to every buyer and seller of real property in Florida, there is a genuine threat that the new law will cast an immediate, discriminatory chill throughout the housing market. The Court should, therefore, consider the widespread harm that these aspects of the new law threaten to have in Florida in granting Plaintiffs' request for an expedited schedule regarding Plaintiffs' PI Motion.

In view of both the public interest served by resolving these important questions about the validity of SB 264, as well as the individual interests of

Plaintiffs in this case to avoid irreparable harm, the Court should set an expedited schedule for briefing and hearing Plaintiffs' PI Motion. The Court has the inherent authority to manage its own docket, as well as broad discretion to expedite proceedings, such as these, in which time is of the essence. *See, e.g.*, N.D. Fla. Local Rule 7.1(L) ("A motion that requires a ruling more promptly than would occur in the ordinary course of business may be labeled an emergency. . . . The Court may require an expedited response or otherwise amend the schedule as appropriate.").

Here, there is ample good cause for granting Plaintiffs' request for an expedited schedule. Unlike a motion for a temporary restraining order, where the Court must carefully consider whether to grant such a motion without notice, *see* Fed. R. Civ. P. 65(b), here, Plaintiffs have fully complied with the notice requirements with respect to Plaintiffs' PI Motion, Fed. R. Civ. P. 65(a)(1). Plaintiffs are simply proposing to shorten the timeframe that Defendants will have respond to the motion by four days, which is a matter within the Court's discretion.

Under the expedited schedule Plaintiffs propose, Defendants will still have ten days to file their response to the PI Motion. Any argument by Defendants that they would be prejudiced by granting Plaintiffs' request for an expedited schedule is unavailing, and to the extent there is any weight given to it, the Court should find that the interests of the Plaintiffs and the public in obtaining a ruling on

Plaintiffs' PI Motion before SB 264 goes into effect outweighs such a concern.

SB 264 was signed into law on May 8, 2023 after a short legislative process, and provides that it will take effect on July 1, 2023, 25 days from now. Such a brief time period leaves Plaintiffs no choice but to seek an expedited schedule.

In lieu of the proposed expedition, Plaintiffs have proposed to the State that the parties agree to a stand-still agreement, such that the challenged law would not take effect as briefing proceeds and this Court deliberates over the requested preliminary relief. Because the State has not agreed to that proposal, nothing short of expedited proceedings will protect Plaintiffs against the imminent irreparable harm underlying their instant request.

Ultimately, because of the seriousness of the issues raised in Plaintiffs' PI Motion, the imminent, irreparable harm that Plaintiffs face, and the widespread harm that SB 264 threatens to have on the public at large, the Court is warranted in granting Plaintiffs' request for an expedited briefing and hearing schedule.

## CONCLUSION

For the foregoing reasons, good cause being shown, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for an expedited briefing schedule and hearing on Plaintiffs' Emergency Motion for a Preliminary Injunction, filed concurrently herewith.

## LOCAL RULE 7.1(F) CERTIFICATION

This memorandum contains 1,366 words.

## LOCAL RULE 7.1(B) CERTIFICATE OF CONFERRAL

Plaintiffs' counsel conferred with counsel for Defendants, who oppose the relief sought in this motion.

Respectfully submitted this 6th day of June, 2023,

 /s/ Nicholas L.V. Warren

Daniel B. Tilley (FBN 102882)
**ACLU FOUNDATION OF FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2707
dtilley@aclufl.org

Nicholas L.V. Warren (FBN 1019018)
**ACLU FOUNDATION OF FLORIDA**
336 East College Avenue, Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Ashley Gorski*
Patrick Toomey*
Sarah Taitz*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
agorski@aclu.org

Keliang (Clay) Zhu**
**DEHENG LAW OFFICES PC**
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
(925) 399-5856
czhu@dehengsv.com

Derek L. Shaffer**
William A. Burck†
Haiyan Tang†
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, 9th Floor
Washington, D.C. 20005
(202) 538-8000
derekshaffer@quinnemanuel.com
williamburck@quinnemanuel.com
haiyantang@quinnemanuel.com

Bethany Y. Li**
Elizabeth Koo**
Razeen Zaman†
**ASIAN AMERICAN LEGAL**

- 6 -

ptoomey@aclu.org
staitz@aclu.org

Cody Wofsy**
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0770
Email: cwofsy@aclu.org

**DEFENSE & EDUCATION FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932
bli@aaldef.org
ekoo@aaldef.org

*\* Admitted pro hac vice*

*\*\* Motion for leave to appear pro hac vice pending*

† *Motion for leave to appear pro hac vice forthcoming*

*Attorneys for Plaintiffs*