IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**YIFAN SHEN, ZHIMING XU, et al.,**

    **Plaintiffs,**

v.                                                  Case No. 4:23-cv-208-AW-MAF

**WILTON SIMPSON, in his official capacity as Florida Commissioner of Agriculture, MEREDITH IVEY, in her official capacity as Acting Florida Secretary of Economic Opportunity, et al.,**

    **Defendants.**

_____/

## ORDER REGARDING SCHEDULE

Plaintiffs initiated this case on May 22 to challenge a new law enacted May 8. ECF No. 1. Two weeks after filing their complaint, they moved for a preliminary injunction. ECF No. 21; *see also* ECF No. 22 (June 7 amended motion). At the same time, they moved for an expedited briefing schedule, proposing a June 16 deadline for Defendants to respond to the motion. ECF No. 22.

The court promptly convened a telephonic hearing to address scheduling. ECF Nos. 24, 34. During that hearing, Plaintiffs acknowledged that they had not yet served process on the State Attorney defendants, or even notified them of this action.

The State Attorney defendants, having no notice of the hearing, did not appear. Two were subsequently served, ECF Nos. 35, 41, but have not weighed in

1

on an appropriate schedule.[1] Plaintiffs indicated in their June 13 status report that they emailed the complaint, motion, and summons to the remaining State Attorney defendant's office on Friday, and that they would complete proper service today. ECF No. 40 at 2.

The defendants who had appeared sought additional time to respond to the preliminary injunction motion. They argued that although the challenged law takes effect July 1, there is no need for an immediate ruling. They noted, among other things, that the law will not require any Plaintiff to register until months after July 1 and that the real estate transactions Plaintiffs fear losing are not set to close until much later this year. They also observed that Plaintiffs waited approximately one month after the law was enacted before seeking emergency relief.

Having considered all the circumstances, including Plaintiffs' status report and the fact that some defendants were served only within the past few days, I conclude that Plaintiffs' requested schedule is unreasonable. I also conclude that Plaintiffs have not demonstrated a need for relief on or before July 1. Nonetheless,

---

[1] When setting the expedited hearing, the court was under the impression that Plaintiffs' counsel had conferred with counsel for all defendants, based on Plaintiffs' certification in their motion that "Plaintiffs' counsel conferred with counsel for Defendants, who oppose the relief sought in this motion." ECF No. 22 at 6; *see also id*. at 4 ("Plaintiffs have fully complied with the notice requirements with respect to Plaintiffs' PI Motion." (citing Fed. R. Civ. P. 65(a)(1))). But Plaintiffs' counsel clarified during the hearing that they had not, in fact, conferred with—or provided notice to—counsel for the State Attorney defendants.

the court intends to resolve the preliminary injunction motion promptly. The court accordingly establishes the following schedule:

The deadline for all Defendants to respond to the preliminary injunction motion is July 3. Plaintiffs may file a reply by July 11. The court will hold a hearing on the motion on July 18 at 1:30 p.m. at the United States Courthouse, Tallahassee.

Plaintiffs and those Defendants participating in the recent hearing disclaimed any need for an evidentiary hearing. If any of the State Attorney defendants seeks an evidentiary hearing, counsel for that State Attorney must note that in the response and must also set out the disputed factual issues requiring resolution at an evidentiary hearing.

Plaintiffs must immediately serve a copy of this order on all Defendants who have not appeared, and they must file a certificate of service.

The motion to expedite (ECF No. 22) is GRANTED in part, to the extent set out above.

SO ORDERED on June 14, 2023.

s/ *Allen Winsor*
United States District Judge