**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

YIFAN SHEN, ET AL.,           )
                              )
            Plaintiffs,       ) Case No: 4:23cv208
                              )
        v.                    ) Tallahassee, Florida
                              ) June 9, 2023
WILTON SIMPSON, IN HIS        )
OFFICIAL CAPACITY AS          )
COMMISSIONER OF AGRICULTURE   )
FOR THE FLORIDA DEPARTMENT    )
OF AGRICULTURE AND CONSUMER   )
AFFAIRS, ET AL.,              )
                              ) 11:00 AM
            Defendants.       )
_____ )

**TRANSCRIPT OF TELEPHONIC PROCEEDINGS**
**BEFORE THE HONORABLE ALLEN C. WINSOR**
**UNITED STATES DISTRICT JUDGE**
**(Pages 1 through 22)**

*LISA C. SNYDER, RPR, CRR*
**Official United States Court Reporter**
**111 North Adams Street, Tallahassee, FL 32301**
**(850)567-1374 * lisasnydercr@gmail.com**

*Proceedings reported by stenotype reporter.*
*Transcript produced by Computer-Aided Transcription.*

1    <u>APPEARANCES</u>: (by telephone)

2    For the Plaintiffs:       ACLU
                               By:  PATRICK CHRISTOPHER TOOMEY
3                                   Attorney at Law
                                    ptoomey@aclu.org
4                              125 Broad Street
                               18th Floor
5                              New York, New York 10004

6                              ACLU
                               By:  NICHOLAS WARREN
7                                   Attorney at Law
                                    nwarren@aclufl.org
8                              336 E. College Avenue
                               Suite 203
9                              Tallahassee, Florida  32301

10

11   For the Defendant:        Florida Attorney General's Office
                               By:  DANIEL WILLIAM BELL
12                                  Attorney at Law
                                    daniel.bell@myfloridalegal.com
13                             PL-01 The Capitol
                               Tallahassee, Florida 32399
14

15

16

17

18

19

20

21

22

23

24

25

1                       **P R O C E E D I N G S**

2         (Call to Order of the Court at 11:00 AM on the 9th day of

3     June, 2023.)

4                 THE COURT:  Good morning, everyone.

5                 We are on the record in 4:23cv208.

6                 It's Shen versus Simpson.

7                 We will start with appearances.  I know there are a

8     lot of attorneys on the line.  If I could hear someone from each

9     side, whoever will be speaking, introduce yourself.  And if you

10    would like, you can introduce those with you, but you don't have

11    to.

12                We will start with plaintiffs.

13                MR. TOOMEY:  Good morning, Your Honor.

14                This is Patrick Toomey from the ACLU representing the

15    plaintiffs.  I am here with co-counsel from Deheng Law Firm,

16    Asian American Legal Defense & Education Fund, and the ACLU of

17    Florida.

18                THE COURT:  Very good.

19                And for the defense?

20                MR. BELL:  Good morning, Your Honor.

21                This is Daniel Bell from the Attorney General's

22    Office.

23                I am here with Henry Whitaker, Robert Schenck, and

24    Timothy Newhall from our office.

25                THE COURT:  Okay.  Very good.

1          Are you going to represent the state attorney

2     defendants?  I know you entered an appearance for the other

3     defendants.

4          MR. BELL:  We are representing all the defendants

5     other than the state attorneys.  We haven't had any

6     communications with the state attorneys to this point.  I am not

7     sure they have been served.

8          THE COURT:  That's one thing I wanted to find out

9     about.

10         Is there anyone on the line representing any of the

11    state attorney defendants?

12         Okay.  Mr. Toomey, have you served the state attorney

13    defendants?

14         MR. TOOMEY:  Your Honor, I need to check with our

15    co-counsel, with ACLU of Florida, to confirm whether they have

16    been served or not.  Unfortunately, I don't know that at the

17    moment.

18         MR. WARREN:  Your Honor, this is Nicholas Warren from

19    the ACLU of Florida.  They have not been served yet.

20         THE COURT:  All right.

21         Have you been in contact with their counsel?

22         MR. WARREN:  No, Your Honor.

23         THE COURT:  Okay.

24         So the motion on the expedited briefing that led to

25    this hearing said you had consulted with the defendants.  You

1    meant just some of the defendants.

2              MR. WARREN:  That's correct, Your Honor.

3              I am looking at the docket.  We have actually not

4    received the summons from the clerk's office after the first

5    amended complaint was filed.

6              THE COURT:  Okay.  But you have not -- so the order

7    setting this hearing was not given to those defendants, either?

8    You didn't serve it on them?

9              MR. WARREN:  That's correct.

10             THE COURT:  All right.

11             Well, I mean, that's an issue, I guess.

12             We can still talk about the schedule, but everything

13   will be tentative based on what happens there.

14             You are seeking an injunction against them, as well;

15   and, certainly, they are entitled to be heard and participate in

16   the final hearing but also in the scheduling on it.

17             I mean, you don't need a summons to give them your

18   motion and the complaint and the order setting this hearing, but

19   I assume that you all will get on that right away?

20             MR. WARREN:  Yes, Your Honor.

21             THE COURT:  Okay.

22             All right.

23             Well, then, let's do talk about the schedule.  I had

24   asked you all to confer on what a hearing might look like and on

25   the briefing.  I know when the motion for the expedited briefing

1    was filed there was no agreement, but have you all -- at least

2    this is for Mr. Toomey -- have you all talked further on

3    scheduling a hearing or briefing?

4           MR. TOOMEY:  Yes, Your Honor.

5           We have been talking about a schedule.

6           The parties have not been able to reach an agreement

7    about the schedule.  We continue to stand by the schedule that

8    we had proposed, the recent schedule that we proposed, in our

9    motion.  Of course, I will let the defendants speak to their

10   proposal.

11          THE COURT:  Let me do hear from you, Mr. Bell, on how

12   much time you need --

13          Let me just ask, I heard some background noise.  If

14   everyone who is not speaking, if you will please put your phone

15   on mute, that will help.

16          Mr. Bell?

17          MR. BELL:  Your Honor, this is Daniel Bell.

18          So our response to the preliminary injunction motion

19   is currently due June 20th, and we would ask the Court for an

20   extension of a few weeks, making our deadline July 14th.  We

21   think that's fair given the complexity and importance of the

22   issues involved.  And we know that the plaintiffs don't disagree

23   on the complexity and importance of the issues involved because

24   they represented as much when they asked for an expansion of the

25   word limit for their motion.

1          Before I say more about the details of our proposal,

2     to put our proposal in context, I would like to say a little bit

3     about the problems we have with plaintiffs' proposed schedule,

4     which I think can be generously described as one-sided.

5          They insist that the motion has to be resolved before

6     July 1st, and we disagree with that, and I will get to the lack

7     of exigency in just a moment.

8          But, first, as a threshold matter, plaintiffs filed an

9     initial complaint on May 24th, which is just 37 days before

10    July 1st when they say the matter has to be resolved.  But they

11    waited two full weeks to file the motion, leaving just 23 days

12    left in the month.  And of those 23 days, their proposal would

13    give the State just 10 days to respond.

14         And they have also said that they anticipate an amicus

15    brief on their side, which would be filed June 13th, so the

16    State's response would be due just three days later.

17         That's all, I think, bad enough; but if that were all,

18    the State would have almost three weeks, as of today, left to

19    respond.

20         The plaintiffs would further reduce that time by

21    asking for reply brief that they are otherwise not entitled to

22    under the Court's rules as well as oral argument that the Court

23    may or may not deem as helpful.

24         The result is this, in the aggregate, if we take their

25    proposal, they've had plenty of time to brief these issues while

1    our sole filing is due seven days from today.

2         So the defendants are perfectly willing to litigate

3    the preliminary injunction motion on an expeditious timetable.

4    But, as noted, plaintiffs have already agreed that these are

5    important and complex issues that require careful consideration.

6         So we would propose that the defendants have until

7    July 14th to respond.

8         We also agree with the other side that amicus briefs

9    would be filed within seven days of each party's principal

10   briefs, so that would be July 21st on our end.

11        The Court could, at that point, take the motion under

12   advisement.  So we are really just talking about a difference of

13   a few weeks here.

14        And plaintiffs can, of course, have extra time to

15   reply if they deem it necessary.  But our view is that the

16   defendants shouldn't be forced to brief these issues in an

17   unnecessarily compressed timetable because of their choice to do

18   that.

19        And, of course, if the Court thinks a hearing would be

20   helpful, we are very happy to participate.  But we wouldn't

21   presume it's necessary based on -- or given plaintiffs' concern

22   about timing.

23        THE COURT:  Let me ask this on the hearing.  I agree

24   with you about the reply.  That jumped out at me in the proposal

25   that, you know, they would have a pretty lengthy period for a

1  reply.  So I would be inclined, certainly, to give your side

2  more time than what the plaintiffs have proposed.  I don't know

3  if what you are proposing is necessary.

4          But on the hearing -- I mean, you're saying you are

5  not sure it's necessary.  Are you accepting their facts that

6  they have put forward, or are you saying that we could just

7  resolve it based on competing affidavits, or is it too soon to

8  tell from your perspective?

9          Tell me what you're thinking.

10          MR. BELL:  Your Honor, I think -- the parties have

11  reached a principle agreement that there is no need for an

12  evidentiary hearing.  So we are really just talking about oral

13  argument.

14          THE COURT:  Okay.

15          Do you agree with that, Mr. Toomey?  There is no need

16  for an evidentiary hearing?

17          MR. TOOMEY:  Yes, Your Honor.

18          THE COURT:  Okay.

19          It seems like most of your claims are, for the most

20  part, legal claims, other than, I guess, your *Arlington Heights*

21  type claim, or that component of your equal protection claim

22  would, I imagine, have a lot of disputed facts.  Maybe not.

23          You are pursuing all of your claims at this stage,

24  right?

25          MR. TOOMEY:  That's right, Your Honor.

1          THE COURT:  So on that aspect of the claim, your view

2     would be the Court would make some findings based on whatever

3     evidence is submitted on paper with the filings?

4          MR. TOOMEY:  That's right, Your Honor.

5          THE COURT:  Okay.  All right.

6          Mr. Bell, I interrupted you.  You can go ahead.

7          MR. BELL:  So, Your Honor, as to our request for a

8     July 14th response date, I wanted to say a little bit about the

9     lack of exigency here in briefing.

10         So the reason we think there is no exigency to the

11    Court's decision is that there is no events that will happen on

12    July 1st, or soon thereafter.

13         To be specific about that, some of the plaintiffs

14    point to real estate contracts they have executed, which they

15    have already made what they say are non-refundable down

16    payments.

17         Their concern is that the statutory scheme might bar

18    them closing on those contracts, and they will lose the deposits

19    as well as the ability to acquire the property.

20         We understand all that, but the soonest closing date

21    identified in their filings is September and our proposal would

22    allow the Court to make a decision well in advance of September.

23         Plaintiffs also point to a requirement in the

24    statutory scheme that for any real estate sales after July 1st

25    the buyer must submit an affidavit confirming that he is not a

1    covered individual under the scheme, but that requirement kicks

2    in at the time of purchase, meaning closing date, and so that

3    doesn't add anything.  It's a harm that won't happen until at

4    least September for the plaintiffs in this case.

5            Plaintiffs also point to a requirement that they will

6    be required to file registration statements for property they

7    already owned prior to July 1st.  But the statute makes clear

8    that the registration is not deemed late until January of 2024,

9    so there is no need for a decision sooner than then.

10            I would also point out that neither of these

11   registration requirements kicks in on July 1st.  In any case, we

12   don't think they are self-executing because the statutory scheme

13   called for rulemaking by three state agencies as to the form of

14   these registrations and the affidavits related to them.  And I

15   have been assured by the agencies that that rulemaking process

16   hasn't begun.  And that, due to the timetable for rulemaking,

17   under the State's Administrative Procedure Act, couldn't

18   possibly be completed within the next two and a half months and

19   likely will take much longer than this.

20            And that really leaves the asserted injury on behalf

21   of one of the plaintiffs' businesses called Multi-Choice Realty

22   that says it stands to lose business if the statute takes

23   effect.  And, frankly, I question whether changes to the

24   business environment that results in losses are, in fact,

25   irreparable harm.

1          But in any event, we are not suggesting they should be

2    subjected to requirements for a period of time while we litigate

3    the PI.  We are basically asking for an extra month here, which

4    we think is fair as their concerns don't justify their schedule,

5    and, as noted, the issues here require careful consideration.

6          THE COURT:  All right.

7          Mr. Toomey, let me hear your response to that.

8          I did note, and looking at the statute, the

9    registration requirements are a little ways off, and your

10   affidavits do cite transactions that are at least a little ways

11   off.

12         Let me hear your response to what Mr. Bell said.

13         MR. TOOMEY:  Thanks, Your Honor.

14         We, I think, disagree strenuously with the view there

15   is no impact when the law goes into effect July 1st.

16         It's clear that the law's criminal provisions go into

17   effect July 1st, and our clients will be forced to cancel

18   purchases of new homes, it puts their existing properties with

19   the State under threat of severe penalties, and face loss of

20   significant business.

21         THE COURT:  But not on July 1st, right?

22         MR. TOOMEY:  The criminal penalties go into effect on

23   July 1st.  And I think the --

24         THE COURT:  But what is it -- what is it that would be

25   criminal conduct as of July 1st?  Are we talking about the same

1   facts here?  The transactions or the lack of registration or

2   things like that?

3          MR. TOOMEY:  Yes.

4          The transactions -- both the sellers and the would-be

5   purchasers in those transactions will be facing criminal --

6   potential criminal liability for going forward.  And I think

7   it's unreasonable to expect that a purchaser or the seller would

8   continue down the path of that transaction when a law has gone

9   into effect saying that these transactions are prohibited.

10          And I think we are hearing that mortgage brokers in

11   the state and real estate entities are interpreting these

12   provisions in ways that -- where they are requesting immigration

13   and passport records from prospective purchasers because of the

14   uncertainty that this -- the effective date that this provision

15   is creating.

16          And, you know, our client, Multi-Choice Realty, is

17   facing a loss of inquiries about prospective transactions

18   because people believe that they will be barred -- criminal and

19   civil penalties beginning on July 1st.

20          So I think the State believes it needs more time to

21   address these issues, you know.  It could agree to a standstill

22   on enforcement and implementation of the law until everything is

23   concluded and the Court has an opportunity to rule.

24          But the claims that we filed, you know, we filed them

25   on May 22nd, so the State has been on notice since that time.

1   There are no new plaintiffs added or additional claims added.

2          And even on the ordinary schedule, the State would be

3   required to respond within 14 days.  So we have truncated that

4   by a few days to ensure that the briefing can reach a conclusion

5   and the Court has an opportunity to consider the filings ahead

6   of July 1st.

7          But I think, you know, it's clear that the law will go

8   into effect on July 1st.  We have made a showing of irreparable

9   harm and provided facts that support it.  And the State is

10  asking, essentially, to allow this law to go in effect before it

11  even has to respond to those claims of irreparable harm.

12          MR. BELL:  Your Honor, this is Daniel Bell, if I may

13  respond briefly.

14          THE COURT:  Sure.

15          MR. BELL:  So it seems that -- so we have addressed

16  all of the harms addressed in plaintiffs' motion to expedite.

17  And it seems that they are principally asserting now harms that

18  they think will happen to individuals who are not parties before

19  the Court.  We think that's an inappropriate consideration when

20  setting a briefing schedule.

21          THE COURT:  I agree with that.  The other thing with

22  the representation was that there is a lack of certainty.  But

23  preliminary injunction, even if granted, doesn't eliminate any

24  uncertainty.  It's a preliminary determination.  I'm not sure --

25  maybe people are asking too much of what a preliminary

 1   injunction would even mean.  Obviously, it would only provide

 2   relief to these plaintiffs anyway.

 3            Go ahead, Mr. Bell.

 4            MR. BELL:  Right.

 5            I think as to Multi-Choice Realty, again, I think that

 6   potential business losses are not before the Court.  At most

 7   they are not sufficient to justify the schedule.

 8            One final point, Your Honor, is that our request for a

 9   July 14th response date would also operate to the benefit of the

10   state attorney defendants who are not presently --

11            THE COURT:  That's a big issue.  Here is what I think

12   we need to do:  We need to get them brought into the case and

13   get their view.

14            I was operating under the impression that people had

15   already been talking to them based on the suggestion in the

16   motion that they had been in consultation with defendants,

17   plural.  I see you meant some of them, and that's okay.  I am

18   not suggesting you misled the Court in any way.  It was just, I

19   guess, a sort of a shortcut talking about the State defendants.

20            But the concern you have expressed, Mr. Toomey, about

21   criminal prosecutions, that just really runs to the defendants

22   who aren't here yet and haven't been heard from yet and that you

23   have not even notified that there is a claim against them.

24            So I think they need to be served and brought in, and

25   then we can hear from them and get a final schedule in place.

1          I will say right now that the request for the due date

2    of -- was it the 16th that you sought for the State defendants,

3    is not sufficient time.

4          I do note that the sequence of events here -- and the

5    law has been enacted for a month now, and the preliminary

6    injunction came in just this week -- the motion -- and that's

7    fine.  I recognize that these things can't be done overnight,

8    but I think that works both ways.  And so the State will

9    certainly have until at least the 22nd to respond.

10         That's not to say that you won't get more time that

11   you have requested, Mr. Bell, but I think we need to get

12   everybody on board here so that we can hear from the others that

13   are affected.

14         There still would be time to get an order out before

15   July 1st.  I am not saying that will definitely happen, but I

16   think what we need to do is get the others served and then

17   reconvene.

18         What I would like you to do, Mr. Toomey, is serve the

19   state attorney defendants.  Find out who their counsel is.

20   Confer with their counsel.  Talk to them about the schedule.

21         You have said you all don't seek an evidentiary

22   hearing.  Well, they might.  I don't know.  But we have got to

23   figure all that out.  And then you can file a notice early next

24   week about what the progress of that is and what their position

25   is.  We can have another hearing like this if need be, but maybe

1  we won't need it.

2          I am going to hold on the Court's calendar the 28th as

3  a potential -- of June, as a potential hearing date depending on

4  where we end up.  And so you all ought to hold that, too, if you

5  have availability now, just as a possibility.

6          I think that covers everything that I wanted to

7  address today.

8          I had hoped to address a schedule with a little more

9  certainty.

10          But, Mr. Toomey, is there anything else we can address

11  today?

12          MR. TOOMEY:  I think -- yes.  The only thing I would

13  add, Your Honor, and we understand about serving the state

14  attorneys and getting them into this conversation as soon as

15  possible.  Of course, our view is that the purpose of a

16  preliminary injunction is to maintain the status quo if it's

17  warranted.  And so, given the law's effect and other

18  consequences that are laid out in our motion, we believe it's

19  absolutely essential that the defendants respond before July 1st

20  so the Court has an opportunity to at least rule, if it chooses

21  to do so, before July 1st.

22          THE COURT:  Okay.  Understood.

23          Anything else from the plaintiffs?

24          MR. BELL:  Yes.  Just one other thing, Your Honor --

25          THE COURT:  The plaintiffs.  I'm sorry.  The

1    plaintiffs.  Anything else from the plaintiffs?  Or was that --

2    I thought that was -- I'm sorry.  I thought that was Mr. Bell.

3              MR. TOOMEY:  You are right, Your Honor.  I think

4    Mr. Bell has something to add after I go.

5              The only thing I would add is that the plaintiffs, or

6    the parties, I'm sorry -- maybe this is what Mr. Bell was going

7    to add -- had been discussing a proposed protective order to

8    facilitate the exchange of some limited information ahead of the

9    briefing.  So if we can reach a joint proposal on that front, we

10   would respectfully request that we can submit that for the

11   Court's review.

12             THE COURT:  Sure.  You just submit it with a motion

13   and a proposed order, and that will be fine.

14             I guess that raises another question -- you all are

15   obviously talking about these issues, but you have submitted

16   your evidence, Mr. Toomey, and say you don't want an evidentiary

17   hearing.  But is there discovery that either side needs before a

18   resolution of a preliminary injunction motion?

19             Mr. Toomey first.  I don't know which direction --

20             MR. TOOMEY:  So plaintiffs are not -- if the Court

21   proceeds in an expedited manner, plaintiffs are not planning to

22   seek discovery in order to facilitate that timeline.

23             If the timeline were further drawn out in this case, I

24   think perhaps we would have a discussion with them about whether

25   there was any reciprocal exchange of information that would be

1  needed.

2        But the one issue that we have discussed in some

3  detail is the provision of the redacted contracts -- the

4  unredacted versions of the purchase contracts to the State.  And

5  that is the driving factor behind the proposed protective order

6  that I mentioned.

7        THE COURT:  What's redacted?  I did see there were

8  redactions.

9        MR. TOOMEY:  The property addresses for those

10  properties that we purchased and related lot information.

11        THE COURT:  Okay.

12        All right.

13        Then anything else from the plaintiffs' side before I

14  hear from Mr. Bell?

15        MR. TOOMEY:  No, Your Honor.

16        THE COURT:  Okay.

17        Mr. Bell?

18        MR. BELL:  Your Honor, that all sounds potentially

19  correct.

20        I think that we likewise would not seek discovery.  We

21  don't, at this time, other than the unredacted contracts subject

22  to a protective order, which will rule (indiscernible).

23        I think that, you know, that could change if there

24  were more time, but I don't think there is any need to delay

25  resolution of the preliminary injunction.

1          THE COURT:  Okay.  All right.

2          MR. BELL:  I did have one other point.

3          THE COURT:  Yes, sir.

4          MR. BELL:  Which was that the parties who are

5     currently in this lawsuit have tentatively agreed to stay all

6     the other deadlines in this case, including our deadline to

7     respond to the motion or to the complaint, pending the

8     resolution of the preliminary injunction motion.

9          We are happy to discuss that further; or if the Court

10    prefers to wait until the state attorney defendants are

11    involved, we can do that, as well.

12         THE COURT:  Either way.  I mean, if the plaintiffs are

13    fine with a response to the complaint being put on the back

14    burner until this is worked out, I'm fine with that.

15         I imagine there will be a lot of overlap.  There often

16    is in these types of cases between the response and a motion to

17    dismiss, if you are going to move to dismiss.

18         Certainly, we don't need to have more briefing than we

19    need to have.  So to the extent there is a document that covers

20    both, or incorporates arguments already made in another

21    document, that's fine, too.

22         All right.  Well, then, what we will do, I will look

23    for a notice from the plaintiffs, hopefully very early next

24    week, regarding the state attorney defendants.

25         Mr. Bell, your side needs to, obviously, get to work

1    on this.  I wouldn't count on having a July 14th deadline.

2             As I said, it won't be any earlier than the 22nd, but

3    certainly better to get to work on it than to wait.  I am sure

4    you are anyway.

5             All right.

6             MR. BELL:  Understood.

7             THE COURT:  All right.

8             Anything else from either side?

9             MR. TOOMEY:  Just one question, Your Honor.  On the

10   June 22nd date that you mentioned, is that because -- that

11   would -- so that would be two weeks from the filings and motion,

12   or is that the date that you felt was appropriate here?

13            THE COURT:  It's working backwards -- the latter.

14   It's working backwards from the 28th, which is the day I am

15   holding for the hearing.  And that would allow you all to file a

16   reply by, say, Sunday afternoon, or something like that.

17   Certainly don't need a week for a reply.  And everyone wants as

18   much time as possible.

19            But to answer your question, it was just to get the

20   minimal reasonable amount of time given the circumstances.

21            And the 14th -- the local rule provides 14 days.

22   That's the default.  But, you know, this is not an everyday

23   motion, and I certainly think it's reasonable to have a little

24   additional time.

25            MR. TOOMEY:  Understood, Your Honor.  Just wanted to

1   clarify if you were aiming for two weeks or not, so thank you.

2          THE COURT:  No.  And if -- no.

3          All right.  Okay.

4          Thank you all.  And, again, we will look for a notice

5   from you, Mr. Toomey.  And I will get an order out after that on

6   schedule, and we will move forward.  Hope everyone has a good

7   weekend.

8          Court is adjourned.

9          (Proceedings adjourned at 11:28 AM.)

10                        * * * * * * * *

11          I certify that the foregoing is a correct transcript
    from the record of proceedings in the above-entitled matter.
12  Any redaction of personal data identifiers pursuant to the
    Judicial Conference Policy on Privacy are noted within the
13  transcript.

14  /s/ Lisa C. Snyder                    6/23/2023

15  Lisa C. Snyder, RPR, CRR              Date
    Official U.S Court Reporter

16

17

18

19

20

21

22

23

24

25