IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

YIFAN SHEN, *et al.*,

    *Plaintiffs*,

v.

WILTON SIMPSON, *etc., et al.*,

    *Defendants*.

Case No. 4:23-cv-208-AW-MAF

## STIPULATION AND JOINT MOTION OF PLAINTIFFS AND DEFENDANT STATE ATTORNEYS FOR STAY

All Plaintiffs in this action and Defendant State Attorneys R.J. Larizza, Monique Worrell, and Katherine Fernandez Rundle, in their official capacities as the State Attorneys of their respective judicial circuits of the State of Florida, and on behalf of themselves, their offices, their successors in office, and all personnel acting on behalf of their respective offices ("Defendant State Attorneys") (together, the "Stipulating Parties") stipulate and jointly move for a stay of all deadlines for the Defendant State Attorneys, subject to the conditions set forth below. The other Defendants in this action—Wilton Simpson, Meredith Ivey, and Patricia Fitzgerald—do not oppose this Stipulation and Joint Motion for a Stay.

District courts have broad, discretionary authority to decide how to manage their dockets, including the ability to issue stays. *Johnson v. Bd. of Regents of*

- 1 -

*Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."); *Jolly v. Hoegh Autoliners Shipping AS*, 2021 WL 1822758 (M.D. Fla. Apr. 5, 2021); *see also Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

Here, a stay is reasonable and supported by good cause because it will simplify the issues in question, reduce the burden of litigation, and will not burden the other defendants. *See Chico v. Dunbar Armored, Inc.*, 2017 WL 4476334, at *2 (S.D. Fla. Oct. 6, 2017).

In light of the foregoing, the Stipulating Parties enter into the following stipulations and agreements, and make the following joint motion:

1. The Stipulating Parties hereby jointly move to stay all deadlines for the Defendant State Attorneys in this case, subject to the conditions herein. If such a stay is entered, Plaintiffs will not seek to lift the stay over the Defendant State Attorneys' objection, absent good cause.

2. The stay of all deadlines for the Defendant State Attorneys set forth in Paragraph 1 will be conditioned upon, and subject to the agreement of, each Stipulating Party as follows:

a. Each Defendant State Attorney, in their official capacity, agrees (on behalf of themselves, their offices, their successors in office, and all personnel acting on behalf of their respective offices) to the following:

   i. To comply with and be bound by the terms of any injunction, preliminary or permanent, that may be entered in this matter against Defendants Wilton Simpson, in his official capacity as Florida Commissioner of Agriculture, Meredith Ivey, in her official capacity as Acting Florida Secretary of Economic Opportunity, and/or Patricia Fitzgerald, in her official capacity as Chair of the Florida Real Estate Commission.

   ii. Not to enforce (or seek to enforce) an enjoined provision of SB 264 (2023)[1] during the time such an injunction is in place, or against conduct that was protected by such an injunction at the time that conduct occurred, even if such injunction was later vacated; and

   iii. That any judgment in this action declaring SB 264 unconstitutional will be binding on themselves, their respective offices, successors in office, and all personnel acting on behalf of their respective offices.

---

[1] Laws of Fla. ch. 2023-33, §§ 3-8, at 5-15 (CS for CS for SB 264) (to be codified at Fla. Stat. §§ 692.201-.205).

3. The Stipulating Parties agree that, upon Court approval of this agreement and joint motion, the Court may enforce this agreement as necessary and appropriate in the adjudication of this matter and in the enforcement of its orders or judgment entered in this matter.

4. The Stipulating Parties agree not to seek costs or fees against the other.

## CERTIFICATE OF CONFERRAL

Consistent with Local Rule 7.1(B), counsel for Plaintiffs conferred by telephone and email with counsel for the State Attorney Defendants. As discussed above, Plaintiffs and the State Attorney Defendants bring this motion jointly. In addition, counsel for Plaintiffs conferred by telephone with counsel for the other Defendants (Commissioner Simpson, Acting Secretary Ivey, and Chair Fitzgerald), who do not oppose this motion.

## LOCAL RULE 7.1(F) CERTIFICATE

This motion contains 833 words.

Dated: June 28, 2023

Respectfully submitted,

/s/ Ashley Gorski
Ashley Gorski

Arthur I. Jacobs

| | |
|---|---|
| American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>(212) 284-7305<br>agorski@aclu.org | Jacobs, Scholz & Wyler, LLC.<br>961687 Gateway Blvd., Suite 201-I<br>Fernandina Beach, FL 32034<br>(904) 261-3693<br>buddy@jswflorida.com |
| *Attorney for Plaintiffs* | *Attorney for Defendants* |

*Katherine Fernandez Rundle*
---
Katherine Fernandez Rundle
Florida State Attorney, 11th Circuit
1350 N.W. 12 Avenue
Miami, FL 33136
(305) 547-0100
katherinefernandezrundle@miamisao.com

*R.J. Larizza*
---
R. J. Larizza
Florida State Attorney, 7th Circuit
251 N. Ridgewood Avenue
Daytona Beach, FL 32114
(386) 239-7714
larizzar@sao7.org

*Monique H. Worrell*
---
Monique H. Worrell
Florida State Attorney, 9th Circuit
415 N Orange Ave
Orlando, FL 32801
407-836-2400
mhworrell@sao9.org

*Defendants*