## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

YIFAN SHEN, *et al.*,

       *Plaintiffs*,

  v.

WILTON SIMPSON, in his official
capacity as Commissioner of
Agriculture for the Florida Department
of Agriculture and Consumer Affairs, *et
al.*,

       *Defendants*.

Case No. 4:23-cv-208-AW-MAF

## PLAINTIFFS' EMERGENCY MOTION
## FOR INJUNCTION PENDING APPEAL

Pursuant to Federal Rule of Appellate Procedure 8(a)(1) and Local Rule 7.1, Plaintiffs respectfully move for this Court to issue an injunction pending appeal in this matter. Plaintiffs respectfully request a decision by Thursday, August 24, 2023. As explained in the following memorandum, Plaintiffs seek a ruling on an emergency basis because they are suffering and will suffer irreparable harm due to the law's effects. For the reasons set forth below, Plaintiffs request that the Court grant their motion and enjoin implementation and enforcement of SB 264's challenged provisions.

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL</u>

The Court is already familiar with the background and legal issues presented in this challenge to SB 264 (codified at Florida Statues §§ 692.201-.204). On August 17, 2023, the Court denied Plaintiffs' motion for a preliminary injunction, holding that Plaintiffs had not demonstrated a likelihood of success on any of their claims. *See* Order Den. Prelim. Inj., ECF No. 69 ("Order"). Plaintiffs are appealing that decision, and they intend to seek an injunction against the implementation and enforcement of SB 264 pending appeal from the Eleventh Circuit.

Under Federal Rule of Appellate Procedure 8(a)(1), a "party must ordinarily move first in the district court" before seeking "an order . . . granting an injunction while an appeal is pending" from the court of appeals. Plaintiffs recognize, however, that this Court is unlikely to grant such relief, given that the four-factor test governing Plaintiffs' entitlement to an injunction pending appeal is essentially the same test that this Court applied in denying Plaintiffs' motion for a preliminary injunction. *See Weng v. U.S. Att'y Gen.*, 287 F.3d 1335, 1339 n.6 (11th Cir. 2002), *abrogated on other grounds by Nken v. Holder*, 556 U.S. 418 (2009); *Kollenburn v. Cnty. of Clackamas*, No. 3:21-CV-00049-HZ, 2021 WL 1842148, at *2 (D. Or. Mar. 16, 2021). Because this Court has already assessed those factors, Plaintiffs respectfully request that it decide the instant motion by Thursday, August 24, so that Plaintiffs may expeditiously seek relief from the court of appeals.

Specifically, in determining whether to grant an injunction pending appeal, this Court should consider: (1) likelihood of success on the merits of the appeal; (2) irreparable injury; (3) substantial harm to other parties; and (4) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also State of Fla. v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1279 (11th Cir. 2021). Here, for reasons set out in Plaintiffs' preliminary injunction papers, Plaintiffs have not only made a strong showing of likelihood of success on the merits of their appeal, *see Nken v. Holder*, 556 U.S. 418, 434 (2009), but have also shown a substantial case on the merits and that the balance of equities weighs heavily in favor of granting relief pending appeal, *see League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1370 (11th Cir. 2022) (cleaned up).

With regard to the merits, Plaintiffs respectfully disagree with this Court's conclusions in numerous respects, and submit that they are likely to succeed on appeal. For example, SB 264 mandates egregious national origin discrimination against Chinese nationals seeking to purchase homes, in clear violation of the Equal Protection Clause and the Fair Housing Act. *See* Pls. Emergency Mot. for Prelim. Inj. 18–27, ECF No. 23 ("Pls. Br."); Pls. Reply in Supp. of Mot. for Prelim. Inj. 6–13, ECF No. 65 ("Pls. Reply"). In rejecting those claims, this Court concluded that "the challenged law is facially neutral as to . . . national origin." Order 18. That analysis allows the State to hide clear discrimination against Chinese people behind

a fig leaf. *See, e.g.*, *McWright v. Alexander*, 982 F.2d 222, 228 (7th Cir. 1992). It is not reasonably disputable that the overwhelming majority of people domiciled in China are of Chinese national origin, Pls. Reply 9,[1] and therefore that the Chinese-domicile provisions of this law bar only—or very nearly only—Chinese people from buying homes. *See Rice v. Cayetano*, 528 U.S. 495, 514, 516–17 (2000); *Resendiz v. Exxon Mobil Corp.*, 72 F.4th 623, 628–29 (4th Cir. 2023). Moreover, even if rational basis review applied to Plaintiffs' equal protection claim, SB 264 still fails. The State has provided no justification for prohibiting Plaintiffs and similarly situated individuals who live in Florida from purchasing homes—let alone a justification for treating these Florida residents more severely than people domiciled in other "countries of concern." *See, e.g.*, U.S. Statement of Interest 13–14, 20, ECF No. 54 (SB 264 does not serve any public safety purpose).

Likewise, as Plaintiffs previously explained, SB 264 is unconstitutionally vague. Pls. Br. 28–36; Pls. Reply 14–16. For example, while the Court held that "domicile" is not vague in the context of this statute because it "has a settled meaning in Florida case law," Order 40, the Court also rejected the State's argument that "none [of the Plaintiffs] is domiciled in China" based on the State's understanding of that word, *id*. at 10. The State's own confusion over the meaning of this term is

---

[1] United Nations Statistics Division, UNData, China, Social Indicators Concerning "International migrant stock," https://data.un.org/en/iso/cn.html (0.1% of China's population consists of immigrants to China).

further evidence that the statute is too vague to put people of ordinary intelligence on notice of who is subject to its prohibitions—and far too vague to subject individuals to the extraordinary prospect of criminal punishment based on strict liability. *See High Ol' Times, Inc. v. Busbee*, 673 F.2d 1225, 1228–29 (11th Cir. 1982) (cleaned up); *Fla. Action Comm., Inc. v. Seminole Cnty.*, 212 F. Supp. 3d 1213, 1225 (M.D. Fla. 2016).

SB 264 is also preempted by the CFIUS regime. Pls. Br. 37–47; Pls. Reply 16–21. The Court deemed that issue "closer" than the others, which points toward Plaintiffs' likelihood of obtaining reversal on appeal. Order 41. The Court nevertheless upheld SB 264 primarily because "the thrust of the federal regime is not to exert diplomatic pressure on foreign nations." Order 48. But CFIUS sits at the intersection of *national* security and foreign policy—areas of clear federal predominance. *See Ralls Corp. v. Comm. on Foreign Inv. in the U.S.*, 758 F.3d 296, 313–14 (D.C. Cir. 2014); *Arizona v. United States*, 567 U.S. 387, 395 (2012). And SB 264 has "select[ed] by name a foreign country on which it ha[s] declared, in effect, some kind of economic war," *Odebrecht Const., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1287 (11th Cir. 2013), to address what it perceives as "threats posed by hostile foreign nations." Defs. Mem. in Opp'n to Pls. Mot. for Prelim. Inj. 24, ECF No. 60. Indeed, the Chinese Embassy has issued statements criticizing the law for politicizing trade and investment issues and fueling Asian

hatred in the United States.[2] As to the Court's conclusion that real estate is only part "of the broader CFIUS regime," Order 49, that is no justification for Florida to unilaterally reject and undo the balance Congress carefully struck as to real estate—particularly its careful exemption of single housing units, *id*. at 46.

As to the equities, Plaintiffs have previously demonstrated that an injunction is necessary to protect them from irreparable injury and is in the public interest. Pls. Br. 48–52; Pls. Reply 22–23. This Court did not address the equitable factors, but held that "[t]he individual Plaintiffs have shown they likely face a substantial risk of future harm." Order 8. Among the other harms, Plaintiff Xu is scheduled to close on a residential property next month and will be forced to cancel the contract absent relief. *See* First Am. Compl. ¶ 69, ECF No. 17. Plaintiff Multi-Choice Realty is already losing customers and suffering damage to its goodwill—harms explicitly recognized as irreparable injury by the Eleventh Circuit. *See* Song Decl. ¶ 15, ECF No. 21-6; *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 970 (11th Cir. 2005). The Eleventh Circuit has also recognized that "irreparable injury may be presumed from the fact of discrimination and violations of fair housing statutes." *Gresham v. Windrush Partners, Ltd.*, 730 F.2d 1417, 1423 (11th Cir. 1984). More broadly, this law is wreaking havoc for Chinese

---

[2] *See, e.g.*, Rachel Hatzipanagos, *Laws Banning Chinese from Buying Property Dredge Up Old History*, Wash. Post, Aug. 21, 2023, https://www.washingtonpost.com/nation/2023/08/18/florida-chinese-land-laws.

people throughout the state, with lenders reporting that they are cutting off business with all Chinese citizens in Florida. *See* Exs. 1–2 to Supp. Song Decl., ECF No. 65-1.

## CONCLUSION

For the foregoing reasons, this Court should issue an injunction against the challenged provisions of SB 264 pursuant to Federal Rule of Appellate Procedure 8(a)(1).

## LOCAL RULE 7.1(F) CERTIFICATION

This memorandum contains 1371 words.

## LOCAL RULE 7.1(C) CERTIFICATE OF CONFERRAL

Counsel for Plaintiffs conferred with counsel for Defendants, who oppose the relief requested by this motion.

Respectfully submitted this 21st day of August, 2023,

*/s/ Ashley Gorski*

Ashley Gorski*
Patrick Toomey*
Sarah Taitz*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
agorski@aclu.org
ptoomey@aclu.org
staitz@aclu.org

Keliang (Clay) Zhu*
**DEHENG LAW OFFICES PC**
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
(925) 399-5856
czhu@dehengsv.com

Derek L. Shaffer*
Haiyan Tang*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, 9th Floor

Cody Wofsy*
**AMERICAN CIVIL LIBERTIES**
**UNION FOUNDATION**
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0770
Email: cwofsy@aclu.org

Daniel B. Tilley (FBN 102882)
**ACLU FOUNDATION OF FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2707
dtilley@aclufl.org

Nicholas L.V. Warren (FBN 1019018)
**ACLU FOUNDATION OF FLORIDA**
336 East College Avenue, Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Washington, D.C. 20005
(202) 538-8000
derekshaffer@quinnemanuel.com
haiyantang@quinnemanuel.com

Bethany Y. Li*
Elizabeth Koo*
Razeen Zaman*
**ASIAN AMERICAN LEGAL**
**DEFENSE AND EDUCATION FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932
bli@aaldef.org
ekoo@aaldef.org
rzaman@aaldef.org

*Attorneys for Plaintiffs*

*\* Admitted pro hac vice*